UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| WAGNER JACINTO AND<br>CESILIA RODRIGUEZ | :<br>:<br>: |
| Plaintiffs, | :<br>: |
| vs. | :   C.A. No.<br>: |
| WILMINGTON TRUST COMPANY AS<br>SUCCESSOR TRUSTEE FOR THE BENEFIT<br>OF THE CERTIFICATE HOLDERS OF<br>POPLAR ABS, INC MORTGAGE<br>PASS-THROUGH CERTIFICATES SERIES<br>2005-C, PHH MORTGAGE CORPORATION | :<br>:<br>:<br>:<br>:<br>:<br>: |
| Defendants. | : |

## DEFENDANTS' NOTICE OF REMOVAL

Pursuant to 28 U.SC. §§ 1441, et seq., defendants PHH Mortgage Corporation ("PHH") and Wilmington Trust Company as successor trustee to The Bank of New York as successor trustee for JPMorgan Chase Bank, N.A., as Trustee for the benefit of the Certificateholders of Popular ABS, Inc. Mortgage Pass-Through Certificates Series 2005-C[1] ("Wilmington") (collectively "Defendants"), by and through their undersigned counsel, for the purpose of removing this case to the United States District Court for the District of Rhode Island, respectfully state:

1. **State Court Action.**   Plaintiffs, Wagner Jacinto and Cesilia Rodriguez ("Plaintiffs"), filed a *Complaint* ("*Complaint*") against Defendants on August 27, 2020, in the Superior Court of the State of Rhode Island, Providence County, being Case No. PC-2020-6066, on the docket of said Court. *See* **Exhibit A**.

---

[1] Improperly pleaded as Wilmington Trust Company as successor trustee for the benefit of the Certificateholders of Poplar ABS, Inc Mortgage Pass-Through Certificates Series 2005-C.

83522469v.1

**2.**     **Federal Jurisdiction.**  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states, and the amount in controversy exceeds $75,000, as set forth in the following subparts.

## DIVERSITY

a.     As a basis for removal, this Action is within the original jurisdiction of the District Court under 28 U.S.C. § 1332, which provides in part that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…citizens of different States."  28 U.S.C. § 1332(a)(1).

b.     Plaintiffs have alleged that they are citizens of the State of Rhode Island. *See Compl.* ¶ 1; 28 U.S.C. § 1332(2).

c.     At the time Plaintiffs filed the *Complaint* and up through the date of removal, PHH is a corporation, which is considered to be a citizen both of its state of incorporation and of its principal place of business.  28 U.S.C. § 1332(c)(1); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 88-89 (2005).  PHH was incorporated in New Jersey and has its principal place of business in New Jersey.  Therefore, PHH is a citizen of New Jersey for diversity purposes.

d.     Defendant Wilmington is sued in this matter in its capacity as trustee for the benefit of the Certificateholders of Popular ABS, Inc. Mortgage Pass-Through Certificates Series 2005-C.  When determining the citizenship of the real parties in interest for purposes of diversity of jurisdiction, it is the citizenship of the trustee that controls.  *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980).  Wilmington is a corporation, which is considered to be a citizen both of its state of incorporation and of its

principal place of business. 28 U.S.C. § 1332(c)(1); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 88-89 (2005). Wilmington was incorporated in Delaware and has its principal place of business in Delaware. Therefore, Wilmington is a citizen of Delaware for diversity purposes.

e. Accordingly, Plaintiffs and Defendants are completely diverse. 28 U.S.C. §§ 1332(a)(1); 1441(b).

**AMOUNT IN CONTROVERSY**

f. In the state court action, Plaintiffs seek to void the foreclosure and foreclosure sale of real property located at 53 Wetmore Street, Central Falls, Rhode Island 02863 (the "Property").

g. On July 25, 2005, the Plaintiffs granted a mortgage on the Property in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Popular Financial Services, LLC ("Popular") in the original amount of $255,000.00 (the "*Mortgage*"). The *Mortgage* was recorded with the Town of Central Falls Land Evidence Records ("Land Records") on July 27, 2005 in Book 620 at Page 150. *See Compl.* ¶ 2. A copy of the *Mortgage* is attached hereto as **Exhibit B**.

h. Plaintiffs executed a promissory note in the principal amount of $225,000.00 in favor of Popular to evidence a loan of even amount on July 22, 2005. *See Compl.* ¶ 3.

i. MERS as nominee for Popular assigned the *Mortgage* to The Bank of New York as Trustee for Equity One Inc. Mortgage/pass through certificate series # Series 2005-C ("*First Assignment*") by assignment recorded on August 25, 2008, in the

Land Records in Book 742 at Page 277. A copy of the *First Assignment* is attached hereto as **Exhibit C**.

j. The Bank of New York Mellon F/KA The Bank of New York as Trustee for Equity One Inc. Mortgage Pass-Through certificate series # Series 2005-C assigned the *Mortgage* to The Bank of New York Mellon F/K/A The Bank of New York as Successor Trustee for JPMorgan Chase Bank, N.A., as Trustee for the benefit of the Certificateholders of Popular ABS, Inc. Mortgage Pass-Through Certificates Series 2005-C (*Second Assignment"*) by assignment recorded on December 27, 2012, in the Land Records in Book 824 at Page 70. A copy of the *Second Assignment* is attached hereto as **Exhibit D**.

k. The Bank of New York Mellon F/K/A The Bank of New York as Successor Trustee for JPMorgan Chase Bank, N.A., as Trustee for the benefit of the Certificateholders of Popular ABS, Inc. Mortgage Pass-Through Certificates Series Series 2005-C assigned the *Mortgage* to Wilmington Trust Company as successor trustee to The Bank of New York as successor trustee for JPMorgan Chase Bank, N.A., as Trustee for the benefit of the Certificateholders of Popular ABS, Inc. Mortgage Pass-Through Certificates Series 2005-C ("*Corporate Assignment"*) by assignment recorded on February 6, 2020, in the Land Records in Book 970, Page 322. A copy of the *Corporate Assignment* is attached hereto as **Exhibit E.**

l. The amount in controversy exceeds $75,000.00 in that the Plaintiffs, as owners of the Property, seek, *inter alia*, relief from foreclosure, preventing Defendants from foreclosing on the *Mortgage* and from pursuing further action against Property.

m. The most recent Property Record available on the Town of Central Falls, Rhode Island's website for the Property reflects that the Property has an assessed value of $177,900.00. A copy of the Property Record Card is attached hereto as **Exhibit F**. 28 U.S.C. § 1332(a).

3. **Proper Venue.** This Court is the proper district court for removal because the Providence County Superior Court is located within the United States District Court for the District of Rhode Island.

4. **Timeliness of Removal Petition.** Defendants could not have received service of process in this matter earlier than August 27, 2020, which is the date that the *Complaint* was filed in Providence Superior Court. See **Exhibit A** attached hereto. Because it is within 30 days of the filing of the *Complaint*, removal of this action is therefore timely under 28 U.S.C. § 1446(b).

5. **Compliance.** Defendants will promptly file a copy of this Notice of Removal with the Clerk of the Superior Court for Providence County, where this action is pending and will serve such notice on Plaintiffs in compliance with 28 U.S.C. §1446(d). Certified copies of the entries in the Superior Court docket will be filed in connection with Defendants' *Local Rule* 81.1(c) submission.

6. **Relief Requested.** Defendants respectfully request that the United States District Court for the District of Rhode Island accept this Notice of Removal, and that it assume jurisdiction of this cause of action and issue such further orders and processes as may be necessary to bring before it all parties necessary for the trial hereof.

Respectfully submitted,

DEFENDANTS,

By their Attorneys,

/s/ Joseph A. Farside, Jr.
Joseph A. Farside, Jr. (#7559)
Krystle G. Tadesse (#7944)
Jeffrey C. Ankrom (#7663)
LOCKE LORD LLP
2800 Financial Plaza
Providence, RI 02903-2499
401.274.9200
401.276.6611 (fax)
joseph.farside@lockelord.com
krystle.tadesse@lockelord.com
jeffrey.ankrom@lockelord.com

Date: September 4, 2020

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 4th day of September, 2020, this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be mailed to those indicated as non-registered participants.

/s/ Joseph A. Farside, Jr.

83522469v.1