## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| WAGNER JACINTO AND CESILIA RODRIGUEZ | : <br> : |
| Plaintiffs, | : <br> : |
| vs. | :     C.A. No. 1:20-cv-00384 <br> : |
| WILMINGTON TRUST COMPANY AS SUCCESSOR TRUSTEE FOR THE BENEFIT OF THE CERTIFICATE HOLDERS OF POPLAR ABS, INC MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-C, PHH MORTGAGE CORPORATION | : <br> : <br> : <br> : <br> : <br> : |
| Defendants. | : <br> : |

## ANSWER

Defendants PHH Mortgage Corporation ("PHH") and Wilmington Trust Company as successor trustee to The Bank of New York as successor trustee for JPMorgan Chase Bank, N.A., as Trustee for the benefit of the Certificateholders of Popular ABS, Inc. Mortgage Pass-Through Certificates Series 2005-C[1] ("Wilmington") (collectively "Defendants") answer the Complaint filed on August 27, 2020 in the Superior Court of Rhode Island by Plaintiffs Wagner Jacinto and Cesilia Rodrigues ("Plaintiffs") and assert their affirmative defenses as follows:

## COUNT I

1.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and accordingly deny the same and leave Plaintiffs to their proof.

---

[1] Improperly pleaded as Wilmington Trust Company as successor trustee for the benefit of the Certificateholders of Poplar ABS, Inc Mortgage Pass-Through Certificates Series 2005-C.

1

2. This paragraph references a document the terms of which speak for themselves. Defendants deny the allegations to the extent that they are "alleged" or vary from the terms of the document.

3. This paragraph references a document the terms of which speak for themselves. Defendants deny the allegations to the extent that they are "alleged" or vary from the terms of the document.

4. Defendants deny that Plaintiffs entered into a loan modification agreement on or about December 11, 2014. Defendants admit that Ocwen Loan Servicing, LLC was the loan servicer on or about December 11, 2014, and admit that Wilmington Trust Company is the successor trustee for the benefit of the certificateholders of Popular ABS, Inc. Mortgage Pass-Through Certificates Series 2005-3.

5. This paragraph references a document the terms of which speak for themselves. Defendants deny the allegations to the extent that they are "alleged" or vary from the terms of the document.

6. This paragraph references a document the terms of which speak for themselves. Defendants deny the allegations to the extent that they are "alleged" or vary from the terms of the document.

7. Defendants deny that Plaintiffs entered into a loan modification agreement on or about December 11, 2014. Defendants admit that the document attached to the Complaint as Exhibit C was not entered on Ocwen Loan Servicing, LLC's electronic system.

8. Defendants admit that a modification offer was made to Plaintiffs in or about January 2016.

9. Defendants deny that "Plaintiffs accepted this modification offer and agreed to this contract." To the extent that this paragraph references a document, the terms of that document speak for themselves. Defendants deny the allegations to the extent that they are "alleged" or vary from the terms of the document.

10. Defendants deny the allegations of paragraph 10.

11. Defendants deny the allegations of paragraph 11.

12. Defendants admit the first sentence of paragraph 12, but deny the remaining allegations.

13. This paragraph references a document the terms of which speak for themselves. Defendants deny the allegations to the extent that they are "alleged" or vary from the terms of the document.

14. This paragraph references a document, the terms of which speak for themselves. Defendants deny the allegations to the extent that they are "alleged" or vary from the terms of the document. Defendants specifically deny that the check referenced in paragraph 14 was cashed by Ocwen.

15. The Complaint does not appear to have a paragraph numbered 15.

16. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and accordingly deny the same and leave Plaintiffs to their proof.

17. This paragraph references documents the terms of which speak for themselves. Defendants deny the allegations to the extent that they are "alleged" or vary from the terms of the documents.

90992879v.2

18. This paragraph references documents the terms of which speak for themselves. Defendants deny the allegations to the extent that they are "alleged" or vary from the terms of the documents.

19. This paragraph references a document, the terms of which speak for themselves. Defendants deny the allegations to the extent that they are "alleged" or vary from the terms of the document. Defendants specifically deny that the check referenced in paragraph 19 was cashed by Ocwen.

20. Defendants deny that Plaintiffs entered into the 2016 modification.

21. Defendants deny that Plaintiffs entered into the 2016 modification.

22. Defendants deny that Plaintiffs entered into the 2016 modification. Defendants deny that the payments were improperly applied.

23. Admitted.

24. This paragraph references a document the terms of which speak for themselves. Defendants deny the allegations to the extent that they are "alleged" or vary from the terms of the document.

25. This paragraph references a document the terms of which speak for themselves. Defendants deny the allegations to the extent that they are "alleged" or vary from the terms of the document.

26. Admitted.

27. Defendants deny that Plaintiffs entered into the 2016 modification. Defendants deny that the payments were improperly applied.

28. Denied.

29. Denied.

30. Admitted.

31. This paragraph contains a legal assertion to which no response is required. To the extent a response is required, the paragraph is denied.

32. Denied.

33. Defendants lack sufficient information to form a belief as to the allegations of paragraph 33 and therefore leave the Plaintiffs to their proofs. To the extent a response is required, Defendants deny the allegations of paragraph 33.

34. This paragraph contains a legal assertion to which no response is required. To the extent a response is required, the paragraph is denied.

35. Denied.

36. Denied.

37. This paragraph references a document the terms of which speak for themselves. Defendants deny the allegations to the extent that they are "alleged" or vary from the terms of the document. This paragraph contains a legal assertion to which no response is required. To the extent a response is required, the paragraph is denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. This paragraph references a document the terms of which speak for themselves. Defendants deny the allegations to the extent that they are "alleged" or vary from the terms of the document. To the extent a response is required, denied.

48. This paragraph references a document the terms of which speak for themselves. Defendants deny the allegations to the extent that they are "alleged" or vary from the terms of the document. To the extent a response is required, denied.

49. Defendants admit that they previously mailed Plaintiffs Notices of Sale pursuant to *R.I. Gen. Laws* § 34-27-4, but deny the remaining allegations contained in the paragraph.

50. This paragraph references a document the terms of which speak for themselves. Defendants deny the allegations to the extent that they are "alleged" or vary from the terms of the document. To the extent a response is required, denied. To the extent a response is required, denied.

51. Denied.

## COUNT I (*sic*)

### BREACH OF CONTRACT AND BREACH OF THE COVENANT OF GOOD FAITH AND DEALING FOR SEEKING TO EXERCISE THE STATUTORY POWER OF SALE WITHOUT CONTRACTUAL OR STATUTORY AUTHORITY

54. Defendants incorporate by reference each of its responses to Paragraphs 1-53 of the Complaint.[2]

55. Denied.

56. Denied.

---

[2] The Complaint does not contain paragraphs 15, 52 or 53.

90992879v.2

57. The allegations of this paragraph contain legal conclusions to which no response is required. To the extent a response is required, denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and accordingly deny the same and leave Plaintiffs to their proof.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

To the extent a response is required to the WHEREFORE clause including subparts a and b following paragraph 68, Defendants deny that Plaintiffs are entitled to any of the relief or damages sought in the Complaint.

90992879v.2

## COUNT II (sic)

### BREACH OF CONTRACT AND BREACH OF THE COVENANT OF GOOD FAITH AND DEALING FOR NOT BOARDING AND COMPLYING THE 2016 LOAN MODIFICATION EXECUTED BY OCWEN

69. Defendants incorporate by reference each of its responses to Paragraphs 1-68 of the Complaint.[3]

70. Defendants deny that Plaintiffs entered into the 2016 modification.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

To the extent a response is required to the WHEREFORE clause including subparts a and b following paragraph 78, Defendants deny that Plaintiffs are entitled to any of the relief or damages sought in the Complaint.

## COUNT III (*sic*)

### INJUNCTIVE RELIEF

79. Defendants incorporate by reference each of its responses to Paragraphs 1-78 of the Complaint.[4]

---

[3] The Complaint does not contain paragraphs 15, 52 or 53.
[4] The Complaint does not contain paragraphs 15, 52 or 53.

90992879v.2

80. Paragraph 80 is moot as the foreclosure sale scheduled for September 9, 2020 did not go forward.

81. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and accordingly deny the same and leave Plaintiff to their proof.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and accordingly deny the same and leave Plaintiffs to their proof.

To the extent a response is required to the WHEREFORE clause including subparts a,b and c following paragraph 86, Defendants deny that Plaintiffs are entitled to any of the relief or damages sought in the Complaint.

## COUNT IV (*sic*)

**VIOLATION OF THE RHODE ISLAND FAIR DEBT COLLECTION PRACTICES ACT**

87. Defendants incorporate by reference each of its responses to Paragraphs 1-86 of the Complaint.[5]

88. Denied.

89. The allegations of this paragraph contain legal conclusions to which no response is required. To the extent a response is required, denied.

---

[5] The Complaint does not contain paragraphs 15, 52 or 53.

9

90992879v.2

90. PHH admits that it is holds a third party loan servicer license, but denies the remaining allegations of paragraph 90.

91. Denied.

92. The allegations of this paragraph contain legal conclusions to which no response is required. To the extent a response is required, denied.

93. Denied.

94. Denied.

94. [*sic*] Defendants deny the allegations of the second paragraph numbered 94.

95. Denied.

96. Denied.

97. Defendants admit that PHH retained Orlans as Defendants' foreclosure attorney. The remaining allegations of paragraph 97 are denied.

98. Denied, including subparts a and b.

99. Denied.

100. Denied.

100. [*sic*] Defendants deny the allegations of the second paragraph numbered 100, including subparts f, 1, 2 and 3.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

105. Denied.

106. Denied, including subparts a, b, c, d, e, f, g and h.

107. Denied.

To the extent a response is required to the WHEREFORE clause including subparts a, b and c following paragraph 107, Defendants deny that Plaintiffs are entitled to any of the relief or damages sought in the Complaint.

## AFFIRMATIVE DEFENSES

Defendants set forth the following affirmative defenses and reserve the right to raise additional affirmative defenses that may become apparent during the course of discovery:

### First Affirmative Defense

Each count of the *Complaint* against Defendants fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

The asserted claims are barred, in whole or in part, by the doctrines of waiver, estoppel, consent, and ratification.

### Third Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs failed to mitigate, minimize, or avoid any damages sustained in connection with the underlying claims.

### Fourth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

### Fifth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

### Sixth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the parol evidence rule to the extent that Plaintiffs seek to "alter, modify or contradict" the terms of the parties' written agreements.

### Seventh Affirmative Defense

The obligations of Defendants, if any obligations exist, are defined, limited, and controlled by the mortgage document, including the terms and conditions thereof.

### Eighth Affirmative Defense

Plaintiffs have unclean hands in that the alleged circumstances arise from their own misconduct, fraud, or other malfeasance.

### Ninth Affirmative Defense

Defendants complied with all contractual terms applicable to it as regards Plaintiffs.

### Tenth Affirmative Defense

Plaintiffs are in material breach of the relevant agreements.

### Eleventh Affirmative Defense

Plaintiffs breached or caused to be breached the underlying mortgage.

### Twelfth Affirmative Defense

Subsequent events have rendered the Plaintiffs' claims moot or not ripe for adjudication.

### Thirteenth Affirmative Defense

The Plaintiffs' damages, if any, are the result of the Plaintiffs' own actions, failures and/or breaches.

### Fourteenth Affirmative Defense

The Plaintiffs may not have or recover judgment because the purported damages are merely speculative and/or represent litigation costs, and Plaintiffs has not suffered any damages.

### Fifteenth Affirmative Defense

Defendants reserve the right to assert such further Affirmative Defenses, the existence of which may become known during discovery, trial or otherwise.

WHEREFORE, the Complaint should be dismissed in its entirety with prejudice, Defendants should be awarded their attorneys' fees and costs in defending this action as allowed by law, and the Court should grant Defendants such other relief as it deems just and proper.

>
> Respectfully submitted,
>
> DEFENDANTS,
>
> By Their Attorneys,
>
> /s/ *Krystle G. Tadesse*
> Joseph A. Farside, Jr. (#7559)
> Krystle G. Tadesse (#7944)
> Jeffrey C. Ankrom (#7663)
> LOCKE LORD LLP
> 2800 Financial Plaza
> Providence, RI 02903-2499
> 401.274.9200
> 401.276.6611 (fax)
> joseph.farside@lockelord.com
> krystle.tadesse@lockelord.com
> jeffrey.ankrom@lockelord.com

Date: December 23, 2020

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 23rd day of December, 2020, this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be mailed to those indicated as non-registered participants.

> /s/ *Krystle G. Tadesse*

90992879v.2