UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| WAGNER JACINTO AND CESILIA RODRIGUEZ | : <br> : |
| Plaintiffs, | : <br> : |
| vs. | :     C.A. No. 1:20-cv-00384 <br> : |
| WILMINGTON TRUST COMPANY AS SUCCESSOR TRUSTEE FOR THE BENEFIT OF THE CERTIFICATE HOLDERS OF POPLAR ABS, INC MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-C, PHH MORTGAGE CORPORATION | : <br> : <br> : <br> : <br> : <br> : |
| Defendants. | : |

**DEFENDANTS' OBJECTION TO
PLAINTIFFS' MOTION FOR EXTENSION OF TIME**

Defendants PHH Mortgage Corporation ("PHH") and Wilmington Trust Company as successor trustee to The Bank of New York as successor trustee for JPMorgan Chase Bank, N.A., as Trustee for the benefit of the Certificateholders of Popular ABS, Inc. Mortgage Pass-Through Certificates Series 2005-C ("Wilmington") (collectively "Defendants") object to the motion for extension of time filed by Plaintiffs Wagner Jacinto and Cesilia Rodriguez ("Plaintiffs") because it lacks any good cause for the extension.

Defendants propounded Interrogatories and Requests for Production of Documents on Plaintiffs over four months ago, on June 23, 2021. On July 26, 2021, by a joint motion, Plaintiffs requested an extension to respond on or before August 23, 2021, in addition to an extension of the discovery deadlines. *See* ECF No. 15. The Court granted that joint motion by text order on August 2, 2021. However, the response date of August 23, 2021 passed without any response from Plaintiffs.

1

On September 3, 2021, Defendants' counsel sent a letter to bring Plaintiffs' failure to comply with discovery to the Court's attention. In response, on that same day, Plaintiffs' counsel requested from Defendants' counsel an additional two weeks to respond to the discovery requests. After three weeks passed with no response, Defendants filed a Motion to Compel on September 24, 2021, seeking an order for Plaintiffs to provide responses to Defendants' discovery requests within fourteen days. *See* ECF No. 16. This Court granted the Motion to Compel by text order on September 28, 2021, making the responses due on October 12, 2021.

On October 12, 2021, the date that the responses were due, Plaintiffs filed a motion requesting an additional two weeks of time to complete the discovery responses. *See* ECF No. 17. Defendants did not oppose the motion, which the Court granted by text order on October 14, 2021. On October 26, 2021, the extended due date for the discovery responses, Plaintiffs sought yet another extension because Plaintiff counsel's assistant "has been working remote and could not appear in the office for the past week." The motion also stated that Plaintiff counsel had "just became aware that there has been a Truth in Lending Notice Change of Ownership of the mortgage loan." The motion was devoid of any explanation about why the aforementioned notice would have prevented Plaintiffs from responding to discovery and supplementing responses at a later date. Over Defendants' objection, the Court granted the extension on October 27, 2021.

Now, on the date that the discovery responses are due following numerous extensions of time, Plaintiffs yet again seek more time, but present no good cause to support their request. Plaintiffs recycle the same reasons for their requested extension from their last motion – Plaintiff counsel's assistant is working remote and Plaintiff counsel "just" learned of a change of ownership of the loan. The latest request does include two new excuses for Plaintiffs inability to complete discovery by November 2:

2

1. Plaintiff counsel was ordered on October 29, 2021, to file an opposition to a motion for summary judgment on November 1, 2021. Notably that opposition was already six weeks overdue and followed the court's denial of Plaintiff counsel's late request for a Rule 56(f) continuance in a five-year-old case in which he never conducted ***any* discovery**.

2. Plaintiff filed a motion for summary judgment on November 1, 2021, in *Fitch et al. v. Fed. Hous. Fin. Agency et al.*, 1:18-cv-00214-JJM-PAS. In that matter, the dispositive motion deadline was scheduled for August 31, 2021. The parties jointly requested an extension through November 1, 2021, which motion was granted on September 1, 2021. Plaintiff counsel has been well aware for two months that dispositive motion deadline was November 1, and he was certainly aware of that deadline when he requested an additional week for this discovery last Tuesday.

There is no basis to allow Plaintiffs continued delay of this matter. Plaintiffs' motion should be denied, the Plaintiffs should be deemed in contempt of Court for violating this Court's orders of September 28 and October 14, 2021, and a default judgment be entered against them, pursuant to *Fed. R. Civ. P.* 37(b)(2)(A). Additionally, or in the alternative, Defendants also seek reimbursement for their attorneys' fees incurred for the Motion to Compel, the October 26, 2021, objection and this objection pursuant to *Fed. R. Civ. P.* 37(b)(2)(C).

WHEREFORE, Defendants respectfully request the Court deny the Plaintiffs' motion and enter appropriate orders pursuant to *Fed. R. Civ. P.* 37(b)(2).

Respectfully submitted,

PHH MORTGAGE CORPORATION AND WILMINGTON TRUST COMPANY AS SUCCESSOR TRUSTEE TO THE BANK OF NEW YORK AS SUCCESSOR TRUSTEE FOR JPMORGAN CHASE BANK, N.A., AS TRUSTEE FOR THE BENEFIT OF THE CERTIFICATEHOLDERS OF POPULAR ABS, INC. MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-C
By Their Attorneys,

*/s/ Krystle G. Tadesse*
Joseph A. Farside, Jr., Esq. (#7559)
Krystle G. Tadesse, Esq. (#7944)
Jeffrey C. Ankrom, Esq (#7663)
LOCKE LORD LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (fax)
joseph.farside@lockelord.com
krystle.tadesse@lockelord.com
jeffrey.ankrom@lockelord.com

Dated:  November 3, 2021

## CERTIFICATE OF SERVICE

      I, the undersigned, hereby certify that on the 3rd day of November, 2021 this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be mailed to those indicated as non-registered participants.

                                                */s/ Krystle G. Tadesse*
                                                Krystle G. Tadesse