UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

WAGNER JACINTO AND
CESILIA RODRIGUEZ

      VS                                  20-CV-384-MSM-PAS

WILMINGTON TRUST COMPANY  AS
SUCCESSOR TRUSTEE FOR THE BENEFIT
OF THE CERTIFICATE HOLDERS OF
POPLAR ABS, INC MORTGAGE
PASS-THROUGH CERTIFICATES SERIES 2005-C,
PHH MORTGAGE   CORPORATION


<u>MOTION TO AMEND SCHEDULING ORDER</u>


      Plaintiffs, by their attorney, move to Amend the Scheduling Order in this by

extending discovery for an additional sixty days.  Wilmington Trust Company, the

primary defendant in this case is no longer the mortgagee based on an assignment

recorded in the Land Evidence Records of the Town of Central Falls. The named

mortgagee by virtue of that assignment of mortgage is US Bank National

Association as Trustee for NRZ Pass-Through Trust XI. As a result, the Plaintiff's

complaint must be amended. In addition, Plaintiffs has requested that the

Defendants' attorney provide the original promissory note for inspection. However

there has been no response in regard to this request and Plaintiffs are filing today a

Motion to Compel which will not be heard within the time of the current discovery

1

schedule. Plaintiffs have an expert witness, who will travel to Rhode Island to examine the promissory note to determine if it is authentic.

Another reason for extending discovery for all parties is that the Plaintiffs will serve a Subpoena duces tecum on the Keeper of the Records of Hinshaw Culbertson, LLP, which forwarded and received the loan modification documents to and from Ocwen Loan Servicing, LLC and transmitted certain payments made by the Plaintiffs to Ocwen in 2014 through 2016. A records deposition of the records of the transmittal of those documents and payments will be scheduled which must thus be extended beyond the current scheduling deadline.

Plaintiffs have also requested that PHH provide dates for a FRCP 30(b)(6) deposition, which has not yet been responded to by Defendants. They today are serving PHH Mortgage with a subpoena duces tecum for records, which deposition is scheduled for January 30, 2021.  They are also preparing a Subpoena for Rhode Island Housing regarding authentication of documents sent to it and processed by it regarding a purported mediation notice from Ocwen Loan Servicing.

A very basic reason for amending the scheduling Order for all parties is that the Plaintiffs must file an Amended Complaint to add US Bank as Trustee. Otherwise the Plaintiffs will have to file a separate action, which would constitute duplicate litigation, which would not be appropriate given the fact that the current litigation against Wilmington is solely for damages and no longer includes any

claim for injunctive relief. As a result, the current status of the pleadings results in

this Court lacking jurisdiction due to the case being removed solely on the basis of

diversity jurisdiction. The case consists of four counts which seek the following

relief:

Count I is a claim against Wilmington which seeks:

a. Actual damages and punitive damages against Wilmington for failure

to comply with the terms of the mortgage and for legal fees and actual

damages arising from the breach of contract and for failure to comply with

the terms of the mortgage and R.I.G.L 34-27-4, R.I.G.L. 34-27-32 and

R.I.G.L 34—27-3.1.

This claim does not in any manner establish diversity jurisdiction as the damages

for a wrongful foreclosure is less than $75,000.00.

Likewise, Count II sought damages against Wilmington alleging the

following damages:

a. Actual damages and punitive damages against Wilmington for failure
to comply with the terms of the mortgage and for legal fees and actual
damages arising from the breach of contract and for failure to comply with
the terms of the modified mortgage.

Since Wilmington no longer claims to own the note and the mortgage, there is no

diversity in regard to  this count.

Count III was for injunctive relief requesting the following relief:

3

a. Declare that all actions of Wilmington in attempting to foreclose on
the Plaintiffs' property, without complying with the provisions 0f R.I.G.L. § 34—
27-4, R.I.G.L. § 34-27—31, R.I.G.L. § 34-27-32, and the terms of  the mortgage
and note as modified are void.

b. Grant a Preliminary Injunction and Permanent Injunction Restraining
and Enjoining Defendants and any other entity acting on their behalf from taking
any action to conduct a foreclosure sale at 53 Wetmore Street, Central Falls,
Rhode Island or from advertising a foreclosure sale or adjourning 0r continuing a
sale.

Since Wilmington is no longer a party in interest this relief cannot be granted.

Furthermore as per Judge Smith's order remanding the case in *Walker v. Bank of*

*New York,*19-cv-310, the injunctive relief sought merely required Wilmington to

foreclose only after complying with R.I.G.L. 34-27.3.2, 34-27-3.1 and the terms of

the note and the mortgage.

Finally Count IV was solely for a violation of the RI FDCPA, which clearly

did not include a demand for damages in excess of $75,000.00:

A. Judgment against PHH for actual damages, and statutory damages of
$1,000.00 for each Violation of the RIFDCPA.
B. Judgment against PHH for legal fees and costs for the prosecution 0f
this action.

This case as it currently is pleaded is comparable to *Walker*, in which Judge Smith

held:

the gist of the Complaint is clear: Plaintiff believes that the attempted foreclosure
did not strictly comply with the mortgage agreement, and he therefore seeks to
prevent foreclosure absent strict compliance. In context, therefore, the Court
interprets the reference to a permanent injunction as repeating the request for an
injunction barring foreclosure absent compliance with the terms of the mortgage.

4

Thus, the Court concludes that neither the value of the property nor the amount owned on the loan represents the amount in controversy.

Thus there are valid reasons for the extension of the scheduling Order for both parties.  This Court currently lacks jurisdiction over this action and an essential party in interest has not been joined to the case. Plaintiffs will file a Motion to File an Amended Complaint before December 31, 2021 in order to provide this Court jurisdiction and to avoid having to file a separate action. Plaintiffs requested that the scheduling Order be extended for both parties and indicated the lack of diversity in this matter, with no agreement by Defendants to extend discovery for all parties

For these reasons this Court should grant the mutual discovery extension for all parties for sixty days and to amend the scheduling Order by adding an additional sixty days to each  deadline.

WAGNER JACINTO
CECILIA RODRIGUEZ
By their attorney,

December 23, 2021                    /s/ John B. Ennis
                                     JOHN B. ENNIS, ESQ. #2135
                                     1200 Reservoir Avenue
                                     Cranston, Rhode Island 02920
                                     (401) 943-9230
                                     Jbelaw75@gmail.com

CERTIFICATE OF SERVICE

I hereby certify that this Motion was served on all parties by efiling on December 23, 2021

/s/ John B. Ennis