UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| WAGNER JACINTO AND CESILIA RODRIGUEZ : <br> : <br> Plaintiffs, : <br> : <br> vs. : <br> : <br> WILMINGTON TRUST COMPANY AS : <br> SUCCESSOR TRUSTEE FOR THE BENEFIT : <br> OF THE CERTIFICATE HOLDERS OF : <br> POPLAR ABS, INC MORTGAGE : <br> PASS-THROUGH CERTIFICATES SERIES : <br> 2005-C, PHH MORTGAGE CORPORATION : <br> : <br> Defendants. : | C.A. No. 1:20-cv-00384 |

**DEFENDANTS' OBJECTION TO PLAINTIFFS'
MOTION TO AMEND SCHEDULING ORDER**

Defendants PHH Mortgage Corporation ("PHH") and Wilmington Trust Company as successor trustee to The Bank of New York as successor trustee for JPMorgan Chase Bank, N.A., as Trustee for the benefit of the Certificateholders of Popular ABS, Inc. Mortgage Pass-Through Certificates Series 2005-C ("Wilmington") (collectively "Defendants") object to the *Motion to Amend Scheduling Order* ("Motion") (ECF No. 25) filed by Plaintiffs Wagner Jacinto and Cesilia Rodriguez on December 23, 2021, the day before the fact discovery deadline as set in this Court's October 25, 2021 Scheduling Order (ECF No. 17). The Motion requests a 60-day enlargement of this deadline to allow Plaintiffs to ***begin*** discovery.

Plaintiffs initially filed this action on August 27, 2020 in Rhode Island Superior Court. After the case was removed on September 4, 2020, this Court entered the first Scheduling Order on February 24, 2021. Plaintiffs made no effort to even commence discovery in the time permitted

1

by this Court's Scheduling Order or in the sixteen months since filing this action, [1] and are now threatening to start this case over from the beginning by doing the following:

1) Filing a motion to compel to view the promissory note, when Plaintiffs have never served a request for production (Motion at p. 1);

2) Serving subpoenas on Defendants' former counsel at Hinshaw Culbertson, LLP to seek communications between counsel and PHH's predecessor, Ocwen Loan Servicing, LLC (*id.* at p. 2);

3) Conducting a deposition of PHH under Rule 30(b)(6) (*id.*);

4) Serving a subpoena on Rhode Island Housing and Mortgage Finance Corporation regarding a notice of mediation (*id.*);

5) Filing an amended complaint (*id.*);

6) Adding "US Bank as Trustee" as a new party to this action (*id.*); and

7) Moving to remand claims against Wilmington while continuing to litigate against PHH and "US Bank as Trustee" (*id.* at pp. 3-4).

In short, Plaintiffs intend to start this litigation over from the beginning with new claims, a new defendant and a new chance to start discovery. Plaintiffs should not be rewarded for ignoring this Court's Scheduling Order. Notably, Defendants provided 10,097 pages of documents on July 2, 2021, with its initial disclosures. Plaintiffs will not be substantially prejudiced by a denial of their broad request to extend the discovery deadline.

In sharp contrast, Defendants filed a *Motion To Enlarge Scheduling Order Deadline* on December 17, 2021 (ECF No. 23) because Defendants completed discovery within the Scheduling

---

[1] As set forth below, *infra*, Plaintiffs first sent discovery requests by sending a courtesy copy of a subpoena *duces tecum* to Defendants' counsel on December 23, 2021, the day before the close of the Court-ordered discovery period.

Order, with the exception of taking of Plaintiffs' depositions. Defendants scheduled Plaintiffs' depositions for December 16 and 17, 2021, within the time allowed by the Scheduling Order, but canceled those depositions at Plaintiffs' request.[2]

### A. Plaintiffs' Request to Extend the Scheduling Order to *Begin* Discovery Should be Denied.

Plaintiffs' Motion seeks a 60-day extension of time to allow Plaintiffs to ***begin*** discovery in this action. Notably, Plaintiffs did not serve ***any*** interrogatories, requests for production and/or requests for admission within the Court-ordered discovery period. Plaintiffs' first discovery request was one week ago, on December 23, 2021, when Plaintiffs sent undersigned counsel a courtesy copy of a subpoena *duces tecum* to be served on PHH ("Subpoena"). Upon information and belief, Plaintiffs have not actually served that Subpoena. Most of the 39 requests for documents in the Subpoena do not relate to the claims stated in Plaintiffs' Complaint. One day later, on Christmas Eve, the day that the discovery deadline was set to expire, Plaintiffs also served a notice of deposition ("Depo Notice") to schedule a deposition of PHH under Rule 30(b)(6) for January 31, 2022. Most of the 42 topics in the Depo Notice do not relate to the claims stated in Plaintiffs' Complaint.[3] The 60-day extension that Plaintiffs request would likely not be sufficient for the parties and the Court to resolve proper objections to these extremely broad discovery requests that Plaintiffs first sent on the eve of the discovery closure deadline.

Plaintiffs' broad request to ***begin*** discovery less than a week before the Court-ordered ***close*** of discovery is an unacceptable abuse of litigation that has become commonplace for Plaintiffs'

---

[2] In addition to desiring more time to prepare for the depositions, Plaintiffs' counsel indicated by email that he was ill.

[3] Defendants reserve the right to object to the requests in the Subpoena or the topics in the Depo Notice or to seek protective orders.

3

counsel. Under similar circumstances, where these Plaintiffs' counsel sent discovery requests after the close of fact discovery, Magistrate Judge Sullivan issued a protective order against the late discovery requests. *Fitch v. Fed. Hous. Fin. Agency*, No. CV 18-214JJM, 2021 WL 1985713, at *3 (D.R.I. May 18, 2021) ("Such disregard of the Court's *Fed. R. Civ. P.* 16 scheduling order justifies the issuance of a protective order."); *see also Healy v. U.S. Bank, N.A. for LSF9 Master Participation Tr.*, C.A. No. 16-11996-GAO, 2018 WL 3733934, at *1 (D. Mass. Aug. 3, 2018) (motion for protective order granted where discovery requests were untimely served shortly before close of scheduled fact discovery period).

Where Plaintiffs have not engaged in the smallest modicum of diligence during the scheduled time for discovery, this Court should not extend its Scheduling Order to accommodate Plaintiffs' dilatory tactics. *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004) ("Once a scheduling order is in place, the liberal default rule is replaced by the more demanding 'good cause' standard of *Fed.R.Civ.P.* 16(b). … This standard focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent.").

### B.  The Assignment Does Not Justify Plaintiffs' Delay.

Plaintiff's Motion argues that the Complaint needs to be amended because the subject mortgage held by Defendants was assigned by an assignment recorded almost three months ago, on September 30, 2021. Notably, even though the assignment is dated in September 2021, Plaintiffs still have made no effort to file an amended complaint. The Motion provides no explanation why Plaintiffs did not commence discovery until ***after*** the mortgage was assigned. If the assignment of the subject mortgage has made Plaintiffs' claims against the Defendants moot, then the proper recourse would be to dismiss this action without prejudice, not to amend the pleadings, join new parties, and extend the scheduling order to start discovery from the beginning.

C. **A Motion to Compel the Note is Improper Where Plaintiffs Have Not Served Any Request for Production and the Note is Not Relevant to Plaintiffs' Claims**.

Plaintiffs' Motion argues that counsel has made a request to view the original of a promissory note that Plaintiffs executed. However, Plaintiffs never served a request for production under *Fed. R. Civ. P*. 34. Instead, Plaintiffs merely sent emails to Defendants' counsel to request to view the note, without indicating the recipient of the request.[4] If Plaintiffs had properly sent a request for production, Defendants would have raised several proper objections, including that the promissory note is not relevant to any of the Plaintiffs' claims. Defendants have no desire to descend into a "rabbit hole of baseless suspicion" about topics that bear no relevance to Plaintiffs' claims. *Woods v. Wells Fargo Bank, N.A*., 733 F.3d 349, 356 & n.6 (1st Cir. 2013). Where Plaintiffs have neither served any requests for production nor filed a motion to compel within the period for discovery, Plaintiffs' request for an extension to ***begin*** discovery on irrelevant topics should be denied.

D. **Remand Does Not Appear Warranted and Is Not Appropriately Raised**.

Finally, the Motion suggests that the claims against Wilmington be remanded[5] while the claims against PHH and new claims against "US Bank as Trustee" remain. Plaintiffs ignore supplemental jurisdiction, which allows this Court to hear the entire controversy rather than remand as to one defendant and continue the litigation against other defendants in federal court. *Little Kids, Inc. v. 18th Ave. Toys, Ltd*., No. CV 18-533WES, 2020 WL 7264267, at *6 (D.R.I.

---

[4] As noted above, the mortgage was assigned, and thus the promissory note is likely no longer owned or held by or on behalf of Wilmington.

[5] Perhaps the Motion intended to suggest that due to the assignment, Plaintiffs' claims against Wilmington should be dismissed, not remanded. Motion at p. 4 ("Since Wilmington is no longer a party in interest this relief cannot be granted.")

5

Dec. 10, 2020) ("28 U.S.C. § 1367(a) permits the Court to exercise supplemental jurisdiction over such state law claims, when, as is alleged here, they are part of the same case or controversy."), report and recommendation adopted, 2021 WL 124241 (D.R.I. Jan. 13, 2021).  Without any evidence, the Motion suggests that the claims against Wilmington are below the $75,000 threshold for diversity jurisdiction, without reviewing the actual allegations of their claims.  Count II of Plaintiffs' Complaint alleged that Wilmington breached a contract by failing to implement a loan modification in 2016 that "reduced the principal balance of the mortgage loan account to $154,000.00 at 3.95% interest."  Complaint ¶ 72.  The Complaint further alleged that Defendants' foreclosure attorney claimed that Plaintiffs owed $495,948.60 on the Mortgage in breach of the modification agreement, a difference of far more than $75,000.00.  *Id.* at ¶ 45.  The Complaint alleges that Plaintiffs "incurred actual damages" and that Wilmington's failure to implement the 2016 modification "caused them to lose equity in the property, by not reducing the principal balance of the mortgage loan account."  *Id*. ¶¶ 77-78.  These allegations are a far cry from a complaint that "seeks merely to block the instant foreclosure attempt, not all future attempts." *Walker v. Bank of New York Mellon*, No. 19-310 WES, 2021 WL 514144, at *2 (D.R.I. Feb. 11, 2021).  If Plaintiffs believe this Court lacks jurisdiction or that remand is appropriate, they should file an appropriate motion to remand, not raise confusing statements in a motion to extend the discovery deadline.

## CONCLUSION

Defendants have diligently pursued discovery in this matter and scheduled Plaintiffs' depositions within the ordered discovery period.  The depositions were continued for Plaintiffs' convenience.  In contrast, Plaintiffs have not even begun discovery, in complete disregard of this Court's Scheduling Order.  Defendants previously provided Plaintiffs with over 10,000 pages of

information, and Plaintiffs have not presented any good cause why they could not send proper discovery requests within the discovery period.

WHEREFORE, Defendants respectfully request that the Court deny Plaintiffs' Motion, and instead grant a 30-day extension of the Scheduling Order deadline only as to the taking of Plaintiffs' depositions. All other deadlines in the Court's discovery deadlines should remain the same.

                      PHH MORTGAGE CORPORATION AND WILMINGTON TRUST COMPANY AS SUCCESSOR TRUSTEE TO THE BANK OF NEW YORK AS SUCCESSOR TRUSTEE FOR JPMORGAN CHASE BANK, N.A., AS TRUSTEE FOR THE BENEFIT OF THE CERTIFICATEHOLDERS OF POPULAR ABS, INC. MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-C
By Their Attorneys,

*/s/ Jeffrey C. Ankrom*
Joseph A. Farside, Jr., Esq. (#7559)
Krystle G. Tadesse, Esq. (#7944)
Jeffrey C. Ankrom, Esq. (#7663)
LOCKE LORD LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (fax)
joseph.farside@lockelord.com
krystle.tadesse@lockelord.com
jeffrey.ankrom@lockelord.com

Dated: December 30, 2021

**CERTIFICATE OF SERVICE**

      I, the undersigned, hereby certify that on the 30th day of December, 2021 this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be mailed to those indicated as non-registered participants.

                                                    */s/ Jeffrey C. Ankrom*
                                                    Jeffrey C. Ankrom

101535735v.3