## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

WAGNER JACINTO AND
CESILIA RODRIGUEZ                                :
                                                 :
              Plaintiffs,                        :
                                                 :
      vs.                                        :          C.A. No. 1:20-cv-00384
                                                 :
WILMINGTON TRUST COMPANY AS                      :
SUCCESSOR TRUSTEE FOR THE BENEFIT :
OF THE CERTIFICATE HOLDERS OF                    :
POPLAR ABS, INC MORTGAGE                         :
PASS-THROUGH CERTIFICATES SERIES                 :
2005-C, PHH MORTGAGE CORPORATION  :
                                                 :
              Defendants.                        :

## MOTION FOR SANCTIONS

Defendants PHH Mortgage Corporation ("PHH") and Wilmington Trust Company as successor trustee to The Bank of New York as successor trustee for JPMorgan Chase Bank, N.A., as Trustee for the benefit of the Certificateholders of Popular ABS, Inc. Mortgage Pass-Through Certificates Series 2005-C ("Wilmington") (collectively "Defendants") move for an order of sanctions against plaintiffs Wagner Jacinto and Cesilia Rodriguez ("Plaintiffs") for their failure to attend their initial depositions scheduled for December 16 and 17, 2021, and rescheduled (at Plaintiffs' request) depositions scheduled for January 20 and 21, 2022.

Plaintiffs failed to attend their depositions, and the communications to date concerning their failure to appear strongly implies that they had no intention of ever doing so. An order compelling their depositions, denying Plaintiffs' pending motion to extend the discovery deadline, and granting sanctions, including the dismissal of Plaintiffs' Complaint with prejudice, is warranted for the reasons set forth below.

1

103006892v.2

**PROCEDURAL HISTORY**

Defendants' counsel made numerous efforts to schedule Plaintiffs' depositions before the December 24, 2021 fact discovery deadline that was set in this Court's October 25, 2021, Scheduling Order (ECF No. 17).  On November 15, 2021, and again on November 18, 2021, undersigned counsel emailed Plaintiffs' counsel requesting dates that Plaintiffs would be available for remote depositions, proposing dates in December 2021, and inquiring whether they would need interpreters.  On December 3, 2021, having not received a response to the earlier requests, undersigned counsel served notices for Plaintiffs' depositions, scheduling them for December 16 and 17, 2021.  Defendants' counsel also requested, for the third time, that Plaintiffs' counsel "[p]romptly advise if an interpreter is needed."  Plaintiffs' counsel finally responded later on December 3, 2021, stating "[c]an we push this back until after Christmas by extending the matter[?]"  Plaintiffs' counsel did not advise that Plaintiffs would need an interpreter.  Plaintiffs' counsel also indicated a week later, on December 10, 2021, that he could not attend the depositions as scheduled because he was ill.

On December 14, 2021, Defendants served Amended Notices of Deposition on Plaintiffs scheduling their depositions of January 20 and 21, 2022.  *See* **Exhibit A**.  Defendants did not schedule an interpreter, because Plaintiffs never requested one.

On December 17, 2021, Defendants filed a *Motion To Enlarge Scheduling Order Deadline* (ECF No. 23) only as to allow Defendants to complete Plaintiffs' depositions that were cancelled at Plaintiffs' counsel's request.  Plaintiff agreed to the Defendants' motion, but requested that the Court enlarge the fact discovery deadline by 60 days for both parties.  *See Response to Motion to Amend Scheduling Order*, ECF No. 24 (Dec. 17, 2021).  Plaintiffs' response did not mention any difficulty attending their depositions on January 20 and 21, 2022.

On December 23, 2021, the eve of the Court's discovery deadline, Plaintiffs filed a *Motion to Amend Scheduling Order* ("Motion") (ECF No. 25) in which they requested a 60-day enlargement of the Court's discovery deadline to allow Plaintiffs to ***begin*** discovery, including scheduling PHH's deposition, serving subpoenas, amending the complaint, naming a new party, remanding the claims against one of the present defendants, and moving to compel production of a promissory note that Plaintiffs do not dispute signing and is not the subject of any claims at issue in this case. Plaintiffs again did not mention any difficulty attending their depositions on January 20 and 21, 2022. *Id*. Defendants properly objected to Plaintiffs' request to start discovery from the beginning. *See* ECF No. 26 (Dec. 30, 2021). Plaintiffs filed a reply on January 6, 2022—the reply made no mention of any inability to attend the rescheduled deposition dates. ECF No. 27 ("Reply"). The Court has not yet ruled on Plaintiffs' Motion.

On January 18, 2022, the undersigned emailed Plaintiffs' counsel to confirm Plaintiffs' attendance at their depositions. *See* **Exhibit B**. Plaintiffs' counsel responded and stated that Plaintiffs would not attend the depositions that had been properly noticed and scheduled for more than a month. *Id*. Plaintiffs' counsel stated that although the Plaintiffs both were previously ill with COVID, they "got better last week." *Id*. Plaintiffs' counsel also stated—for the first time— that "Mrs. Jacinto," presumably referring to Cesilia Rodriguez, required an interpreter and that Mr. Jacinto "might," but did not identify what language interpreter they needed. *Id*. Plaintiffs' counsel further suggested that the depositions be rescheduled for "the first week of February," without suggesting specific dates and without regard to this Court's scheduling order. *Id*. In a separate email, Plaintiffs' counsel stated that he had a mediation at the First Circuit scheduled for January 20, 2022, which he had never mentioned before. *See* **Exhibit C**.

Notably, Plaintiffs also did not timely respond to Defendants' discovery requests served on June 23, 2021, until November 8, 2021. *See Defendants' Motion to Compel Answers to Interrogatories and Responses to Requests for Production from Plaintiffs,* ECF No. 16 (Sept. 24, 2021); *Motion to Extend to File Responses to Discovery*, ECF No. 21 (Nov. 2, 2021); *Defendants' Objection to Plaintiffs' Motion for Extension of Time*, ECF No. 22 (Nov. 3, 2021) at 1-2.

## STANDARD OF LAW

When a party wholly fails to appear for a noticed deposition, the court "may, on motion, order sanctions." *Fed. R. Civ. P.* 37(d)(1)(A)(i). Those sanctions for failing to appear "may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)." *Fed. R. Civ. P.* 37(d)(3). Those sanctions include the following:

(i)     directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii)    prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii)   striking pleadings in whole or in part;

(iv)    staying further proceedings until the order is obeyed;

(v)     dismissing the action or proceeding in whole or in part;[or]

(vi)    rendering a default judgment against the disobedient party;

*Fed. R. Civ. P.* 37(b)(2)(A). These sanctions are available for both failing to obey a prior court order and for completely failing to attend a deposition. *Baker v. St. Paul Travelers Ins. Co.*, 670 F.3d 119, 124 (1st Cir. 2012) ("sanctions for non-appearance are only available when a deponent ' "literally fails to show up for a deposition session." ' ") (quoting *R.W. Int'l Corp. v. Welch Foods, Inc.*, 937 F.2d 11, 15 n.2 (1st Cir. 1991) and *Salahuddin v. Harris*, 782 F.2d 1127, 1131 (2d Cir. 1986)).

4

103006892v.2

## ARGUMENT

Plaintiffs ignored their obligation to respond to Defendants' June 2021 discovery requests served in this matter until long after this Court entered an order compelling their responses.  *See Defendants' Motion to Compel Answers to Interrogatories and Responses to Requests for Production from Plaintiffs,* ECF No. 16 (Sept. 24, 2021); *Motion to Extend to File Responses to Discovery*, ECF No. 21 (Nov. 2, 2021); *Defendants' Objection to Plaintiffs' Motion for Extension of Time*, ECF No. 22 (Nov. 3, 2021) at pp. 1-2.  Then, on the eve of the discovery deadline, Plaintiffs moved to extend the court-ordered discovery deadline for 60 days, after it had previously been extended, so that Plaintiffs could ***begin*** discovery.  *Motion to Amend Scheduling Order,* ECF No. 25 (Dec. 23, 2021).

Now, Plaintiffs have failed to appear for their depositions that were rescheduled to January 20 and 21, 2022, to accommodate their previous request.  It is clear that Plaintiffs had no intention of ever attending their depositions because (1) they did not inform Defendants' counsel that their counsel had a mediation scheduled for the same day as the depositions; (2) they did not inform Defendants' counsel that they needed an interpreter; (3) they still have not informed Defendants' counsel what language interpreter they require; and (4) they are actually healthy — they simply did not prepare for the depositions during the thirty-seven days after receiving the Amended Notices of Deposition.

Because Plaintiffs completely failed to attend their depositions after receiving notices, this Court should sanction their behavior, including dismissing their Complaint with prejudice.  In the alternative, they should be compelled by Court order to attend their depositions at a date in February 2022, after promptly informing Defendants' counsel of what language interpreter they need.  Plaintiffs' pending *Motion to Amend Scheduling Order* (ECF No. 25) should likewise be

103006892v.2

denied as a sanction for their failure to comply with their discovery obligations.  Additionally, pursuant to Rule 37(d)(3), Defendants request reimbursement for the reasonable attorney's fees for preparing this motion.

WHEREFORE, Defendants respectfully request that the Court enter an appropriate order of sanctions against Plaintiffs for their failure to attend their depositions.

PHH MORTGAGE CORPORATION AND
WILMINGTON TRUST COMPANY AS
SUCCESSOR TRUSTEE TO THE BANK OF
NEW YORK AS SUCCESSOR TRUSTEE FOR
JPMORGAN CHASE BANK, N.A., AS TRUSTEE
FOR THE BENEFIT OF THE
CERTIFICATEHOLDERS OF POPULAR ABS,
INC. MORTGAGE PASS-THROUGH
CERTIFICATES SERIES 2005-C
By Their Attorneys,

*/s/ Jeffrey C. Ankrom*
Joseph A. Farside, Jr., Esq. (#7559)
Krystle G. Tadesse, Esq. (#7944)
Jeffrey C. Ankrom, Esq. (#7663)
LOCKE LORD LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (fax)
joseph.farside@lockelord.com
krystle.tadesse@lockelord.com
jeffrey.ankrom@lockelord.com

Dated:  January 21, 2022

6

103006892v.2

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, hereby certify that on the 21st day of January, 2022, this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be mailed to those indicated as non-registered participants.

<u>*/s/ Jeffrey C. Ankrom*</u>
Jeffrey C. Ankrom

103006892v.2