UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| WAGNER JACINTO AND CESILIA RODRIGUEZ :<br>:<br>Plaintiffs, :<br>:<br>vs. :<br>:<br>WILMINGTON TRUST COMPANY AS :<br>SUCCESSOR TRUSTEE FOR THE BENEFIT :<br>OF THE CERTIFICATE HOLDERS OF :<br>POPLAR ABS, INC MORTGAGE :<br>PASS-THROUGH CERTIFICATES SERIES :<br>2005-C, PHH MORTGAGE CORPORATION :<br>:<br>Defendants. : | C.A. No. 1:20-cv-00384 |

## DEFENDANT'S MOTION TO QUASH OR MODIFY SUBPOENA

Pursuant to *Fed. R. Civ. P.* 45 (d)(3), Defendant PHH Mortgage Corporation ("PHH") moves this court to quash or modify *Subpoena to Testify at a Deposition in a Civil Action* ("Subpoena") served by Plaintiffs Wagner Jacinto and Cesilia Rodriguez on PHH's Keeper of Records on December 30, 2021, six days after the December 24, 2021, fact discovery deadline as set in this Court's October 25, 2021 Scheduling Order (ECF No. 17). A copy of the Subpoena is attached here to as **Exhibit A**.

PHH respectfully requests the Court to quash the Subpoena in full because it was served after the fact discovery deadline. *Fitch v. Fed. Hous. Fin. Agency*, No. CV 18-214-JJM, 2021 WL 1985713, at *3 (D.R.I. May 18, 2021) (issuing protective order against discovery requests served after discovery deadline because, "[S]uch disregard of the Court's *Fed. R. Civ. P.* 16 scheduling order justifies the issuance of a protective order."); *see also Healy v. U.S. Bank, N.A. for LSF9 Master Participation Tr.*, C.A. No. 16-11996-GAO, 2018 WL 3733934, at *1 (D. Mass. Aug. 3,

1

2018) (motion for protective order granted where discovery requests were untimely served shortly before close of scheduled fact discovery period).  Additionally, the Subpoena requests PHH's Keeper of Records to produce documents and attend a deposition be taken on Sunday, December 30, 2021 at 10:00 a.m.  Taking a deposition on a Sunday was not agreed to by the parties in advance of the notice and presents a hardship for the undersigned and for PHH.

Substantively, the Subpoena requests PHH to produce documents in 39 categories.  PHH has already provided 10,317 pages of documents in this matter, which respond to almost all of the requests in the Subpoena.  However, the Subpoena also requests four categories of documents that are privileged attorney/client communications or confidential trade secrets or other commercial information.  These four requests follow:

> 10. The annual financial reports and all documents for PHH Mortgage Corporation 2019, 2020 and 2021 indicating the following sources of income:
>
> a. Income from Servicing of mortgage loans, which were not in default.
> b. Income from Servicing of mortgage loans in default
> c. Income from late fees on mortgage loans
> d. Income from Non-judicial foreclosures
> e. Income from judicial foreclosures
> f. Income from servicing of loans in Bankruptcy.
> g. Income from mortgage loan origination

This request seeks confidential trade secrets and financial information of PHH.  None of this requested information is related to Plaintiffs' claims in the Complaint and appears only to be intended to harass PHH by delving into its finances.  Information that fulfills this request is likely publicly available through PHH's annual reports filed with the Securities and Exchange Commission.  However, PHH objects to providing any private financial information beyond what is stated in its publicly filed annual reports.  As this request seeks confidential trade secrets

and commercial information, without any relation to any claim that Plaintiffs make in this action, the Subpoena should be quashed in relation to request number 10, pursuant to *Fed. R. Civ. P.* 37(d)(3)(B)(i) (the court "may, on motion, quash or modify the subpoena if it requires (i) disclosing a trade secret or other confidential research, development, or commercial information").

> 11. All documents indicating any contract Ocwen Loan Servicing, LLC or PHH Mortgage Corporation had with The Walz Group, aka Lender Live Network, Inc. or any successor in interest for mail vendor and postage vendor services from January 1, 2018 through December 31, 2020.

This request seeks the contracts or "all documents indicating any contract" which is commercial information between PHH or its predecessor Ocwen Loan Servicing, LLC and a third party, "The Walz Group, aka Lender Live Network, Inc." This information is confidential and includes trade secrets and private financial information. Additionally, this information is not related to any of Plaintiffs' claims, as Plaintiffs' Complaint does not raise any issues with mailing any document and does not mention "The Walz Group, aka Lender Live Network, Inc" in any way. As this request seeks confidential trade secrets and commercial information, without any relation to any claim that Plaintiffs make in this action, the Subpoena should be quashed in relation to request number 11, pursuant to *Fed. R. Civ. P.* 37(d)(3)(B)(i) (the court "may, on motion, quash or modify the subpoena if it requires (i) disclosing a trade secret or other confidential research, development, or commercial information")

> 36. Any custodial agreements regarding the custody of the Plaintiffs' collateral file and promissory note from origination to the present.

Similar to request number 11, this request seeks documents of a commercial nature with one or more third parties. This information is confidential and includes trade secrets and private

financial information. Additionally, this information is not related to any of Plaintiffs' claims, as Plaintiffs' Complaint does not raise any issues that relate to the custody of the promissory note that Plaintiffs' signed. Indeed, the Complaint does not raise any issues regarding the promissory note at all. Thus, as this information seeks confidential trade secrets and commercial information, without any relation to any claim Plaintiffs make in this action, the Subpoena should be quashed in relation to request number 36, pursuant to *Fed. R. Civ. P.* 37(d)(3)(B)(i) (the court "may, on motion, quash or modify the subpoena if it requires (i) disclosing a trade secret or other confidential research, development, or commercial information")

> 39. All documents indicating any correspondence from Hinshaw Culbertson LLP to Ocwen and Ocwen to Hinshaw Culbertston LLP, regarding any loan modifications signed by Plaintiff and the transmittal of any checks regarding any loan modification payments at any time.

This request blatantly seeks information protected by the attorney/client privilege, as it seeks correspondence from an attorney (Hinshaw Culbertson LLP) to the client (PHH's predecessor Ocwen Loan Servicing, LLC), and vice versa. PHH therefore requests that this Court quash the Subpoena in relation to request number 39 because it seeks information protected by the attorney-client privilege. *Fed. R. Civ. P.* 37(d)(3)(A)(iii) ( the court "must quash or modify a subpoena that: … (iii) requires disclosure of privileged or other protected matter").

## CONCLUSION

PHH already produced documents that satisfy the requirements of the Subpoena. However, requests number 10, 11, 36, and 39 seek information that is confidential trade secrets or other commercial information or is privileged attorney-client communications.

WHEREFORE, PHH respectfully requests that the Court quash Plaintiffs' Subpoena.

PHH MORTGAGE CORPORATION

By Its Attorneys,

*/s/ Jeffrey C. Ankrom*
Joseph A. Farside, Jr., Esq. (#7559)
Krystle G. Tadesse, Esq. (#7944)
Jeffrey C. Ankrom, Esq. (#7663)
LOCKE LORD LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (fax)
joseph.farside@lockelord.com
krystle.tadesse@lockelord.com
jeffrey.ankrom@lockelord.com

Dated: January 24, 2022

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on the 24th day of January, 2022 this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be mailed to those indicated as non-registered participants.

*/s/ Jeffrey C. Ankrom*
Jeffrey C. Ankrom

103132881v.1