# EXHIBIT A

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Rhode Island

| | |
|---|---|
| WAGNER JACINTO ET AL | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. CA NO 20-cv-00384 |
| PHH MORTGAGE CORPORATION ET AL | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: KEEPER OF THE RECORDS OF PHH MORTGAGE CORPORATION

*(Name of person to whom this subpoena is directed)*

☐ **Testimony:** YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Virtual F.R.C.P. 30 Deposition by Zoom. See attachment of Notice to Take deposition | Date and Time: January 30, 2022 at 10:00 AM |
|---|---|

The deposition will be recorded by this method: Virtual Stenographic Deposition by Zoom

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See attached Exhibit and Notice to Take Deposition

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: December 23, 2021

CLERK OF COURT

                                                        OR

_____          /s/ John B. Ennis
*Signature of Clerk or Deputy Clerk*           *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Jacinto and Cesilia F John B. Ennis, 1200 Reservoir Avenue, Cranston, RI 02920, who issues or requests this subpoena, are:
(401)943-9230
jbelaw75@gmail.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURTG
FOR THE DISTRICT OF RHODE ISLAND

WAGNER JACINTO AND
CESILIA RODRIGUEZ

    VS                                                         CA 20-CV-384-MSM-PAS

WILMINGTON TRUST COMPANY AS
SUCCESSOR TRUSTEE FOR THE BENEFIT
OF THE CERTIFICATE HOLDERS OF
POPLAR ABS, INC MORTGAGE
PASS-THROUGH CERTIFICATES SERIES 2005-C,
PHH MORTGAGE CORPORATION

NOTICE TO TAKE DEPOSITION

    Please take notice that Plaintiffs, Wagner Jacinto and Cesilia Rodriguez will take the deposition upon oral examination, of the Keeper of the Records of PHH Mortgage Corporation commencing at 10:00 a.m. on January 30, 2022 and from day to day thereafter until completed. Pursuant to the United States District Court for the District of Rhode Island's General Order Regarding Depositions in Civil Cases During Coronavirus Pandemic, issued on May 22, 2020, the deposition will be taken and recorded over remote videoconferencing before an officer authorized by law to administer oath and record testimony, and also may be recorded by audio, audiovisual, or stenographic means, as provided for by, and in accordance with all applicable law. You are invited to attend by phone and/ or video and cross-

examine. The videoconference link and call-in information will be provided in advance of the deposition.

Please reach out to undersigned counsel immediately upon receipt of this Notice if you have any concerns regarding participation by remote video and/or phone conferencing.

The deposition will continue from day to day until completed, before a Notary Public or some other qualified Court Reporter.

A subpoena Duces Tecum will be issued in conjunction with this Notice of Deposition.

You are invited to attend and examine said witness (es).

WAGNER JACINTO<br>
CESILIA RODRIGUEZ<br>
By their Attorney

December 23, 2021

/s/ John B. Ennis
John B. Ennis, Esq. #2135
1200 Reservoir Avenue
Cranston, RI 02920
401-943-9230
jbelaw75@gmail.com

## CERTIFICATION

I hereby certify that I emailed a copy of the above Notice of Deposition to PHH Mortgage Corporation to the following electronically on this 23rd day of December, 2021:

Jeffrey Anchrom
Joseph Farside
Krystle Tadesse

/s/ John B. Ennis

# EXHIBIT A

**Definitions:**

**The following definitions apply to this Subpoena Duces Tecum**

**A. "Plaintiffs" means Wagner Jacinto and Cesilia Rodriguez**

**B. "Hinshaw" is Hinshaw Culbertson LLP**

**C. "PHH" means PHH Mortgage Corporation and its predecessor by Merger, Ocwen Loan Servicing, LLC.**

**D. "Servicing File" is defined by the provisions of 12 CFR 1038 ( c)(2) and the official comments of the Consumer Financial Protection Bureau regarding this regulation as follows:**

(2) **Servicing file.** A servicer shall maintain the following documents and data on each mortgage loan account serviced by the servicer in a manner that facilitates compiling such documents and data into a servicing file within five days:

(i) A schedule of all transactions credited or debited to the mortgage loan account, including any escrow account as defined in § 1024.17(b) and any suspense account;

(ii) A copy of the security instrument that establishes the lien securing the mortgage loan;

(iii) Any notes created by servicer personnel reflecting communications with the borrower about the mortgage loan account;

(iv) To the extent applicable, a report of the data fields relating to the borrower's mortgage loan account created by the servicer's electronic systems in connection with servicing practices; and

1

**(v)** Copies of any information or documents provided by the borrower to the servicer in accordance with the procedures set forth in § 1024.35 or § 1024.41.

**For your reference in order to comply with the subpoena, the official commentary of the Consumer Financial Protection Bureau states:**

Official interpretation of 38(c)(2) Servicing file.

1. **Timing.** A servicer complies with § 1024.38(c)(2) if it maintains information in a manner that facilitates compliance with § 1024.38(c)(2) beginning on or after January 10, 2014. A servicer is not required to comply with § 1024.38(c)(2) with respect to information created prior to January 10, 2014. For example, if a mortgage loan was originated on January 1, 2013, a servicer is not required by § 1024.38(c)(2) to maintain information regarding transactions credited or debited to that mortgage loan account in any particular manner for payments made prior to January 10, 2014. However, for payments made on or after January 10, 2014, a servicer must maintain such information in a manner that facilitates compiling such information into a servicing file within five days.

2. **Borrower requests for servicing file.** Section 1024.38(c)(2) does not confer upon any borrower an independent right to access information contained in the servicing file. Upon receipt of a borrower's request for a servicing file, a servicer shall provide the borrower with a copy of the information contained in the servicing file for the borrower's mortgage loan, subject to the procedures and limitations set forth in § 1024.36.

38(c)(2) Servicing file.

1. **Timing.** A servicer complies with § 1024.38(c)(2) if it maintains information in a manner that facilitates compliance with § 1024.38(c)(2) beginning on or after January 10, 2014. A servicer is not required to comply with § 1024.38(c)(2) with respect to information created prior to January 10, 2014. For example, if a mortgage loan was originated on January 1, 2013, a servicer is not required by § 1024.38(c)(2) to maintain information regarding transactions credited or debited to that mortgage loan account in any particular manner for payments made prior to January 10, 2014. However, for payments made on or after January 10, 2014, a servicer must maintain such information in a manner that facilitates compiling such information into a servicing file within five days.

2. **Borrower requests for servicing file.** Section 1024.38(c)(2) does not confer upon any borrower an independent right to access information contained in the servicing file. Upon receipt of a borrower's request for a servicing file, a servicer shall provide the borrower with a copy of the information contained in the servicing file for the borrower's mortgage loan, subject to the procedures and limitations set forth in § 1024.36.

E. **"The Life of the loan mortgage transactional history is defined by the Consumer Financial Protection Bureau and Regulation X is defined as follows:**

(iv) To the extent applicable, a report of the data fields relating to the borrower's mortgage loan account created by the servicer's electronic systems in connection with servicing practices; and

Official interpretation of Paragraph 38(c)(2)(iv).Hide
1. **Report of data fields.** A report of the data fields relating to a borrower's mortgage loan account created by the servicer's electronic systems in connection with servicing practices means a report listing the relevant data fields by name, populated with any specific data relating to the borrower's mortgage loan account. Examples of data fields relating to a borrower's mortgage loan account created by the servicer's electronic systems in connection with servicing practices include fields used to identify the terms of the borrower's mortgage loan, fields used to identify the occurrence of automated or manual collection calls, fields reflecting the evaluation of a borrower for a loss mitigation option, fields used to identify the owner or assignee of a mortgage loan, and any credit reporting history. Paragraph 38(c)(2)(iv).

F. **RealServicing was the electronic system of record for Ocwen Loan Servicing, LLC.**

G. **Black Knight Loansphere MSP is the electronic system of record for PHH Mortgage Corporation.**

H. **Ocwen means Ocwen Loan Servicing, LLC.**

3

1. The entire mortgage loan servicing file for Ocwen for the Plaintiff's mortgage loan, including but not limited to all servicing notes, collection notes, recordings of all phone calls, Ocwen or any agent acting on its behalf made to Plaintiffs or to their attorney, and any calls from Plaintiffs or their attorney to Ocwen or an agent which Ocwen recorded and all loss mitigation documents or loan modification documents or applications sent to Ocwen by Plaintiffs and all loss mitigation responses sent from Ocwen to Plaintiffs from the time that Ocwen obtained servicing rights until the time when PHH merged with Ocwen and serviced Plaintiffs' mortgage loan.

2. The entire mortgage loan servicing file for PHH for the Plaintiff's mortgage loan, including but not limited to all servicing notes, collection notes, recordings of all phone calls, PHH or any agent acting on its behalf made to Plaintiffs or to their attorney, and any calls from Plaintiffs or their attorney to PHH or an agent which PHH recorded and all loss mitigation documents or loan modification documents or applications sent to PHH by Plaintiffs and all loss mitigation responses sent from PHH to Plaintiffs from the time that Ocwen merged with PHH to the present.

3. An exact reproduction of the life of loan mortgage transactional history for Plaintiffs' loan on the contractual system of record used by any servicer from origination of the loan to December 23, 2021 or the date that you comply with this subpoena, whichever is later. For purposes of identification, the life of loan

transactional history means any software program or system by which the servicer records the current mortgage balance, the receipt of all payments, the assessment of any late fees or charges, and the recording of any corporate advances for any fees or charges including but not limited to property inspection fees, broker price opinion fees, legal fees, escrow fees, processing fees, technology fees, or any other collateral charge. Also, to the extent this life of loan transactional history includes in numeric or alpha-numeric codes, please attach a complete list of all such codes and state in plain English a short description for each such code.

4.  A copy of your original executed copy of Plaintiffs' loan modification executed on December 11, 2014 by Ocwen Legal Counsel, Jason A. Fiske, referenced in Plaintiff's Complaint inExhibit C.

5.  All documents on which PHH bases its assertion that the Plaintiffs' mortgage loan was not modified by the modification agreement executed on December 11, 2014 by Ocwen Legal Counsel, Jason A. Fiske, referenced in Plaintiff's Complaint in Exhibit C.

6.  A copy of your original executed copy of Plaintiffs' loan modification executed on April 14, 2016 by Ocwen Legal Counsel, Joel C. Israel, referenced in Plaintiff's Complaint as Exhibit G.

7.  All documents on which PHH bases its assertion that the Plaintiffs' mortgage loan was not modified by the modification agreement executed on April

14, 2016 by Ocwen Legal Counsel, Joel C. Israel, referenced in Plaintiff's Complaint as Exhibit G.

8. All periodic monthly statements which were prepared by you for Plaintiffs' mortgage loan account at any time since you Ocwen obtained servicing rights for mortgage loan. Please include all statements which were generated but which were not sent to Plaintiffs.

9. Any documents indicating the principal business of PHH Mortgage Corporation from January 1, 2019 through December 23, 2021

10. The annual financial reports and all documents for PHH Mortgage Corporation 2019, 2020 and 2021 indicating the following sources of income:

a. Income from Servicing of mortgage loans, which were not in default.

b. Income from Servicing of mortgage loans in default

c. Income from late fees on mortgage loans

d. Income from Non-judicial foreclosures

e. Income from judicial foreclosures

f. Income from servicing of loans in Bankruptcy.

g. Income from mortgage loan origination

11. All documents indicating any contract Ocwen Loan Servicing, LLC or PHH Mortgage Corporation had with The Walz Group, aka Lender Live Network, Inc.

or any successor in interest for mail vendor and postage vendor services from January 1, 2018 through December 31, 2020.

12. All documents mailed to Plaintiffs by Ocwen or PHH from the date that Ocwen obtained loan servicing of Plaintiffs' loan to the present.

13. All documents indicating the status of Plaintiffs' mortgage loan when Ocwen commenced servicing of the mortgage loan.

14. Each Screen and each Report from your electronic system of record which shows all corporate advance transactions for Recoverable Expenses, nonrecoverable expenses and third party recoverable expenses for Plaintiffs' mortgage loan account.

15. All reports, documents and data which Ocwen used to confirm and verify the accuracy of the principal balance, past due interest and escrow and all corporate advances and fees for Plaintiffs' mortgage loan account when the loan was boarded on Ocwen's electronic system of record, when Ocwen commenced servicing Plaintiffs' mortgage mortgage loan.

16. All reports, documents and data which PHH used to confirm and verify the accuracy of the principal balance, past due interest and escrow and all corporate advances and fees for Plaintiffs' mortgage loan account when the loan was boarded on PHH's electronic system of record, when PHH merged with Ocwen.

17. All data fields which were boarded onto your electronic system of record when the loan servicing was converted from the Realservicing program of Ocwen Loan Servicing onto your electronic system of record.

18. All documents reflecting any loss mitigation for Plaintiffs' mortgage loan account, including Loan Modifications.

19. All invoices from any law firms, default service providers, property inspection vendors, property appraisal vendors and all other invoices for any legal fees or corporate advances along with proof of payment.

20. All default letters mailed to Plaintiff by Ocwen or PHH or any entity acting on their behalf, including all records indicating the name, employer, phone number and business address of the person who deposited said Notices in the United States mail.

21. All notices which indicate that Plaintiffs' note was accelerated, including all records indicating the name, employer, phone number and business address of the person who deposited said Notices in the United States mail

22. All R.I.G.L 34-27-3.1 Notices mailed to Plaintiffs by certified mail and all R.I.G.L 34-27-3.1 Notices mailed to Plaintiffs by first class regular mail, including all records indicating the name, employer, phone number and business address of the person who deposited said Notices in the United States mail.

23. All All R.I.G.L 34-27-3.2 Notices mailed to Plaintiffs by certified mail and all R.I.G.L 34-27-3.2 Notices mailed to Plaintiffs by first class regular mail, including all records indicating the name, employer, phone number and business address of the person who deposited said Notices in the United States mail.

24. All R.I.G.L 34-27-4 Notices mailed to Plaintiffs by certified mail and all R.I.G.L 34-27-4 Notices mailed to Plaintiffs by first class regular mail, including all records indicating the name, employer, phone number and business address of the person who deposited said Notices in the United States mail.

Copies of all documents mailed to Rhode Island Housing and Mortgage Finance Corporation ("RI Housing") by Nationstar Mortgage LLC regarding any mediation pursuant to R.I.G.L. 34-27-3.2 for Plaintiffs at any time.

25. Any and records of payments made by PHH to RI Housing for any mediation pursuant to R.I.G.L. 34-27-3.2 for Plaintiffs at any time.

26. Copies of all documents mailed by Rhode Island Housing and Mortgage Finance Corporation ("RI Housing") to PHH regarding any Notice of Mediation pursuant to R.I.G.L. 34-27-3.2 for Plaintiffs at any time.

27. All documents on which you base any affirmative defenses to Plaintiffs' complaint.

28. All documents on which you base your denial that the principal business of PHH is the collection of debts.

29. All documents on which you base your denial that at the time that Ocwen commenced servicing of Plaintiffs' mortgage loan, that Plaintiffs were in arrears of the mortgage loan.

30. All documents which were transferred to Ocwen by the prior servicer when there was a servicing transfer of the loan, including all electronic documents contained on Ocwen's system of record.

31. All documents which were transferred to PHH regarding the Plaintiffs' mortgage loan account by Ocwen when PHH merged with Ocwen, including all electronic documents contained on PHH's system of record.

32. The names, business addresses and job titles of all persons who confirmed verified the accuracy of Ocwen's RealServicing records regarding Plaintiffs mortgage loan account when the Plaintiffs' mortgage loan was converted from RealServicing and boarded on PHH's electronic system of record.

33. The names, business addresses and job titles of all persons who confirmed verified the accuracy of the prior servicer's records regarding the Plaintiffs' mortgage loan account when the Plaintiffs' mortgage loan was boarded onto Ocwen's electronic system of record.

34. Any lost note affidavits regarding Plaintiffs' promissory note.

35. Any documents indicating that the Plaintiffs' promissory note was lost.

36. Any custodial agreements regarding the custody of the Plaintiffs' collateral file and promissory note from origination to the present.

37. All documents indicating the custodian of the Plaintiffs' collateral file and promissory note from origination to the present.

38. All documents indicating the status of the Plaintiffs' mortgage loan at the time that Ocwen commenced servicing of the mortgage loan.

39. All documents indicating any correspondence from Hinshaw Culbertson LLP to Ocwen and Ocwen to Hinshaw Culbertston LLP, regarding any loan modifications signed by Plaintiff and the transmittal of any checks regarding any loan modification payments at any time.