UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| WAGNER JACINTO AND CESILIA RODRIGUEZ | : |
| Plaintiffs, | : |
| vs. | : C.A. No. 1:20-cv-00384 |
| WILMINGTON TRUST COMPANY AS SUCCESSOR TRUSTEE FOR THE BENEFIT OF THE CERTIFICATE HOLDERS OF POPLAR ABS, INC MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-C, PHH MORTGAGE CORPORATION | : |
| Defendants. | : |

**REPLY IN FURTHER SUPPORT OF**
**DEFENDANT'S MOTION TO QUASH OR MODIFY SUBPOENA**

PHH[1] responds to the arguments in the *Memorandum of Law in Support of Objection to Motion to Quash* (Feb. 11, 2022, ECF No. 37) ("Opp. Memo").

**A.     PHH Responded to Request Number 10 with Public Financial Information.**

At pages 3-8, the Opp. Memo argues that request number 10 seeks PHH's confidential financial information to prove that PHH is a debt collector. However, the Opp. Memo ignored that PHH produced 600 pages of its annual reports showing income from various activities. The Opp. Memo does not provide any reason why this response was insufficient or why Plaintiffs require PHH's confidential financial information rather than what was publicly disclosed. PHH therefore requests that its Motion to Quash be granted with respect to Request Number 10 to protect PHH's private financial information.

---

[1] Capitalized terms not defined herein shall have the same meanings as in Defendant's Motion to Quash or Modify Subpoena ("Motion to Quash") (Jan. 24, 2022).

1

**B.     Plaintiffs Apparently Conceded Request Number 11.**

The Opp. Memo does not respond to PHH's arguments regarding request number 11, which seeks confidential commercial contracts with a mailing vendor.  Thus, the Opp. Memo concedes that Plaintiffs do not need the contracts or documents referencing any contract, which are or contain confidential commercial information.  Moreover, Plaintiffs have not raised any issues in this case with the receipt of any mail.

**C.     Request Number 36 Seeks Confidential Commercial Information, not the Note.**

At pages 9-11, the Opp. Memo argues that request number 36 is required to prove that PHH is acting on behalf of the owner of the mortgage loan by somehow seeking the promissory note.  However, the Rhode Island Supreme Court and this Court have repeatedly stated that an entity need not possess the promissory note to foreclose on a mortgage.  *U.S. Bank Nat'l Ass'n as Tr. v. Torres*, Case No. 20-CV-00227-MSM-LDA, 2021 WL 4155080, at *3 (D.R.I. Sept. 13, 2021) ("[U]nder Rhode Island law an entity who holds the mortgage need not also own the note"); *Ocwen Loan Servicing, LLC v. Medina*, 247 A.3d 140, 145 (R.I. 2021); *Pimentel v. Deutsche Bank Nat'l Trust Co.*, 174 A.3d 740, 745 (R.I. 2017) ("under Rhode Island case law, a mortgagee may foreclose even if it does not hold the note").

This is true because as a matter of Rhode Island law, "the holder of the legal title to the mortgage … **always has acted as an agent** of the owner of the equitable title." *Mruk v. Mortg. Elec. Registration Sys., Inc.*, 82 A.3d 527, 537 (R.I. 2013) (emphasis added) (quoting *Bucci v. Lehman Bros. Bank*, 68 A.3d 1069, 1088 (R.I. 2013)).  Indeed, the Rhode Island Supreme Court rejected the argument made by this same Plaintiffs' counsel that the "the issue of an agency relationship between MERS and the owner of the note is a question of fact." *Genao v. Litton Loan Servicing, L.P.*, 108 A.3d 1017, 1021 (R.I. 2015).  Because the mortgagee may foreclose as agent

2

for the note as a matter of law, not fact, the current location of the promissory note is not relevant to any issues in this case.

Additionally, the Opp. Memo ignores that request number 36 did not actually request the promissory note itself, or any information regarding the location of the note, but rather the "custodial agreement." Such an agreement contains trade secrets and confidential commercial information. The Opp. Memo provided no reason or argument indicating why the custodial agreement is relevant or necessary to Plaintiffs.

D. **Request Number 39 Seeks Privileged Attorney-Client Communications.**

The Opp. Memo provides no argument for why Plaintiffs should be permitted, through request number 39, to obtain confidential attorney-client information. Instead, at pages 11-14, the Opp. Memo references the allegations of paragraphs 8-19 of the Complaint that described checks that Plaintiffs sent to Ocwen's former law firm. Ocwen received those checks, but some were rejected due to insufficient funds in Plaintiffs' account, and some were returned to Plaintiffs because they were insufficient to cure Plaintiffs' default. This is clear not only from the documents that Defendants already produced, but even from the allegations of the Complaint. *See, e.g.*, Compl. ¶ 19 ("This check … was mailed back to Plaintiffs by Ocwen"). Plaintiffs provided no reason to seek communications between Ocwen and its former law firm.

E. **The Motion to Quash was Properly Filed.**

The Opp. Memo also argues, at pages 1-2, that Defendants did not make a good faith attempt to resolve the discovery dispute before filing the Motion to Quash. However, the Motion to Quash was filed under *Fed. R. Civ. P.* 45 (d)(3), which does not require a pre-filing good faith effort pursuant to Rule 37. Likewise, Rule 45 does not require a motion to quash to be filed within 14 days. Moreover, PHH only moved to quash responses to four (4) requests. Even though the

3

Subpoena was not served until after this Court's discovery deadline closed, PHH did not withhold documents in response to the other subpoena requests.[2]

## CONCLUSION

PHH provided over 10,000 pages of information, which is the entirety of PHH's loan file for Plaintiffs' loan, and thus is all the relevant information in this matter. PHH also produced an additional 600 pages of financial documents in response to the Subpoena. The documents were produced as they are kept in the ordinary course of business. They were compiled into a single PDF and bates-stamped for production. Requests number 10, 11, 36, and 39, however, seek information that contains confidential trade secrets or other commercial information or is privileged attorney-client communications.

WHEREFORE, PHH respectfully requests that the Court quash Plaintiffs' Subpoena as to requests number 10, 11, 36, and 39.

PHH MORTGAGE CORPORATION

By Its Attorneys,

*/s/ Jeffrey C. Ankrom*
Joseph A. Farside, Jr., Esq. (#7559)
Krystle G. Tadesse, Esq. (#7944)
Jeffrey C. Ankrom, Esq. (#7663)
LOCKE LORD LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (fax)
joseph.farside@lockelord.com
krystle.tadesse@lockelord.com
jeffrey.ankrom@lockelord.com

Dated: February 22, 2022

---

[2] PHH responded subject to objections, because the requests were worded in a confusing way. Objections assist the parties to clarify the requests.

4

## **CERTIFICATE OF SERVICE**

      I, the undersigned, hereby certify that on the 22nd day of February, 2022 this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be mailed to those indicated as non-registered participants.

                                    */s/ Jeffrey C. Ankrom*
                                    Jeffrey C. Ankrom