UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

WAGNER JACINTO AND
CESILIA RODRIGUEZ

    VS                                                                  20-CV-384-MSM-PAS

WILMINGTON TRUST COMPANY  AS
SUCCESSOR TRUSTEE FOR THE BENEFIT
OF THE CERTIFICATE HOLDERS OF
POPLAR ABS, INC MORTGAGE
PASS-THROUGH CERTIFICATES SERIES 2005-C,
PHH MORTGAGE   CORPORATION

## MEMORANDUM OF LAW IN SUPPORT OF OBJECTION TO MOTION FOR A PROTECTIVE ORDER

Plaintiffs by their attorney, have objected to the Motion for a Protective Order for response to the Subpoena Duces Tecum item 11 for records from PHH Mortgage and its predecessor entity prior to merger, Ocwen Loan Servicing, LLC regarding a contract with the Walz Group, its mail and postage vendor. This part of the Subpoena requested the following documents:

11. All documents indicating any contract Ocwen Loan Servicing, LLC or PHH Mortgage Corporation had with The Walz Group, aka Lender Live Network, Inc. or any successor in interest for mail vendor and postage vendor services from January 1, 2018 through December 31, 2020.

1

However this is not the first time that PHH Mortgage Corporation has resisted this Subpoena as it filed a Motion to Quash the Subpoena Duces Tecum for this material on January 24, 2022 by alleging the following in its Motion to Quash:

This request seeks the contracts or "all documents indicating any contract" which is commercial information between PHH or its predecessor Ocwen Loan Servicing, LLC and a third party, "The Walz Group, aka Lender Live Network, Inc." This information is confidential and includes trade secrets and private financial information. Additionally, this information is not related to any of Plaintiffs' claims, as Plaintiffs' Complaint does not raise any issues with mailing any document and does not mention "The Walz Group, aka Lender Live Network, Inc" in any way. As this request seeks confidential trade secrets and commercial information, without any relation to any claim that Plaintiffs make in this action, the Subpoena should be quashed in relation to request number 11, pursuant to Fed. R. Civ. P. 37(d)(3)(B)(i) (the court "may, on motion, quash or modify the subpoena if it requires (i) disclosing a trade secret or other confidential research, development, or commercial information")

PHH and Ocwen had a contract with a mail Vendor known as the Walz Group. They did not request confidential information but the identity and any contract with the vendor. PHH referred in the untimely Objection to unnamed employees who may have mailed documents to the Plaintiffs. However Plaintiffs contend that PHH did not mail these documents itself

2

and that the date of depositing the mail and the authority and contractual ability of the Vendor to mail letters to the Plaintiffs is not privileged or confidential. The necessity for this information can be gleaned from cases in which Ocwen/PHH records regarding the Walz Group contract have been provided in actual litigation. For example certain records of the Walz contract and the Track Right system of PHH's mail vendor were provided to the Court in US Bank Trust NA v. Lykos, 2022 NY Slip Op 51293 (NY Supreme Court, 2022) in order to prove mailing and justify a foreclosure sale:

Also admitted into evidence as "boarded" by Fay were PHH's records of the "Track Right" system used by its mailing vendor "Walz" (*see Citimortgage, Inc. v Leitman,* 201AD3d 846 [2d Dept 2022]). Here, unlike in *Leitman,* Ms. Gioello established her familiarity with "Walz" mailing practices and procedures, as she had been trained in those procedures by "Walz" when working for a prior employer. She explained the mailing processes to ensure proper addressing and mailing and referred to the records that established the mailings of the RPAPL § 1304 notices by both regular and certified mail which were in evidence. Such testimony established the mailing of the notices by both regular mail and certified mail to defendant at the property (*Wells Fargo Bank, N.A. v Benitez,* 194 AD3d 986 [2d Dept 2021]).Accordingly, plaintiff having established the mailing of the notices in proper form, it is entitled to judgment in its favor, and it is

*ORDERED* that plaintiff is to settle an order of reference pursuant to RPAPL § 1321 for the court's signature within thirty (30) days of this decision, and upon compliance with the terms therein, shall submit a judgment of foreclosure and sale.

This issue has already been litigated and the Motion to Quash or Modify this subpoena has been denied by this Court on March 21, 2022 after reviewing the subpoena and the motion to quash. As a result the Law of the Case doctrine precludes the Defendant from filing this motion. This doctrine was analyzed in *McConaghy v. Sequa Corp*, 294 F. Supp 2d 151, (160D.R.I., 2003), in which the Court held:

> At the heart of this question is the law of the case doctrine. That doctrine requires that legal decisions, or rulings of law, made by a court at a particular stage of a civil or criminal proceeding become "law of the case," and that thereafter these determinations govern the same issues in subsequent stages of the same litigation, unless corrected by appellate review. *Arizona v. California,* 460 U.S. 605, 618, 103 S.Ct. 1382, 75 L.Ed.2d 318 (1983); *Ellis v. United States,* 313 F.3d 636, 646 (1st Cir.2002). As the First Circuit has observed, the law of the case doctrine "means that a court ordinarily ought to respect and follow its own rulings, made earlier in the same case." *Ellis,* 313 F.3d at 646. This concept applies to all legal determinations made at the same level of proceedings, regardless of whether the rulings were made by a predecessor judge. *See id.* ("The orderly functioning of the judicial process requires that judges of coordinate jurisdiction honor one another's orders and revisit them only in special circumstances.").

In *Ellis v. United States*, 313 F. 3d 636, 646, the First Circuit held:

> The other branch, applicable here, is somewhat more flexible. It provides that "unless corrected by an appellate tribunal, a legal decision made at one stage of a civil or criminal case constitutes the law of the case throughout the pendency of the litigation." *Flibotte v. Pa. Truck Lines, Inc.,* 131 F.3d 21, 25 (1st Cir.1997). This means that a court ordinarily ought to respect and follow its own rulings, made earlier in the same case. *See Arizona v. California,* 460 U.S. 605, 618, 103 S.Ct. 1382, 75 L.Ed.2d 318 (1983) (explaining that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case"). This branch

of the doctrine frowns upon, but does not altogether prohibit, reconsideration of orders within a single proceeding by a successor judge. *E.g., Flibotte,* 131 F.3d at 25

It is clear that the Defendant sought to preclude this information from being provided, alleging the same assertions as in this Motion, namely that the information was confidential. This Court denied the Motion to Quash. Instead of complying with the Subpoena, the Defendant filed this Motion which must be denied pursuant to the Law of the Case Doctrine.

In addition, the Defendant's general assertion that this contract is confidential and a trade secret and sensitive should be viewed skeptically in view of Defendant's prior motion and its suggestion that prior information was protected by Attorney Client privilege. Specifically Defendant sought to quash the subpoena topic 39 by alleging:

39. All documents indicating any correspondence from Hinshaw Culbertson LLP to Ocwen and Ocwen to Hinshaw Culbertston LLP, regarding any loan modifications signed by Plaintiff and the transmittal of any checks regarding any loan modification payments at any time. This request blatantly seeks information protected by the attorney/client privilege, as it seeks correspondence from an attorney (Hinshaw Culbertson LLP) to the client (PHH's predecessor Ocwen Loan Servicing, LLC), and vice versa. PHH therefore requests that this Court quash the Subpoena in relation to request

5

number 39 because it seeks information protected by the attorney-client privilege. Fed. R. Civ. P. 37(d)(3)(A)(iii) ( the court "must quash or modify a subpoena that: … (iii) requires disclosure of privileged or other protected matter")

This Motion was denied. However the Defendant, which asserted that this information was protected by the attorney client privilege in its Motion to Quash, in its response to the subpoena incredibly stated in its February 24, 2023 Supplemental Response to this subpoena topic:

39. All documents indicating any correspondence from Hinshaw Culbertson LLP to Ocwen and Ocwen to Hinshaw Culbertston LLP, regarding any loan modifications signed by Plaintiff and the transmittal of any checks regarding any loan modification payments at any time.

Objection: PHH objects to this request because it seeks information protected by the attorney-client privilege.

Supplemental Response: PHH does not have any documents responsive to this request.

This response defines the Defendant's cavalier attitude towards discovery responses, which Plaintiff will present in their renewed Motion for Sanctions. This Court should not consider the naked assertions of trade secrets and confidential information for these reasons. But if the Court does

6

consider this Motion it should be provided the documents for review to determine if this is actually confidential information. The Walz Group's weblink to its programs for loan servicers and other entities which need a mail vendor is the following weblink:

https://walzpostal.com/

The Plaintiffs do not seek the monetary consideration but rather the contract by which Ocwen/PHH claims that Walz is its authorized agent for mailing and the manner in which it claims that Walz actually mails letters.

    For these reasons the Motion for a Confidential Order should be denied.

WAGNER JACINTO

CESILIA RODRIGUEZ

March 14, 2023                      By their attorney,

/s/ John B. Ennis
JOHN B. ENNIS, ESQ. #2135
1200 Reservoir Avenue
Cranston, Rhode Island 02920
(401) 943-9230
Jbelaw75@gmail.com

## Certificate of Service

I hereby certify that I emailed a copy of this Memorandum to the following on March 14, 2023 and by electronic filing:

Joseph Farside
Krystle G. Tadesse
Jeffrey Ankrom

/s/ John B. Ennis