UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND


WAGNER JACINTO AND
CESILIA RODRIGUEZ

     VS                                 CA 20-CV-384-MSM-PAS

WILMINGTON TRUST COMPANY  AS
SUCCESSOR TRUSTEE FOR THE BENEFIT
OF THE CERTIFICATE HOLDERS OF
POPLAR ABS, INC MORTGAGE
PASS-THROUGH CERTIFICATES SERIES 2005-C,
PHH MORTGAGE   CORPORATION

### MOTION  TO COMPEL PRODUCTION OF DOCUMENTS SUBPOENAED AND FOR SANCTIONS AGAINST DEFENDANT PHH MORTGAGE CORPORATION

Plaintiffs, by their attorney, move Defendant, PHH Mortgage Corporation be adjudged in contempt for  failure to comply with a Subpoena Duces Tcum despite the fact that a Motion for a Protective Order was denied by this Court. Contrary to the assertions of the Defendant's attorney, the Defendant has not complied with the subpoena duces tecum served on PHH Mortgage Corporation. This Court denied the Motion to Quash the entire  Subpoena and this discovery propounded by the Plaintiffs has not yet been completely responded to by the Defendant. No privilege log has been provided by PHH Mortgage Corporation.   Plaintiffs' attorney has reviewed the various responses served on February 28, 2023 and later in May and a supplemental response is forthcoming.    The Supplemental Responses  have not provided the documents requested in the Subpoena.  Defendant has never provided

complete documents including the life of the loan electronic history of the loan for

Ocwen Loan Servicing, LLC on Ocwen's RealServicing platform, Ocwen's native

data in the form of its Stage 5 database, PHH Mortgage's life of the loan electronic

history of the loan on its system of record, MSP LoanSphere , the complete

servicing file without any redactions and other

documents.

This case revolves around the allegations that Ocwen Financial Corporation

did not board the loan modification, which was executed by the Plaintiffs and by

Ocwen Financial Corporations legal counsel, as indicated by the document

attached to the complaint and to this Motion. The following allegations in the

complaint reference this Modification:

Plaintiffs accepted this modification offer and agreed to this contract, which

provided for the following terms: $154,000.00 after applying the first payment for

234 months with an August 1, 2035 maturity date at an interest rate of 3.95% the

principal and interest payment was $944.83 and the current escrow payment was

$449.03.

10.      Plaintiffs indicated their acceptance of this loan modification offer on

February 1, 2016 by mailing Hinshaw and Culbertston LLP, the attorney for

Ocwen,  their acceptance of the loan modification offer and the down payment of

$1,393.86. A copy of this letter is attached as Exhibit D. This check was cashed by Ocwen.

11.      On February 29, 2016, through their attorney, Plaintiffs made the first payment for March, 2016 on the modification in the amount of $1400.00 for the regular payment plus $6.14 for additional principal. A copy of this letter and check is attached as Exhibit E. This check was cashed by Ocwen.

12.      On March 31, 2016 Plaintiffs signed the modification and transmitted it to Hinshaw & Culbertson by letter, through their attorney, with another check for the second payment for April, 2016 of $1400.00. A copy is attached as Exhibit F. This check was cashed by Ocwen.

13.      This modification was executed by Ocwen as attorney in fact for the mortgagee on April 4, 2016 by its Vice President and Assistant General Counsel Joel L. Israel.  A copy of this executed modification is attached as Exhibit G.

14.      On  May 6, 2016 Plaintiffs mailed another check for $1400.00 to Hinshaw & Culbertson by letter, through their attorney, for the third payment for May, 2016 of $1400.00. A copy is attached as Exhibit H. This check was cashed by Ocwen.

16.      Plaintiffs did not receive any statements until July, 2016 when Ocwen mailed multiple statements to them dated July 7, 2016.

Thus the issue in this case is why Ocwen (now PHH Mortgage as successor in interest) did not board the modification. The Servicing file, life of the loan

3

transactional history for Ocwen, PHH and the Ocwen Stage 5 Database along with documents relating to communications with Hinshaw Culbertson, which provided the modification and checks to Ocwen after receipt from Plaintiffs were not provided as indicated in the subpoena.   Defendant has falsely asserted that the loan modification was not boarded because it falsely alleges that the down payment was not made to PHH. However this assertion is false because hidden in the middle of the voluminous documents sent to the Plaintiffs' attorney with loan modification were the attached documents dated September 24, 2016  which indicated that the loan modification was rejected because of Providence County being the incorrect County for recording. Ocwen's agent or employee suggested that the modification should have been recorded in Central Falls County not Providence County.  Since there is no Central Falls County, this was a clear cut error and one which Defendant is seeking to cover with the excuse that the payment was not made.

The collection notes of Ocwen which were provided were redacted on multiple dates, including September 22, 2023. There was  no basis for this redaction as no privilege log was provided. These are collection notes shared on the Ocwen Real Servicing Program, which can be changed by PHH unless the documents are in the Stage 5 Format, which does not allow changes and is raw data. These collection notes were redacted for the period September 22, 2016 just

4

after the reference to the modification being sent to the title company for recording

and before the portion stating:

Our file is closed

The redaction was also before the portion of the collection notes stating:

| | | | |
|---|---|---|---|
| 7090997367 LNDECEL | Loan Deceleration | 9/23/2016 | 9/23/201 FC |
| | As per email from ARM: | | |
| 7090997367 | Close and bill is a must but raise DF flag and make detailed notes. Loan has been modified and the mailbox was also copied. Kindly close and bill the file as loan has been modified. | 9/23/2016 | 9/23/201 fc |
| 7090997367 FCSM | Please send email confirmation of acknowledgement on all Hold and Stop instructions received by your office from Ocwen to ForeclosureNotification@ocwen.com and copy the respective foreclosure coordinator/dedicated Ocwen mailbox. | 9/23/2016 | 9/23/201 |
| 7090997367 LTCH | "Loan Reviewed for Late Charge" 88.98 Assessed | 9/23/2016 | 9/23/201 CL |
| 7090997367 MODSTC | Modification agreement has been sent for recording to the county by the title company. | 9/26/2016 | 9/24/201 MOD |
| 7090997367 LALR | Loans Assigned to LRC | 9/24/2016 | 9/26/201 CL |
| 7090997367 SCRFRC | Servicemembers Civil Relief Foreclosure Referral Check Completed. Servicemembers Civil Relief Foreclosure Referral Check Completed. | 9/26/2016 | 9/26/201 FC |
| 7090997367 OPTCR | 45 Day Know Your Options Letter Conv | 9/26/2016 | 9/26/201 CS |

This document has been redacted on multiple dates without any privilege log.

These redactions occurred on the pages listed on the attached List of Redactions.

The servicing notes of Ocwen provided in this case indicate that there are multiple

persons whose code appears to the right. With no privilege logs and the sharing of

information by the persons whose entered the collection notes, these notes are not

privileged.  Plaintiffs will provide a copy of the collection notes, which are

available to any Ocwen employee who has the code. They were not entered in

anticipation of litigation nor are they subject to the attorney client privilege. PHH

has merely redacted anything that it wanted to redact for no valid reason.

This issue has already been litigated and the Motion to Quash or

Modify this subpoena has been denied by this Court on March 21, 2022 after

reviewing the subpoena and the motion to quash. As a result the Law of the

Case doctrine precludes the Defendant from objecting to the subpoena. This

doctrine

was analyzed in *McConaghy v. Sequa Corp*, 294 F. Supp 2d 151,

(160D.R.I., 2003), in which the Court held:

At the heart of this question is the law of the case doctrine. That doctrine
requires that legal decisions, or rulings of law, made by a court at a
particular stage of a civil or criminal proceeding become "law of the case,"
and that thereafter these determinations govern the same issues in
subsequent stages of the same litigation, unless corrected by appellate
review. *Arizona v. California,* 460 U.S. 605, 618, 103 S.Ct. 1382, 75
L.Ed.2d 318 (1983); *Ellis v. United States,* 313 F.3d 636, 646 (1st Cir.2002).
As the First Circuit has observed, the law of the case doctrine "means that a
court ordinarily ought to respect and follow its own rulings, made earlier in
the same case." *Ellis,* 313 F.3d at 646. This concept applies to all legal
determinations made at the same level of proceedings, regardless of whether
the rulings were made by a predecessor judge. *See id.* ("The orderly
functioning of the judicial process requires that judges of coordinate
jurisdiction honor one another's orders and revisit them only in special
circumstances.").

In *Ellis v. United States*, 313 F. 3d 636, 646, the First Circuit held:

6

The other branch, applicable here, is somewhat more flexible. It provides that "unless corrected by an appellate tribunal, a legal decision made at one stage of a civil or criminal case constitutes the law of the case throughout the pendency of the litigation." *Flibotte v. Pa. Truck Lines, Inc.,* 131 F.3d 21, 25 (1st Cir.1997). This means that a court ordinarily ought to respect and follow its own rulings, made earlier in the same case. *See Arizona v. California,* 460 U.S. 605, 618, 103 S.Ct. 1382, 75 L.Ed.2d 318 (1983) (explaining that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case"). This branch of the doctrine frowns upon, but does not altogether prohibit, reconsideration of orders within a single proceeding by a successor judge. *E.g., Flibotte,* 131 F.3d at 25

It is clear that the Defendant seeks to preclude  information from being provided, alleging the same assertions in its Response as in the Motion to Quash, which this Court denied Instead of complying with the Subpoena, the Defendant's attorney on  multiple occasions claims to have provided all the documents requested. However these assertions will be shown to be a clear avoidance of its obligations regarding production of certain documents subpoenaed. This failure must be sanctioned pursuant to the Law of the Case Doctrine.

Defendant originally sought to quash the subpoena topic 39, which requested the following:

39. All documents indicating any correspondence from Hinshaw Culbertson LLP to Ocwen and Ocwen to Hinshaw Culbertston LLP, regarding any loan modifications signed by Plaintiff and the transmittal of any checks regarding any loan modification payments at any time.

Defendant asserted:

This request blatantly seeks information protected by the attorney/client privilege, as it seeks correspondence from an attorney (Hinshaw Culbertson LLP) to the client (PHH's predecessor Ocwen Loan Servicing, LLC), and vice versa. PHH therefore requests that this Court quash the Subpoena in relation to request number 39 because it seeks information protected by the attorney-client privilege. Fed. R. Civ. P. 37(d)(3)(A)(iii) ( the court "must quash or modify a subpoena that: … (iii) requires disclosure of privileged or other protected matter")

This Motion was denied. However the Defendant, which asserted that this information was protected by the attorney client privilege in its Motion to Quash, in its response to the subpoena incredibly stated in its February 24, 2023 Supplemental Response to this subpoena topic:

39. All documents indicating any correspondence from Hinshaw Culbertson LLP to Ocwen and Ocwen to Hinshaw Culbertston LLP, regarding any loan modifications signed by Plaintiff and the transmittal of any checks regarding any loan modification payments at any time.

Objection: PHH objects to this request because it seeks information protected by the attorney-client privilege.

Supplemental Response: PHH does not have any documents responsive to this request.

This response defines the Defendant's cavalier attitude towards discovery responses, which Plaintiff suggests is present in this case.

Despite the protestations of the Defendant certain documents have not been provided. These are as follows:

# 1  The entire servicing file for Ocwen has not been provided.  PHH has  not provided the servicing notes or the unredacted collection notes, r or the electronic fields contained on Ocwen's electronic system of record, Real Servicing. The servicing file contents are referenced in the Subpoena definitions.  Its reference too the initial disclosures without identifying or referring the actual BATES stamping numbering for the specific documents requested does not comply with its obligations to respond to subpoenas as these documents exceeded 10,000 pages.

#2 The entire servicing file för PHH has not been provided.  PHH has not provided the servicing notes or the unredacted collection notes,  or the electronic fields contained on PHH's electronic system of record, Black Knight Loansphere MSP. Its reference to the initial disclosures without identifying or referring the actual BATES stamping numbering for the specific documents requested does not comply with its obligations to respond to subpoenas as these documents exceeded 10,000 pages. The definition of servicing file in Regulation X was incorporated in the subpoena, which has not been complied with by Defendant. This section defines servicing file as:

#3  PHH HAS not provided the life of the loan mortgage transactional history on any servicer's electronic system of record. No such record was provided for

Popular Mortgage's system of record, Litton Loan Servicing, which used LSAMS, Loan Servicing and Account Management ("LSAMS"), Ocwen's Real Servicing and PHH's system of record Black Knight Loansphere MSP. It only provided reconciliations which are not the actual electronic system of record. Ocwen's records are maintained by PHH in the raw data format, referenced as Stage 5 Database for generating report. These documents in their actual electronic format should be provided so as to provide documents, which cannot be edited or in which there is removal of date. Phh also has provided the PHH documentation up to the date of compliance with the subpoena. Its reference to the initial disclosures without identifying or referring the actual BATES stamping numbering for the specific documents requested does not comply with its obligations to respond to subpoenas as these documents exceeded 10,000 pages.

Item # 5  PHH provided documents in which Ocwen stated that this modification was reversed due to the downpayment check was returned for insufficient funds in January 2015. No other documents have been provided. It has not provided any documents on which it based its defense that this modification was not effective other than PHHJAC 0097 and 0098 attached to this letter which indicates that loan # 7090997367 was rejected on September 24, 2016 because the incorrect County was listed on Coversheet. This coversheet indicates that it should have been Central Falls County not Providence County. However there is no Central Falls

County. It has also asserted that the modification was rejected due to failure to make payments. It has not provided any other documents regarding this modification, with collection notes redacted during this time frame. its reference to the initial disclosures without identifying or referring the actual BATES stamping numbering for the specific documents requested does not comply with your obligations to respond to subpoenas as these documents exceeded 10,000 pages.

# 9 PHH did not produce records of PHH Mortgage Corporation regarding its primary business purpose as this is an issue in this case. Defendant has denied that the primary business of PHH Mortgage Corporation is the collection of debts.Instead it provided what it claimed were Securities and Exchange Commission documents which are online of Ocwen Financial Corporation. The actual records of PHH Mortgage Corporation were sought in order to dispute PHH's denial that the primary business of PHH Mortgage Corporation was not the collection of debts.

# 13   All documents mailed to the client. No IRS 1098 forms for 2014, 2015, 2016, 2018 or 2019 have been provided.  PHH'sreference to the initial disclosures without identifying or referring the actual BATES stamping numbering for the specific documents requested does not comply with its obligations to respond to subpoenas as these documents exceeded 10,000 pages.

11

# 14  PHH did  comply with 14. No screen shots of corporate advances from its electronic system of record have been provided. The reference to the initial disclosures without identifying or referring the actual BATES stamping numbering for the specific documents requested does not comply with its obligations to respond to subpoenas as these documents exceeded 10,000 pages.

# 15  PHH did  not complied with 15, which requested all documents which Ocwen used to confirm and verify the accuracy of the principal balance, past due interest and escrow and all corporate advances and fees or Plaintiffs' mortgage loan account when the loan was boarded on Ocwen's electronic system of record , when Ocwen commenced servicing Plaintiffs' mortgage loan. Its reference to the initial disclosures without identifying or referring the actual BATES stamping numbering for the specific documents requested does not comply with its obligations to respond to subpoenas as these documents exceeded 10,000 pages.

# 16 PHH has  not complied with 16, which requested all documents which PHH used to confirm and verify the accuracy of the principal balance, past due interest and escrow and all corporate advances and fees or Plaintiffs' mortgage loan account when the loan was boarded on PHH's electronic system of record , when PHH commenced servicing Plaintiffs' mortgage loan.   It did not provide this information. Your reference to the initial disclosures without identifying or

referring the actual BATES stamping numbering for the specific documents requested does not comply with its obligations to respond to subpoenas as these documents exceeded 10,000 pages.

# 17 It did not comply with 17, which requested all data fields which were boarded onto PHH's electronic system of records when the loan servicing was converted from the RealServicing program of Ocwen onto PHH's system, MSP. PHH has these data fiels, which exist in PHH's records as Stage 5 database. PHH did not provide this information.

# 18 It did not provide all loss mitigation documents relating to the Defendant's response to loss mitigation of the Plaintiffs. It originally claimed that this request encompassed attorney client communications and did not provide any loss mitigation documents relating to the 2016 modification.

#19  It did not comply fully with 16 by providing all billings from law firms or other corporate advances have been provided.

# 20. PHH  provided default letters but have not provided records which indicate the name, employer phone number and business address of the person who deposited these letters in the United States mail. The mailbox rule provides for proof of mailing by evidence that the letters were actually deposited in the United States mail. No reference in any collection or

13

servicing notes indicates when or by whom these letters were deposited in the United States mail.  PHH had a contract with the Walz Group as did Ocwen. Thus this information should be available unless the Walz Group has no such records, which mitigates against the application of the mail box rule.

# 21 PHH  provided acceleration letters but has not provided records which indicate the name, employer phone number and business address of the person who deposited these letters in the United States mail.  For the same reasons as #20, these should be provided.

 # 22  PHH provided 34-27-3.1 letters but has not provided records which indicate the name, employer phone number and business address of the person who deposited these letters in the United States mail.  For the same reasons as #19 and #21, these should be provided.

# 23   PHH has provided a 34-27-3.2 letter but has not provided records which indicate the name, employer phone number and business address of the person who deposited this letter in the United States mail.   For the same reasons as #19 and #21 and # 22, these should be provided.

# 24 PHH has not provided all  34-27-4 letters from all servicers and has not provided the name, employer phone number and business address of the person who deposited these letters in the United States mail.  For the same reasons as #19 and #21, # 22 and # 23, these should be provided.

# 25  PHH has not complied with 25 as no record of payment and letters to Rhode Island Housing for Mediation from PHH were provided.

# 26  PHH has not complied with 26 as no documents from Rhode Island Housing for Mediation to PHH were provided.

# 27 has not been complied with as there are 14 affirmative defenses. It has not identified any particular documents on which it based its affirmative defenses. Its reference to the initial disclosures without identifying or referring the actual specific BATES stamping numbering for the specific documents as to each affirmative defense does not comply with its obligations to respond to subpoenas as these documents exceeded 10,000 pages.

# 28 has not been complied with referencing Ocwen Financial Corporation records. No financial  records of PHH Mortgage Corporation have been provided.

# 29 has not been complied with other than the final statement of Litton Loan Servicing and what may be the first statement of Ocwen. There are other

documents, which have not been provided, such as the RealServicing Records and State 5 Database of Ocwen and the electronic system of record of Litton, Loan Servicing, which was an electronic system referenced as LSAMS. These documents would clearly indicate the status of the loan when Litton ceased servicing and when Ocwen commenced servicing.

 # 30 has not been complied with as there was an electronic transfer of all the documents, including life of loan and servicing file. Its general reference to the initial disclosures and massive numbers of documents without identifying or referring the actual BATES stamping numbering for the specific documents requested does not comply with PHH's obligations to respond to subpoenas as these documents exceeded 10,000 pages.

# 31 has not been complied with. Your reference to the initial disclosures without identifying or referring the actual BATES stamping numbering for the specific documents requested does not comply with your obligations to respond to subpoenas as these documents exceeded 10,000 pages.

# 32  has not been complied with. Your reference to the initial disclosures without identifying or referring the actual BATES stamping numbering for the specific documents requested does not comply with your obligations to respond to subpoenas as these documents exceeded 10,000 pages.

16

# 33 has not been complied with as PHH refuses to provide documents which indicate the names and business addresses and job titles of all persons who confirmed the accuracy of the prior servicer's records when Ocwen commenced servicing.

#36    has not been complied with by PHH, which was subpoenaed to provide the custodial agreement regarding the custody of the Plaintiffs' collateral file and promissory note.  PHH denies that it has these documents, but does not indicate whether it has access to these documents. All loans have collateral files in the custody of a custodian.  While PHH may not be the custodian as servicer it has copies of these documents. This is an attempt to avoid providing these documents by this qualified response without stating that a review of the records has been made.

#37 has not been complied with. While PHH may not be the custodian as servicer it has copies of these documents. This is an attempt to avoid providing these documents by this qualified response without stating that a review of the records has been made.

# 38 has not been complied with. Your reference to the initial disclosures without identifying or referring the actual BATES stamping numbering for the specific documents requested does not comply with your obligations to respond to subpoenas as these documents exceeded 10,000 pages.

# 39 has not been complied with. Its  original response was that PHH objected to this request because it seeks information protected by the attorney-client privilege. Now it assert that there is no such correspondence.  The original correspondence was with Ocwen Loan Servicing, LLC. PHH Mortgage Corporation is the successor by merger to this entity.   The documents from Hinshaw Culbertson would include the transmission of the signed loan modification by the Plaintiffs to Ocwen along with the checks which were for the down payment and subsequent initial payments. Defendant is hiding these documents and refuses to provide documents which resulted in Ocwen's Legal Counsel signing the 2016 loan modification.

In short, Defendant has failed to comply with the subpoena. Plaintiffs have made a good faith attempt to resolve this matter without the necessity of filing a Motion to Compel. It took multiple discovery dispute letters to finally obtain some degree of specificity in the responses other than the generic reference to the 10,000 plus page initial disclosures.  The question then is what relief should be provided to

the Plaintiff in this Motion. It is suggested that the Defendant should be first compelled to provide these documents without objection within thirty days and provide evidence of the documents which were searched and the employees of PHH who assisted in this search. The Defendant should also be adjudged in contempt and ordered to pay an attorney fee for its refusal to provide documents after its original Motion to Quash was denied. Finally a conditional Order of Default should be ordered requiring that Defendant, should be defaulted unless PHH provides these documents within a specified period of time.

Plaintiff has been required to go through thousands of pages of documents, including documents from another borrower within the more than 10,000 documents provided. The electronic history and unredacted collection and servicing notes were not provided nor was the servicing file. PHH can any technician or its attorney with the password can obtain the documents subpoenaed. Instead the subpoenaed documents were willfully not provided.

Wherefore Plaintiffs move that this Court:

a. Order PHH Mortgage Corporation to provide all subpoenaed documents without objection within thirty days and provide evidence of the documents which were searched and the employees of PHH who assisted in this search.

b.  Issue an Order adjudging Defendants in contempt and order Defendant to pay an attorney fee for its refusal to provide documents after its original Motion to Quash was denied.

c.  Issue a Conditional Order of Default against PHH Mortgage Corporation unless PHH provides these subpoenaed documents within thirty days.

d.  Issue an Order to show cause why PHH should not be adjudged in willful contempt by providing a witness of PHH who will explain why these documents were not originally provided.

e.  Grant all other just and relief.

WAGNER JACINTO

CECILIA RODRIGUEZ
By their attorney,

May 31, 2023                    /s/ John B. Ennis
                                JOHN B. ENNIS, ESQ. #2135
                                1200 Reservoir Avenue
                                Cranston, Rhode Island 02920
                                (401) 943-9230
                                Jbelaw75@gmail.com

CERTIFICATE OF SERVICE

I certify that a copy of this motion was served by electronic filing on May 31, 2023

/s/ John B. Ennis