# EXHIBIT A

# John B. Ennis

*Attorney at Law*
**1200 Reservoir Avenue**
**Cranston, Rhode Island 02920**

**Tel. (401) 943-9230**                                          **Fax (401) 679-0035**
**Email: Jbelaw75@gmail.com**

February 23, 2023

Jeffrey Ankrom, Esq.
Locke Lord LLP
2800 Financial Plaza
Providence RI 02903

Re Jacinto vs PHH et al CA No 1:20-cv-00384

Dear Mr. Ankrom:

     I am writing in regard to the failure of your client PHH Mortgage to comply with the documents in the subpoena served on your client. Your motion to quash was denied and as a result, your client was required to provide certain documents which it has not provided. In the 10,097 page document which is the only set of documents provided, significant documents were not provided. I would note that the following documents remain outstanding:

1. The entire servicing file for Ocwen has not been provided. You have not provided the servicing notes or the collection notes, recordings of any phone calls or the electronic fields contained on Ocwen's electronic system of record, Real Servicing. The servicing file contents are referenced in the Subpoena definitions.

2. The entire servicing file for PHH has not been provided. You have not provided the servicing notes or the collection notes, recordings of any phone calls or the electronic fields contained on PHH's's electronic system of record, Black Knight Loansphere MSP.

3. You have not provided the life of the loan mortgage transactional history on any servicer's electronic system of record. No such record was provided for Popular Mortgage's system of record, Litton Loan Servicing, which used

1

Loan Servicing and Account Management ("LSAMS"), Ocwen's Real Servicing and PHH's system of record Black Knight Loansphere MSP.

4. A copy of the modification executed December 11, 2014 has been provided.

5. You have provided documents in which Ocwen stated that this modification was reversed due to the downpayment check was returned for insufficient funds in January 2015. No other documents have been provided.

6. The April 14, 2016 modification  executed by Joel C. Israel  has been provided.

7. You have not provided any documents on which you base your defense that this modification was not effective other than PHHJAC 0097 and 0098 attached to this letter which indicates that loan # ███████367 was rejected on September 24, 2016 because the incorrect County was listed on Coversheet. This coversheet indicates that it should have been Central Falls County not Providence County. As you know there is no Central Falls County. You have asserted that the modification was rejected due to failure to make payments.  You have not provided any other documents regarding this modification.

8. You have not provided all the periodic statements from the time that  Ocwen obtained servicing rights,

9. You have not complied with number 9 at all.

10. You have not complied with number 10.

11. You have not complied with number 11.

12. You have not provided all documents mailed to the client. No IRS 1098 forms for 2014, 2015, 2016, 2018 or 2019 have been provided.

13. You have not provided the initial Ocwen Notice and communication to my client in 2011. Please provide the last periodic statement from Litton Loan Servicing to my client.

14. You have not complied with 14.

15. You have not complied with 15.

16.  You have not complied with16.

17.  You have not complied with 17.

18.  You appear to have complied with 18.

19.  You have complied with some of these documents.

20.  You have provided default letters but have not indicated the name,
     employer phone number and business address of the person who deposited
     these letters in the United States mail.

21.  You have provided acceleration letters but have not indicated the name,
     employer phone number and business address of the person who deposited
     these letters in the United States mail.

22.  You have provided 34-27-3.1 letters but have not indicated the name,
     employer phone number and business address of the person who deposited
     these letters in the United States mail.

23.  You have provided a  34-27-3.2 letter but have not indicated the name,
     employer phone number and business address of the person who deposited
     this letter in the United States mail.

24.  You have provided a  34-27-4 letters but have not indicated the name,
     employer phone number and business address of the person who deposited
     these  letters in the United States mail.

25.  You have not complied with 25.

26.  You have not complied with 26.

27.  You have not complied with 27. You have not provided any such
     documents, nor have you identified any such documents, which comply with
     this request in the documents you have provided.

28.  You have not complied with 28

29. You have not complied with 29. You have not provided any such documents, nor have you identified any such documents, which comply with this request in the documents you have provided.

30. You have not complied with 30.

31. You have not complied with 31.

32. You have not complied with 32.

33. You have not complied with 33.

34. You have not complied with 34.

35. You have not complied with 35.

36. You have not complied with 36.

37. You have not complied with 37 and

38. You have not complied with 38. You have not provided any such documents, nor have you identified any such documents, which comply with this request in the documents you have provided.

39. You have not complied with 39.

I had requested that you provide the original promissory note for inspection on several occasions within the scheduling deadlines on March 18, 2021, December 10, 2021, December 14, 2021 and December 16, 2021/. You have not responded to my numerous requests for the promissory note. Please advise if you will provide these documents without the necessity of a Court Hearing. This is a good faith attempt to resolved this matter without the filing of a Motion to Adjudge your client in contempt. The Court denied the Motion to Quash. Thus these documents should have been provided.

Sincerely,

John B. Ennis

4

# John B. Ennis

Attorney at Law
1200 Reservoir Avenue
Cranston, Rhode Island 02920

Tel. (401) 943-9230                                            Fax (401) 679-0035
Email: Jbelaw75@gmail.com

March 22, 2023

Jeffrey Ankrom, Esq.
Locke Lord LLP
2800 Financial Plaza
Providence RI 02903

Re Jacinto vs PHH et al CA No 1:20-cv-00384

Dear Mr. Ankrom:

I am writing in regard to the failure of your client PHH Mortgage to comply with the documents in the subpoena served on your client. Your motion to quash was denied and as a result, your client was required to provide certain documents which it has not provided. This letter is an attempt to resolve this Discovery Dispute without the necessity of filing a Motion to Adjudge in contempt. In the 10,097 page document which is the only set of documents provided, significant documents were not provided. I would note that the following documents remain outstanding:

# 1   The entire servicing file for Ocwen has not been provided. You have not provided the servicing notes or the collection notes, recordings of any phone calls or the electronic fields contained on Ocwen's electronic system of record, Real Servicing. The servicing file contents are referenced in the Subpoena definitions. Your reference to the initial disclosures without identifying or referring the actual BATES stamping numbering for the specific documents requested does not comply with your obligations to respond to subpoenas as these documents exceeded 10,000 pages.

#2 The entire servicing file fōr PHH has not been provided. You have not provided the servicing notes or the collection notes, recordings of any phone calls or the electronic fields contained on PHH's electronic system of record, Black Knight

Loansphere MSP. Your reference to the initial disclosures without identifying or referring the actual BATES stamping numbering for the specific documents requested does not comply with your obligations to respond to subpoenas as these documents exceeded 10,000 pages.

#3  You have not provided the life of the loan mortgage transactional history on any servicer's electronic system of record. No such record was provided for Popular Mortgage's system of record, Litton Loan Servicing, which used LSAMS, Loan Servicing and Account Management ("LSAMS"), Ocwen's Real Servicing and PHH's system of record Black Knight Loansphere MSP. You have only provided reconciliations which are not the actual electronic system of record. Ocwen's records are maintained by PHH in the raw data format, referenced as Stage 5 Database for generating report. Please provide this documents in their actual electronic format without any editing or any removal of data. You also have not provided the PHH documentation up to the date of compliance with the subpoena. Your reference to the initial disclosures without identifying or referring the actual BATES stamping numbering for the specific documents requested does not comply with your obligations to respond to subpoenas as these documents exceeded 10,000 pages.

Item # 5 You have provided documents in which Ocwen stated that this modification was reversed due to the downpayment check was returned for insufficient funds in January 2015. No other documents have been provided.. You have not provided any documents on which you base your defense that this modification was not effective other than PHHJAC 0097 and 0098 attached to this letter which indicates that loan # ████████367 was rejected on September 24, 2016 because the incorrect County was listed on Coversheet. This coversheet indicates that it should have been Central Falls County not Providence County. As you know there is no Central Falls County. You have asserted that the modification was rejected due to failure to make payments. You have not provided any other documents regarding this modification. Your reference to the initial disclosures without identifying or referring the actual BATES stamping numbering for the specific documents requested does not comply with your obligations to respond to subpoenas as these documents exceeded 10,000 pages.

# 8 You have not provided all the periodic statements from the time that Ocwen obtained servicing rights. Your reference to the initial disclosures without identifying or referring the actual BATES stamping numbering for the specific documents requested does not comply with your obligations to respond to subpoenas as these documents exceeded 10,000 pages.

# 9 and 1 You have not complied with number 9 or 10 all. Your reference to SEC documents do not comply and in fact I do not see any PHHJAC 10318-PHHJAC10917, PHHJAC 10779 or PHHJAC 10590, PHHJAC 10602, PHHJAC ` 10779, PHHJAC 10590 in the documents provided on February 28, 2023.

You did not produce what you claimed were confidential records of PHH Mortgage Corporation. The SEC documents were of Ocwen Financial Corporation. You have responded without documents as if the request was for interrogatories, without being signed under oath. The actual records of PHH Mortgage Corporation were sought in order to dispute your denial that the primary business of PHH Mortgage Corporation was not the collection of debts.

# 12 This has not been provided and is subject to the Court's Order on your motion.

# 13 You have not provided all documents mailed to the client. No IRS 1098 forms for 2014, 2015, 2016, 2018 or 2019 have been provided. Your reference to the initial disclosures without identifying or referring the actual BATES stamping numbering for the specific documents requested does not comply with your obligations to respond to subpoenas as these documents exceeded 10,000 pages.

# 14 You have not complied with 14. No screen shots of corporate advances from your electronic system of record have been provided. . You did not provide this information. Your reference to the initial disclosures without identifying or referring the actual BATES stamping numbering for the specific documents requested does not comply with your obligations to respond to subpoenas as these documents exceeded 10,000 pages.

# 15 You have not complied with 15. . You did not provide this information. Your reference to the initial disclosures without identifying or referring the actual BATES stamping numbering for the specific documents requested does not comply with your obligations to respond to subpoenas as these documents exceeded 10,000 pages.

# 16 You have not complied with 16. You did not provide this information. Your reference to the initial disclosures without identifying or referring the actual BATES stamping numbering for the specific documents requested does not comply with your obligations to respond to subpoenas as these documents exceeded 10,000 pages.

# 17 You have not complied with 17. No data fields which exist in PHH's records as Stage 5 You did not provide this information. Your reference to the initial

disclosures without identifying or referring the actual BATES stamping numbering for the specific documents requested does not comply with your obligations to respond to subpoenas as these documents exceeded

# 18 You have not complied with 18#   You did not provide this information. Your reference to the initial disclosures without identifying or referring the actual BATES stamping numbering for the specific documents requested does not comply with your obligations to respond to subpoenas as these documents exceeded. You originally claimed that this request encompassed attorney client communications and did not provide and loss mitigation documents relating to the 2016 modification.

#19 You have not complied with 16. No billings from law firms or other corporate advances have been provided. Your reference to the initial disclosures without identifying or referring the actual BATES stamping numbering for the specific documents requested does not comply with your obligations to respond to subpoenas as these documents exceeded 10,000 pages.

# 20. You have provided default letters but have not indicated the name, employer phone number and business address of the person who deposited these letters in the United States mail. Your reference to the initial disclosures without identifying or referring the actual BATES stamping numbering for the specific documents requested does not comply with your obligations to respond to subpoenas as these documents exceeded 10,000 pages.

# 21 You have provided acceleration letters but have not indicated the name, employer phone number and business address of the person who deposited these letters in the United States mail. Your reference to the initial disclosures without identifying or referring the actual BATES stamping numbering for the specific documents requested does not comply with your obligations to respond to subpoenas as these documents exceeded 10,000 pages.

# 22 You have provided 34-27-3.1 letters but have not indicated the name, employer phone number and business address of the person who deposited these letters in the United States mail. Your reference to the initial disclosures without identifying or referring the actual BATES stamping numbering for the specific documents requested does not comply with your obligations to respond to subpoenas as these documents exceeded 10,000 pages.

# 23   You have provided a 34-27-3.2 letter but have not indicated the name, employer phone number and business address of the person who deposited this letter in the United States mail. Your reference to the initial disclosures without identifying

or referring the actual BATES stamping numbering for the specific documents requested does not comply with your obligations to respond to subpoenas as these documents exceeded 10,000 pages.

# 24 You have provided a 34-27-4 letters but have not indicated the name, employer phone number and business address of the person who deposited these letters in the United States mail. Your reference to the initial disclosures without identifying or referring the actual BATES stamping numbering for the specific documents requested does not comply with your obligations to respond to subpoenas as these documents exceeded 10,000 pages.

# 25  You have not complied with 25 as no record of payment and letters to Rhode Island Housing for Mediation from,PHH were provided. Your reference to the initial disclosures without identifying or referring the actual BATES stamping numbering for the specific documents requested does not comply with your obligations to respond to subpoenas as these documents exceeded 10,000 pages.

# 26  You have not complied with 26 as no documents from Rhode Island Housing for Mediation to PHH were provided. Your reference to the initial disclosures without identifying or referring the actual BATES stamping numbering for the specific documents requested does not comply with your obligations to respond to subpoenas as these documents exceeded 10,000 pages.

# 27 has not been complied with as there are 14 affirmative defenses. Your reference to the initial disclosures without identifying or referring the actual BATES stamping numbering for the specific documents requested does not comply with your obligations to respond to subpoenas as these documents exceeded 10,000 pages.

# 28 has not been complied with referencing Ocwen Financial Corporation records. Also you continue to object to this portion of the subpoena despite the denial of your .original motion to quash.

# 29 has not been complied. Your reference to the initial disclosures without identifying or referring the actual BATES stamping numbering for the specific documents requested does not comply with your obligations to respond to subpoenas as these documents exceeded 10,000 pages.

# 30 has not been complied. Your reference to the initial disclosures without identifying or referring the actual BATES stamping numbering for the specific

documents requested does not comply with your obligations to respond to subpoenas as these documents exceeded 10,000 pages.

# 31 has not been complied with. Your reference to the initial disclosures without identifying or referring the actual BATES stamping numbering for the specific documents requested does not comply with your obligations to respond to subpoenas as these documents exceeded 10,000 pages.

# 32 has not been complied with despite the denial of your initial motion to quash. You continue to object to this portion of the subpoena.

# 33 has not been complied with despite the denial of your initial motion to quash. You continue to object to this portion of the subpoena.

# 34 and # 35 Instead of stating none, you indicate "No responsive are known to exist". This is an attempt to avoid providing these documents by this qualified response without stating that a review of the records has been made.

#36   has not been complied with.   Your client was subpoenaed to provide the custodial agreement regarding the custody of the Plaintiffs' collateral file and promissory note. While PHH may not be the custodian as servicer it has copies of these documents. This is an attempt to avoid providing these documents by this qualified response without stating that a review of the records has been made.

#37 has not been complied with. While PHH may not be the custodian as servicer it has copies of these documents. This is an attempt to avoid providing these documents by this qualified response without stating that a review of the records has been made.

# 38 has not been complied with. Your reference to the initial disclosures without identifying or referring the actual BATES stamping numbering for the specific documents requested does not comply with your obligations to respond to subpoenas as these documents exceeded 10,000 pages.

# 39 has not been complied with. Your original response was that PHH objects to this request because it seeks information protected by the attorney-client privilege. Now you assert that there is no such correspondence.  The original correspondence

was with Ocwen Loan Servicing, LLC. PHH Mortgage Corporation is the successor
by merger.

Please agree that you will withdraw these objections and qualifications and
will agree to provide these documents no later than 5 PM tomorrow. Othewise, I
will file a Motion to Adjudge in Contempt for failure to provide the documents
provided by the subpoena after your Motion to Quash was denied.

Sincerely,

John B. Ennis

4

# EXHIBIT B



One Financial Plaza
Suite 2800
Westminster Street
Providence, RI 02903
Telephone:  401-274-9200
Fax:  401-276-6611
www.lockelord.com

Krystle Guillory Tadesse
Direct Telephone:  401-528-5873
Direct Fax:  888-325-9231
krystle.tadesse@lockelord.com

March 27, 2023

**BY EMAIL AND CERTIFIED MAIL, RETURN RECEIPT REQUESTED**
John B. Ennis, Esq.
1200 Reservoir Avenue
Cranston, RI 02920

>      **Re:**    *Jacinto vs Wilmington Trust Company as Trustee*, CA No 1:20-cv-00384

Dear John:

I am writing in response to your letter dated February 23, 2023 ("Letter") and, where different from the Letter, your letter dated March 22, 2023 ("Second Letter") regarding the subpoena dated December 30, 2021 ("Subpoena") served on the Keeper of Records of our client PHH Mortgage Corporation ("PHH").   PHH has fully complied with the Subpoena by providing the below documents on the following dates, some of which pre-dated service of the Subpoena:

| **Document** | **Bates label** | **Date Produced** |
|---|---|---|
| Loan File | PHHJAC00001-PHHJAC10097 | July 2, 2021 |
| Comments Log | PHHJAC10098-PHHJAC10317 | July 2, 2021 |
| Subpoena Response | PHHJAC10318-PHHJAC10917 | January 29, 2022 |
| Life of Loan Transaction History | PHHJAC10918 -PHHJAC10950 | April 22, 2022 |
| Expenses | PHHJAC10951 -PHHJAC11130 | April 22, 2022 |
| Escrow account statements | PHHJAC11131 -PHHJAC11239 | April 22, 2022 |

132353233v.5

John B. Ennis, Esq.
March 27, 2023
Page 2

| Call logs | PHHJAC11240 - PHHJAC11268 | April 22, 2022 |
|---|---|---|
| Call Recordings | | May 20, 2022 |
| Litton Loan File | PHHJAC11276 - PHHJAC12318 | May 20, 2022 |
| 2021 Monthly Statement and 2022 Pay History | PHHJAC12319 - PHHJAC12355 | September 14, 2022 |
| 2021 Annual Report | PHHJAC12356 - PHHJAC12678 | February 28, 2023 |

Thus, the Letter's assertion that the 10,097 page production from July 2, 2021 is the only production is incorrect.[1]  There are thousands of additional documents that have been produced, in addition to the call recordings.  All of the produced documents and call recordings continue to be available at the following link:

   https://lockelord  [2]

In addition, PHH has an additional 70 pages of Walz Group contracts to produce pending resolution of the Motion for Confidentiality Order. As set forth below, there are no outstanding requests from the Subpoena.  PHH has fully complied with the Subpoena.

**REQUEST NO. 1:**

The entire mortgage loan servicing file for Ocwen for the Plaintiff's mortgage loan, including but not limited to all servicing, collection notes, recordings of all phone calls, Ocwen or any agent acting on its behalf made to Plaintiffs or to their attorney, and any calls from Plaintiffs

---

[1] We sent you the box.com link on July 2, 2021, April 22, 2022, May 20, 2022, and March 22, 2023.  While you have accessed the 10,097 page document at that link, it appears that you did not access the other documents that we provided.  We also sent you the Subpoena Response by email on January 29, 2022, the 2021 Monthly Statement and 2022 Pay History by mail on September 14, 2022 and sent the 2021 Annual Report by email on February 28, 2023.  Your claim that PHH did not comply with the Subpoena where you failed to review all of the documents produced is disappointing.

[2] For security purposes, please keep this link out of the public record.

Atlanta | Austin | Boston | Brussels | Chicago | Cincinnati | Dallas | Hartford | Houston | London | Los Angeles
Miami | New Orleans | New York | Newark | Providence | San Francisco | Stamford | Washington DC | West Palm Beach

132353233v.5

John B. Ennis, Esq.
March 27, 2023
Page 3

or their attorney to Ocwen or an agent which Ocwen recorded and all loss mitigation documents or loan modification documents or applications sent to Ocwen by Plaintiffs and all loss mitigation responses sent from Ocwen to Plaintiffs from the time that Ocwen obtained servicing rights until the time when PHH merged with Ocwen and serviced Plaintiffs' mortgage loan.

**Objection:** This multipart request is overly broad, vague, and ambiguous. Notwithstanding this objection, PHH will provide documents in its servicing file.

**Response:** Documents responsive to this request were already produced with PHH's initial disclosures on July 2, 2021.

**Letter:** The entire servicing file for Ocwen has not been provided. You have not provided the servicing notes or the collection notes, recordings of any phone calls or the electronic fields contained on Ocwen's electronic system of record, Real Servicing. The servicing file contents are referenced in the Subpoena definitions.

**Response to Letter:** The entire servicing file was provided on July 2, 2021, as part of PHH's initial disclosures. This initial production included the servicing notes (redacted to protect attorney/client communications) which are bates stamped PHHJAC10098 – PHHJAC10317. Additional servicing notes and call logs were provided on April 22, 2022, bates stamped PHHJAC11240 – PHHJAC11275. The "electronic fields contained on Ocwen's electronic system of record, Real Servicing" were copied into PHH's MSP platform in 2019 and are included in the servicing notes identified above. The recordings of phone calls were provided on May 20, 2022 and are included on the box.com link copied above.

**REQUEST NO. 2:**
The entire mortgage loan servicing file for PHH for the Plaintiff's mortgage loan, including but not limited to all servicing notes, collection notes, recordings of all phone calls, PHH or any agent acting on its behalf made to Plaintiffs or to their attorney, and any calls from Plaintiffs or their attorney to PHH or an agent which PHH recorded and all loss mitigation documents or loan modification documents or applications sent to PHH by Plaintiffs and all loss mitigation responses sent from PHH to Plaintiffs from the time that Ocwen merged with PHH to the present.

**Objection:** This multipart request is overly broad, vague, and ambiguous. Notwithstanding this objection, PHH will provide documents in its servicing file.

**Response:** Documents responsive to this request were already produced with PHH's initial disclosures on July 2, 2021.

**Letter:** The entire servicing file for PHH has not been provided. You have not provided the servicing notes or the collection notes, recordings of any phone calls or the electronic fields contained on PHH's electronic system of record, Black Knight Loansphere MSP.

Atlanta | Austin | Boston | Brussels | Chicago | Cincinnati | Dallas | Hartford | Houston | London | Los Angeles
Miami | New Orleans | New York | Newark | Providence | San Francisco | Stamford | Washington DC | West Palm Beach

132353233v.5

John B. Ennis, Esq.
March 27, 2023
Page 4

**Response to Letter:**  As discussed in response to Request No. 1, the entire servicing file was provided on July 2, 2021.  The servicing file included the servicing notes bates stamped PHHJAC10098 – PHHJAC10317.  Additional servicing notes and call logs were provided on April 22, 2022, bates stamped PHHJAC11240 – PHHJAC11275.  The electronic fields are included in the servicing notes identified above.  The recordings of phone calls were provided on May 20, 2022 and are included on the box.com link copied above.

**REQUEST NO. 3:**
An exact reproduction of the life of loan mortgage transactional history for Plaintiffs' loan on the contractual system of record used by any servicer from origination of the loan to December 23, 2021 or the date that you comply with this subpoena, whichever is later. For purposes of identification, the life of loan transactional history means any software program or system by which the servicer records the current mortgage balance, the receipt of all payments, the assessment of any late fees or charges, and the recording of any corporate advances for any fees or charges including but not limited to property inspection fees, broker price opinion fees, legal fees, escrow fees, processing fees, technology fees, or any other collateral charge. Also, to the extent this life of loan transactional history includes in numeric or alpha-numeric codes, please attach a complete list of all such codes and state in plain English a short description for each such code.

**Objection:** This multipart request is overly broad, vague, and ambiguous. Notwithstanding this objection, PHH will provide documents in its servicing file.

**Response:** Documents responsive to this request were already produced with PHH's initial disclosures on July 2, 2021.

**Letter:** You have not provided the life of the loan mortgage transactional history on any servicer's electronic system of record. No such record was provided for Popular Mortgage's system of record, Litton Loan Servicing, which used Loan Servicing and Account Management ("LSAMS"), Ocwen's Real Servicing and PHH's system of record Black Knight Loansphere MSP.

**Second Letter:** You have only provided reconciliations which are not the actual electronic system of record. Ocwen's records are maintained by PHH in the raw data format, referenced as Stage 5 Database for generating report. Please provide this documents in their actual electronic format without any editing or any removal of data. You also have not provided the PHH documentation up to the date of compliance with the subpoena.

**Response to Letter and Second Letter:**  Additional account histories were provided on July 2, 2021 bates labeled PHHJAC00001 – PHHJAC000012, PHHJAC01831 – PHHJAC01843, PHHJAC02803 – PHHJAC02815, PHHJAC04232 – PHHJAC04263, PHHJAC07025 – PHHJAC07037, PHHJAC10084 – PHHJAC10088.  Note that the account histories prepared by

Atlanta | Austin | Boston | Brussels | Chicago | Cincinnati | Dallas | Hartford | Houston | London | Los Angeles
Miami | New Orleans | New York | Newark | Providence | San Francisco | Stamford | Washington DC | West Palm Beach

132353233v.5

John B. Ennis, Esq.
March 27, 2023
Page 5

Aames Home Loans begin with the origination of the loan, suggesting that Aames was a sub-servicer for Popular Mortgage.

As for the assertion in the Second Letter for the "raw data format, referenced as Stage 5 Database for generating report," such information was not requested in the Subpoena. PHH did not edit or remove data, but produced the account histories as they are kept in the ordinary course of business.

On September 14, 2022, PHH provided the account history through September 13, 2022, which complies with the Subpoena. Please advise whether you claim that Plaintiffs made any payments after September 13, 2022, and if so, we will supplement the account history.

**REQUEST NO. 4:**
A copy of your original executed copy of Plaintiffs' loan modification executed on December 11, 2014 by Ocwen Legal Counsel, Jason A. Fiske, referenced in Plaintiff's Complaint in Exhibit C.

**Response:** Documents responsive to this request were produced with PHH's initial disclosures on July 2, 2021.

**Letter:** A copy of the modification executed December 11, 2014 has been provided.

**Response to Letter:** As noted in the Letter, PHH has fully complied with Subpoena Request No. 4.


**REQUEST NO. 5:**
All documents on which PHH bases its assertion that the Plaintiffs' mortgage loan was not modified by the modification agreement executed on December 11, 2014 by Ocwen Legal Counsel, Jason A. Fiske, referenced in Plaintiff's Complaint in Exhibit C.

**Response:** Documents responsive to this request were already produced with PHH's initial disclosures on July 2, 2021, specifically the transaction history and communications log.

**Letter:** You have provided documents in which Ocwen stated that this modification was reversed due to the downpayment check was returned for insufficient funds in January 2015. No other documents have been provided.

**Response to Letter:** As noted in the Letter, PHH has fully complied with Subpoena Request No. 5.


**REQUEST NO. 6:**
A copy of your original executed copy of Plaintiffs' loan modification executed on April 14, 2016 by Ocwen Legal Counsel, Joel C. Israel, referenced in Plaintiff's Complaint as Exhibit G.

Atlanta | Austin | Boston | Brussels | Chicago | Cincinnati | Dallas | Hartford | Houston | London | Los Angeles
Miami | New Orleans | New York | Newark | Providence | San Francisco | Stamford | Washington DC | West Palm Beach

132353233v.5

John B. Ennis, Esq.
March 27, 2023
Page 6

**Response:** Documents responsive to this request were already produced with the initial disclosures.

**Letter:** The April 14, 2016 modification executed by Joel C. Israel has been provided.

**Response to Letter:** As noted in the Letter, PHH has fully complied with Subpoena Request No. 6.

**REQUEST NO. 7:**
All documents on which PHH bases its assertion that the Plaintiffs' mortgage loan was not modified by the modification agreement executed on April 14, 2016 by Ocwen Legal Counsel, Joel C. Israel, referenced in Plaintiffs Complaint as Exhibit G.

**Response:** Documents responsive to this request were already produced with PHH's initial disclosures on July 2, 2021.

**Letter:** You have not provided any documents on which you base your defense that this modification was not effective other than PHHJAC 0097 and 0098 attached to this letter which indicates that loan # 7090997367 was rejected on September 24, 2016 because the incorrect County was listed on Coversheet. This coversheet indicates that it should have been Central Falls County not Providence County. As you know there is no Central Falls County. You have asserted that the modification was rejected due to failure to make payments. You have not provided any other documents regarding this modification.

**Response to Letter:** As previously noted, documents responsive to this request were produced with PHH's initial disclosures on July 2, 2021. Specifically, the July 14, 2016 denial letter is bates labeled PHHJAC03583 – PHHJAC03587. Additionally, responsive servicing notes can be reviewed at pages PHHJAC10187 – PHHJAC10200.

**REQUEST NO. 8:**
All periodic monthly statements which were prepared by you for Plaintiffs' mortgage loan account at any time since you Ocwen obtained servicing rights for mortgage loan. Please include all statements which were generated but which were not sent to Plaintiffs.

**Response:** Documents responsive to this request were already produced with PHH's initial disclosures on July 2, 2021.

**Letter:** You have not provided all the periodic statements from the time that Ocwen obtained servicing rights.

**Response to Letter:** Please review periodic statements previously produced as PHHJAC01623 – PHHJAC01735, PHHJAC02431 – PHHJAC02587, PHHJAC02939 – PHHJAC02992,

Atlanta | Austin | Boston | Brussels | Chicago | Cincinnati | Dallas | Hartford | Houston | London | Los Angeles
Miami | New Orleans | New York | Newark | Providence | San Francisco | Stamford | Washington DC | West Palm Beach

132353233v.5

John B. Ennis, Esq.
March 27, 2023
Page 7

PHHJAC06851 – PHHJAC06969, PHHJAC07700 – PHHJAC07809, PHHJAC08485 – PHHJAC08723, PHHJAC12319 – PHHJAC12355.  All responsive documents in PHH's possession have been provided.


**REQUEST NO. 9:**
Any documents indicating the principal business of PHH Mortgage Corporation from January 1, 2019 through December 23, 2021

**Objection:** The request for "any documents" is overly broad and not proportional to the needs of this action. PHH also objects to the extent this request incorporates confidential trade secrets and financial information.

**Response:** Notwithstanding and without waiving this objection, PHH will provide documents filed with the Securities and Exchange Commission indicating this information.

**Letter:**  You have not complied with number 9 at all.

**Second Letter:**  Your reference to SEC documents do not comply and in fact I do not see any PHHJAC 10318-PHEJAC10917, PHHJAC 10779 or PHHJAC 10590, PHHJAC 10602, PHHJAC 10779, PHHJAC 10590 in the documents provided on February 28, 2023.

**Response to Letter:**  On January 29, 2022, PHH produced annual reports and quarterly reports filed with the Securities and Exchange Commission labeled PHHJAC10318 - PHHJAC10917, which satisfy Request No. 9 for documents "indicating the principal business" of PHH from January 1, 2019 through December 23, 2021.

Further, on February 28, 2023, PHH produced the annual report for the year ending December 31, 2021, bates labeled PHHJAC12356 – PHHJAC12608.  These documents indicate that Ocwen Financial Corporation "is a non-bank mortgage servicer and originator providing solutions to homeowners, investors and others through its primary operating subsidiary PHH Mortgage Corporation." *See* PHHJAC10330.  The bates labeled documents referred to in the Second Letter were produced on January 29, 2022 and remain on the box.com folder linked above.


**REQUEST NO. 10:**
The annual financial reports and all documents for PHH Mortgage Corporation 2019, 2020 and 2021 indicating the following sources of income:
    a.        Income from Servicing of mortgage loans, which were not in default.
    b.        Income from Servicing of mortgage loans in default
    c.        Income from late fees on mortgage loans
    d.        Income from Non-judicial foreclosures
    e.        Income from judicial foreclosures

Atlanta | Austin | Boston | Brussels | Chicago | Cincinnati | Dallas | Hartford | Houston | London | Los Angeles
Miami | New Orleans | New York | Newark | Providence | San Francisco | Stamford | Washington DC | West Palm Beach

132353233v.5

John B. Ennis, Esq.
March 27, 2023
Page 8

      f.             Income from servicing of loans in Bankruptcy.
      g.            Income from mortgage loan origination

**Objection:** The request for "all documents" is overly broad and not proportional to the needs of this action. PHH also objects to the extent this request incorporates confidential trade secrets and financial information. PHH objects to the extent this request seeks reports that PHH does not create in the ordinary course of business.

**Response:** Notwithstanding and without waiving this objection, PHH will provide documents filed with the Securities and Exchange Commission indicating this information.

**Supplemental Response:** On January 29, 2022, PHH produced the annual reports for Ocwen Financial Corporation filed with the Securities Exchange Commission for the years 2019 and 2020, and the quarterly reports for the first, second and third quarters of 2021. *See* PHHJAC10318 – PHHJAC10917. PHH is producing the 2021 annual report herewith. *See* PHHJAC12356 – PHHJAC12608.

According to the annual reports of Ocwen Financial Corporation filed with the Securities and Exchange Commission, PHH had income or losses in the following categories:

      a.              Income from Servicing of mortgage loans, which were not in default.
      b.              Income from Servicing of mortgage loans in default

PHH does not differentiate between income from loans in default vs. loans not in default in the ordinary course of business.

For the year ending December 31, 2019, PHH had loss of $70,770,000 before taxes related to servicing mortgages. *See* PHHJAC10779.

For the year ending December 31, 2020, PHH had loss of $75,800,000 before taxes related to servicing mortgages. *See* PHHJAC10590.

For the year ending December 31, 2021, PHH had income of 19,900,000 before taxes related to servicing mortgages. *See* PHHJAC12404.

      c.              Income from late fees on mortgage loans

For the year ending December 31, 2019, PHH received $57,200 in late charges. *See* PHHJAC10602.

For the year ending December 31, 2020, PHH received $47,700 in late charges. *See* PHHJAC10602.

Atlanta | Austin | Boston | Brussels | Chicago | Cincinnati | Dallas | Hartford | Houston | London | Los Angeles
Miami | New Orleans | New York | Newark | Providence | San Francisco | Stamford | Washington DC | West Palm Beach

132353233v.5

John B. Ennis, Esq.
March 27, 2023
Page 9

For the year ending December 31, 2021, PHH received $40,900 in late charges. *See* PHHJAC12420.

|       |                                            |
|-------|--------------------------------------------|
| d.    | Income from Non-judicial foreclosures      |
| e.    | Income from judicial foreclosures          |
| f.    | Income from servicing of loans in Bankruptcy. |

PHH does not differentiate its income into these categories in the ordinary course of business.

|       |                                   |
|-------|-----------------------------------|
| g.    | Income from mortgage loan origination |

For the year ending December 31, 2019, PHH had income of $40,733,000 before taxes related to originating mortgages. *See* PHHJAC10779.

For the year ending December 31, 2020, PHH had income of $104,200,000 before taxes related to originating mortgages. *See* PHHJAC10590.

For the year ending December 31, 2021, PHH had income of $93,900,000 before taxes related to originating mortgages. *See* PHHJAC12404.

**Letter:**  You have not complied with number 10.

**Second Letter:**  Your reference to SEC documents do not comply and in fact I do not see any PHHJAC 10318-PHEJAC10917, PHHJAC 10779 or PHHJAC 10590, PHHJAC 10602, PHHJAC 10779, PHHJAC 10590 in the documents provided on February 28, 2023.

You did not produce what you claimed were confidential records of PHH Mortgage Corporation. The SEC documents were of Ocwen Financial Corporation. You have responded without documents as if the request was for interrogatories, without being signed under oath. The actual records of PHH Mortgage Corporation were sought in order to dispute your denial that the primary business of PHH Mortgage Corporation was not the collection of debts.

**Response to Letter:**  The above supplemental response provided a detailed response to Request No. 10.  After review, PHH determined that because it does not differentiate its income into the categories of Request No. 10 in the ordinary course of business, and because it does not have income from some of the categories, there are no additional documents responsive to this request.

No documents are being withheld on the basis of an alleged privilege; rather, the SEC documents produced fully comply with this request.  PHH is a wholly-owned subsidiary of Ocwen Financial Corporation and the sole source of its income from servicing operations reported in the annual reports, as is clear from a review of the annual reports, which you admit that you did not see.  The bates labeled documents referred to in the Second Letter were produced on January 29, 2022 and remain on the box.com folder linked above.

Atlanta | Austin | Boston | Brussels | Chicago | Cincinnati | Dallas | Hartford | Houston | London | Los Angeles
Miami | New Orleans | New York | Newark | Providence | San Francisco | Stamford | Washington DC | West Palm Beach

132353233v.5

John B. Ennis, Esq.
March 27, 2023
Page 10


**REQUEST NO. 11**:
All documents indicating any contract Ocwen Loan Servicing, LLC or PHH Mortgage Corporation had with The Walz Group, aka Lender Live Network, Inc. or any successor in interest for mail vendor and postage vendor services from January 1, 2018 through December 31, 2020.

**Objection:** The request for "all documents" is overly broad and not proportional to the needs of this action. PHH also objects to the extent this request incorporates confidential trade secrets and financial information.

**Supplemental Response:**  PHH will produce the contracts between Ocwen Financial Corporation and The Walz Group which were applicable to this loan when it was serviced by Ocwen Loan Servicing, LLC and PHH Mortgage Corporation subject to a confidentiality order requested by a motion filed concurrently herewith.

Prior to its merger into Ocwen Loan Servicing, LLC, PHH had a separate contract with The Walz Group which terminated on or about March 15, 2019 and was never applicable to the Jacinto's loan.

**Letter:**  You have not complied with number 11.

**Response to Letter:**  As stated in the above supplemental response, responsive documents will be produced after the Court grants the pending Motion for Confidentiality Order.


**REQUEST NO. 12**:
All documents mailed to Plaintiffs by Ocwen or PHH from the date that Ocwen obtained loan servicing of Plaintiffs' loan to the present.

**Response:** Documents responsive to this request were already produced with PHH's initial disclosures on July 2, 2021.

**Letter:**  You have not provided all documents mailed to the client. No IRS 1098 forms for 2014, 2015, 2016, 2018 or 2019 have been provided.

**Second Letter:**  This has not been provided and is subject to the Court's Order on your motion.

**Response to Letter:**  On July 2, 2021, PHH provided numerous documents that were responsive to this request.  The 1098 forms for 2018 and 2019 are located at PHHJAC06278 and PHHJAC06286, respectively.  There are no 1098 forms for the years 2014, 2015, or 2016

Atlanta | Austin | Boston | Brussels | Chicago | Cincinnati | Dallas | Hartford | Houston | London | Los Angeles
Miami | New Orleans | New York | Newark | Providence | San Francisco | Stamford | Washington DC | West Palm Beach

132353233v.5

John B. Ennis, Esq.
March 27, 2023
Page 11

appearing in PHH's records for this loan.  The Second Letter is simply incorrect; the Motion to Quash did not address Request No. 12 at all.  This request has been fully complied with.

**REQUEST NO. 13:**
All documents indicating the status of Plaintiffs' mortgage loan when Ocwen commenced servicing of the mortgage loan.

**Response:** Documents responsive to this request were already produced with PHH's initial disclosures on July 2, 2021.

**Letter:**  You have not provided the initial Ocwen Notice and communication to my client in 2011. Please provide the last periodic statement from Litton Loan Servicing to my client.

**Response to Letter:**  The initial notice of transfer of servicing to Ocwen Loan Servicing LLC, dated August 15, 2011, was provided and labeled PHHJAC01795 – PHHJAC01799.  The life of loan transaction history was provided on April 22, 2022 as PHHJAC10918 - PHHJAC10950, which indicates the status of Plaintiffs' mortgage loan.  In addition to the documents previously provided, PHH provided the entire loan file from Litton Loan Servicing on May 20, 2022, labeled PHHJAC11276 - PHHJAC12318. See PHHJAC11863 for the last periodic statement sent by Litton Loan Servicing.

**REQUEST NO. 14:**
Each Screen and each Report from your electronic system of record which shows all corporate advance transactions for Recoverable Expenses, nonrecoverable expenses and third party recoverable expenses for Plaintiffs' mortgage loan account.

**Objection:** The request for "each screen and each report" is overly broad and not proportional to the needs of this action. The words "screen" and "report" are vague and ambiguous. PHH also objects to the extent this request may encompass confidential attorney/client communications.

**Response:** Notwithstanding and without waiving this objection, documents responsive to this request were already produced with the initial disclosures.

**Letter:**  You have not complied with 14.

**Second Letter:** You have not complied with 14. No screen shots of corporate advances from your electronic system of record have been provided. You did not provide this information. Your reference to the initial disclosures without identifying or referring the actual BATES stamping numbering for the specific documents requested does not comply with your obligations to respond to subpoenas as these documents exceeded 10,000 pages.

Atlanta | Austin | Boston | Brussels | Chicago | Cincinnati | Dallas | Hartford | Houston | London | Los Angeles
Miami | New Orleans | New York | Newark | Providence | San Francisco | Stamford | Washington DC | West Palm Beach

132353233v.5

John B. Ennis, Esq.
March 27, 2023
Page 12

**Response to Letter:**  On April 22, 2022, PHH provided the Life of Loan Transaction History (PHHJAC10918 – PHHJAC10950) and invoices for expenses charged to the account (PHHJAC10951 – PHHJAC11130).  These invoices were previously produced on July 2, 2021 at PHHJAC01800 – PHHJAC01830, PHHJAC02645 – PHHJAC02728, PHHJAC03905 – PHHJAC03910, PHHJAC06081 – PHHJAC06163, PHHJAC07004 – PHHJAC07011, PHHJAC07681 – PHHJAC07699, PHHJAC08131 – PHHJAC08225, PHHJAC09118 – PHHJAC09148, and PHHJAC09465 – PHHJAC09469.

**REQUEST NO. 15:**
All reports, documents and data which Ocwen used to confirm and verify the accuracy of the principal balance, past due interest and escrow and all corporate advances and fees for Plaintiffs' mortgage loan account when the loan was boarded on Ocwen's electronic system of record, when Ocwen commenced servicing Plaintiffs' mortgage mortgage loan.

**Objection:**  The request for "all reports, documents, and data" is overly broad and not proportional to the needs of this action. PHH also objects to the extent this request may encompass confidential attorney/client communications.

**Response:**  Documents responsive to this request were already produced with PHH's initial disclosures on July 2, 2021.

**Letter:**  You have not complied with 15.

**Response to Letter:**  On April 22, 2022, PHH provided the Life of Loan Transaction History (PHHJAC10918 – PHHJAC10950) and invoices for expenses charged to the account (PHHJAC10951 – PHHJAC11130).  These invoices were previously produced with PHH's initial disclosures on July 2, 2021, at PHHJAC01800 – PHHJAC01830, PHHJAC02645 – PHHJAC02728, PHHJAC03905 – PHHJAC03910, PHHJAC06081 – PHHJAC06163, PHHJAC07004 – PHHJAC07011, PHHJAC07681 – PHHJAC07699, PHHJAC08131 – PHHJAC08225, PHHJAC09118 – PHHJAC09148, and PHHJAC09465 – PHHJAC09469.

Prior account histories were also previously produced with PHH's initial disclosures on July 2, 2021 as PHHJAC00001 – PHHJAC000012, PHHJAC01831 – PHHJAC01843, PHHJAC02803 – PHHJAC02815, PHHJAC04232 – PHHJAC04263, PHHJAC07025 – PHHJAC07037, PHHJAC10084 - PHHJAC10088.

**REQUEST NO. 16:**
All reports, documents and data which PHH used to confirm and verify the accuracy of the principal balance, past due interest and escrow and all corporate advances and fees for

Atlanta | Austin | Boston | Brussels | Chicago | Cincinnati | Dallas | Hartford | Houston | London | Los Angeles
Miami | New Orleans | New York | Newark | Providence | San Francisco | Stamford | Washington DC | West Palm Beach

132353233v.5

John B. Ennis, Esq.
March 27, 2023
Page 13

Plaintiffs' mortgage loan account when the loan was boarded on PHH's electronic system of record, when PHH merged with Ocwen.

**Objection:** The request for "all reports, documents, and data" is overly broad and not proportional to the needs of this action. PHH also objects to the extent this request may encompass confidential attorney/client communications.

**Response:** Documents responsive to this request were already produced with PHH's initial disclosures on July 2, 2021.

**Letter:** You have not complied with 16.

**Response to Letter:** On April 22, 2022, PHH provided the Life of Loan Transaction History (PHHJAC10918 - PHHJAC10950) and invoices for expenses charged to the account (PHHJAC10951 - PHHJAC11130). These invoices were previously provided at PHHJAC01800 – PHHJAC01830, PHHJAC02645 – PHHJAC02728, PHHJAC03905 – PHHJAC03910, PHHJAC06081 – PHHJAC06163, PHHJAC07004 – PHHJAC07011, PHHJAC07681 – PHHJAC07699, PHHJAC08131 – PHHJAC08225, PHHJAC09118 – PHHJAC09148, and PHHJAC09465 – PHHJAC09469. Prior account histories were previously provided with the initial disclosures at account histories were provided on July 2, 2021 as PHHJAC00001 – PHHJAC000012, PHHJAC01831 – PHHJAC01843, PHHJAC02803 – PHHJAC02815, PHHJAC04232 – PHHJAC04263, PHHJAC07025 – PHHJAC07037, PHHJAC10084 - PHHJAC10088.


**REQUEST NO. 17:**
All data fields which were boarded onto your electronic system of record when the loan servicing was converted from the Realservicing program of Ocwen Loan Servicing onto your electronic system of record.

**Objection:** The request for "all data fields" is vague and ambiguous.

**Response:** Notwithstanding and without waiving this objection, documents responsive to this request were already produced with PHH's initial disclosures on July 2, 2021.

**Letter:** You have not complied with 17.

**Second Letter:** No data fields which exist in PHH's records as Stage 5 .

**Response to Letter:** On April 22, 2022, PHH provided the Life of Loan Transaction History (PHHJAC10918 - PHHJAC10950). Prior account histories were previously provided with the initial disclosures at account histories were provided on July 2, 2021 as PHHJAC00001 – PHHJAC000012, PHHJAC01831 – PHHJAC01843, PHHJAC02803 – PHHJAC02815,

Atlanta | Austin | Boston | Brussels | Chicago | Cincinnati | Dallas | Hartford | Houston | London | Los Angeles
Miami | New Orleans | New York | Newark | Providence | San Francisco | Stamford | Washington DC | West Palm Beach

132353233v.5

John B. Ennis, Esq.
March 27, 2023
Page 14

PHHJAC04232 – PHHJAC04263, PHHJAC07025 – PHHJAC07037, PHHJAC10084 - PHHJAC10088. Request No. 17 does not specifically request "Stage 5," and it is not clear what that term is referring to. The account histories show the data fields on the date that the loan was transferred from Ocwen Loan Servicing to PHH.

**REQUEST NO. 18:**
All documents reflecting any loss mitigation for Plaintiffs' mortgage loan account, including Loan Modifications.

**Objection:** The request for "all documents" is overly broad and not proportional to the needs of this action. PHH also objects to the extent this request may encompass confidential attorney/client communications.

**Response:** Notwithstanding and without waiving this objection, documents responsive to this request were already produced with PHH's initial disclosures on July 2, 2021.

**Letter:** You appear to have complied with 18.

**Second Letter:** You have not complied with 18#. You did not provide this information. …
You originally claimed that this request encompassed attorney client communications and did not provide and [sic] loss mitigation documents relating to the 2016 modification.

**Response to Letter:** Numerous documents relating to loss mitigation have been produced, including PHHJAC00013 – PHHJAC00020, PHHJAC00649 – PHHJAC00656, PHHJAC00693 – PHHJAC01028, PHHJAC01151 – PHHJAC01164, PHHJAC01257 – PHHJAC01427, PHHJAC01458 – PHHJAC01622, PHHJAC03566 – PHHJAC03594, PHHJAC03974 – PHHJAC03986, PHHJAC04636 – PHHJAC04662, PHHJAC06288 – PHHJAC06418, PHHJAC06545 – PHHJAC06850, PHHJAC08226 – PHHJAC08474, PHHJAC08743 – PHHJAC08747, PHHJAC08750 – PHHJAC08762, PHHJAC08826 – PHHJAC08881, PHHJAC-09069 – PHHJAC09083, PHHJAC09149 – PHHJAC09161, PHHJAC09350 – PHHJAC09364, the servicing notes (specifically pages PHHJAC10187 - PHHJAC10200) which describes the rejection of the 2016 modification because your clients' checks were returned for insufficient funds.

PHH does not have any records of attorney client communications in its file for this loan other than what was redacted from the servicing notes (PHHJAC10098 – PHHJAC10317). PHH has fully complied with Subpoena Request No. 18.

Atlanta | Austin | Boston | Brussels | Chicago | Cincinnati | Dallas | Hartford | Houston | London | Los Angeles
Miami | New Orleans | New York | Newark | Providence | San Francisco | Stamford | Washington DC | West Palm Beach

132353233v.5

John B. Ennis, Esq.
March 27, 2023
Page 15

**REQUEST NO. 19:**
All invoices from any law firms, default service providers, property inspection vendors, property appraisal vendors and all other invoices for any legal fees or corporate advances along with proof of payment.

**Objection:** The request for "all invoices" and "all other invoices" is overly broad and not proportional to the needs of this action. PHH also objects to the extent this request may encompass confidential attorney/client communications.

**Response:** Notwithstanding and without waiving this objection, documents responsive to this request were already produced with PHH's initial disclosures on July 2, 2021.

**Letter:** You have complied with some of these documents.

**Second Letter:** You have not complied with [19]. No billings from law firms or other corporate advances have been provided.

**Response to Letter:** Numerous invoices have been provided, including invoices from Korde and Associates, Bendett & McHugh, Altisource Solutions, and other providers. *See* PHHJAC01800 – PHHJAC01830, PHHJAC02645 – PHHJAC02728, PHHJAC06081 – PHHJAC06163, PHHJAC07004 – PHHJAC07011, PHHJAC07681 – PHHJAC07699, PHHJAC08131 – PHHJAC08225, PHHJAC09118 – PHHJAC09148, PHHJAC09465 – PHHJAC09469. PHH has fully complied with Request No. 19.


**REQUEST NO. 20:**
All default letters mailed to Plaintiff by Ocwen or PHH or any entity acting on their behalf, including all records indicating the name, employer, phone number and business address of the person who deposited said Notices in the Unites States mail.

**Objection:** PHH also objects to providing contact information of its employees, who may be contacted through its counsel.

**Response:** Notwithstanding and without waiving this objection, documents responsive to this request were already produced with PHH's initial disclosures on July 2, 2021.

**Letter:** You have provided default letters but have not indicated the name, employer phone number and business address of the person who deposited these letters in the United States mail.

**Response to Letter:** PHH's business records do not appear to show the name, employer, phone number and business address of the person who deposited letters in the United States mail.

Atlanta | Austin | Boston | Brussels | Chicago | Cincinnati | Dallas | Hartford | Houston | London | Los Angeles
Miami | New Orleans | New York | Newark | Providence | San Francisco | Stamford | Washington DC | West Palm Beach

132353233v.5

John B. Ennis, Esq.
March 27, 2023
Page 16

**REQUEST NO. 21:**
All notices which indicate that Plaintiffs' note was accelerated, including all records indicating the name, employer, phone number and business address of the person who deposited said Notices in the United States mail.

**Objection:** PHH also objects to providing contact information of its employees, who may be contacted through its counsel.

**Response:** Notwithstanding and without waiving this objection, documents responsive to this request were already produced with PHH's initial disclosures on July 2, 2021.

**Letter:** You have provided acceleration letters but have not indicated the name, employer phone number and business address of the person who deposited these letters in the United States mail.

**Response to Letter:** PHH's business records do not appear to show the name, employer, phone number and business address of the person who deposited letters in the United States mail.

**REQUEST NO. 22:**
All R.I.G.L. 34-27-3.1 Notices mailed to Plaintiffs by certified mail and all R.I.G.L. 34-27-3.1 Notices mailed to Plaintiffs by first class regular mail, including all records indicating the name, employer, phone number and business address of the person who deposited said Notices in the United States mail.

**Objection:** PHH also objects to providing contact information of its employees, who may be contacted through its counsel.

**Response:** Notwithstanding and without waiving this objection, documents responsive to this request were already produced with PHH's initial disclosures on July 2, 2021.

**Letter:** You have provided 34-27-3.1 letters but have not indicated the name, employer phone number and business address of the person who deposited these letters in the United States mail.

**Response to Letter:** PHH's business records do not appear to show the name, employer, phone number and business address of the person who deposited letters in the United States mail.

**REQUEST NO. 23:**
All R.I.G.L. 34-27-3.2 Notices mailed to Plaintiffs by certified mail and all R.I.G.L. 34-27-3.2 Notices mailed to Plaintiffs by first class regular mail, including all records indicating the name, employer, phone number and business address of the person who deposited said Notices in the United States mail.

Atlanta | Austin | Boston | Brussels | Chicago | Cincinnati | Dallas | Hartford | Houston | London | Los Angeles
Miami | New Orleans | New York | Newark | Providence | San Francisco | Stamford | Washington DC | West Palm Beach

132353233v.5

John B. Ennis, Esq.
March 27, 2023
Page 17

**Objection:** PHH also objects to providing contact information of its employees, who may be contacted through its counsel.

**Response:** Notwithstanding and without waiving this objection, documents responsive to this request were already produced with PHH's initial disclosures on July 2, 2021.

**Letter:** You have provided a 34-27-3.2 letter but have not indicated the name, employer phone number and business address of the person who deposited this letter in the United States mail.

**Response to Letter:** PHH's business records do not appear to show the name, employer, phone number and business address of the person who deposited letters in the United States mail.

**REQUEST NO. 24:**
All R.I.G.L. 34-27-4 Notices mailed to Plaintiffs by certified mail and all R.I.G.L. 34-27-4 Notices mailed to Plaintiffs by first class regular mail, including all records indicating the name, employer, phone number and business address of the person who deposited said Notices in the United States mail.

**Objection:** PHH also objects to providing contact information of its employees, who may be contacted through its counsel.

**Response:** Notwithstanding and without waiving this objection, documents responsive to this request were already produced with PHH's initial disclosures on July 2, 2021.

**Letter:** You have provided a 34-27-4 letters but have not indicated the name, employer phone number and business address of the person who deposited these letters in the United States mail.

**Response to Letter:** PHH's business records do not appear to show the name, employer, phone number and business address of the person who deposited letters in the United States mail.

---.   Copies of all documents mailed to Rhode Island Housing and Mortgage Finance Corporation ("RI Housing") by Nationstar Mortgage LLC regarding any mediation pursuant to R.I.G.L. 34-27-3.2 for Plaintiffs at any time.

**Response:** PHH does not have any documents mailed by Nationstar Mortgage LLC regarding Plaintiffs.

**REQUEST NO. 25:**
Any and records of payments made by PHH to RI Housing for any mediation pursuant to R.I.G.L. 34-27-3.2 for Plaintiffs at any time.

Atlanta | Austin | Boston | Brussels | Chicago | Cincinnati | Dallas | Hartford | Houston | London | Los Angeles
Miami | New Orleans | New York | Newark | Providence | San Francisco | Stamford | Washington DC | West Palm Beach

132353233v.5

John B. Ennis, Esq.
March 27, 2023
Page 18

**Objection:** The request for "all invoices" and "all other invoices" is overly broad and not proportional to the needs of this action. PHH also objects to the extent this request may encompass confidential attorney/client communications.

**Response:** Notwithstanding and without waiving this objection, documents responsive to this request were already produced with PHH's initial disclosures on July 2, 2021.

**Letter:** You have not complied with 25.

**Second Letter:** You have not complied with 25 as no record of payment and letters to Rhode Island Housing for Mediation from PHH were provided.

**Response to Letter:** *See* records of payments in PHH's Servicing Notes at PHHJAC11267 and in PHH's transaction history at PHHJAC10945. The Subpoena did not request "letters to Rhode Island Housing."

**REQUEST NO. 26:**
Copies of all documents mailed by Rhode Island Housing and Mortgage Finance Corporation ("RI Housing") to PHH regarding any Notice of Mediation pursuant to R.I.G.L. 34-27-3.2 for Plaintiffs at any time.

**Response:** Documents responsive to this request were already produced with PHH's initial disclosures on July 2, 2021.

**Letter:** You have not complied with 26.

**Second Letter:** You have not complied with 26 as no documents from Rhode Island Housing for Mediation to PHH were provided.

**Response to Letter:** No such documents are believed to exist within PHH's records for Plaintiffs' loan.

**REQUEST NO. 27:**
All documents on which you base any affirmative defenses to Plaintiffs' complaint.

**Objection:** The request for "all documents" is overly broad and not proportional to the needs of this action.

**Response:** Documents responsive to this request were already produced with PHH's initial disclosures on July 2, 2021.

Atlanta | Austin | Boston | Brussels | Chicago | Cincinnati | Dallas | Hartford | Houston | London | Los Angeles
Miami | New Orleans | New York | Newark | Providence | San Francisco | Stamford | Washington DC | West Palm Beach

132353233v.5

John B. Ennis, Esq.
March 27, 2023
Page 19

**Letter:**  You have not complied with 27. You have not provided any such documents, nor have you identified any such documents, which comply with this request in the documents you have provided.

**Second Letter:** # 27 has not been complied with as there are 14 affirmative defenses.

**Response to Letter:**  This request broadly seeks the production of all documents, not the identity of specific documents.  The request has been fully complied with by the production of 12,608 pages of documents.

**REQUEST NO. 28:**
All documents on which you base your denial that the principal business of PHH is the collection of debts.

**Objection:** The request for "all documents" is overly broad and not proportional to the needs of this action. This request is vague because it is not clear what denial is referred to.

**Response:** Notwithstanding and without waiving this objection, PHH will provide documents filed with the Securities and Exchange Commission indicating this information.

**Letter:**  You have not complied with 28.

**Second Letter:** # 28 has not been complied with referencing Ocwen Financial Corporation records. Also you continue to object to this portion of the subpoena despite the denial of your original motion to quash.

**Response to Letter:**  On January 29, 2022, PHH provided annual reports and quarterly reports filed with the Securities and Exchange Commission labeled PHHJAC10318 – PHHJAC10917. On February 28, 2023, PHH also provided the annual report for the year ending December 31, 2021, bates labeled PHHJAC12356 – PHHJAC12608.

These documents indicate that Ocwen Financial Corporation "is a non-bank mortgage servicer and originator providing solutions to homeowners, investors and others through its primary operating subsidiary PHH Mortgage Corporation."  *See* PHHJAC10330.  Ocwen Financial Corporation records show income from PHH's servicing and origination operations.  No documents are being withheld from production due to the objection, but it is maintained because the scope of "all documents" is overly broad.  The Motion to Quash did not address Request No. 28.

**REQUEST NO. 29:**
All documents on which you base your denial that at the time that Ocwen commenced servicing of Plaintiffs' mortgage loan, that Plaintiffs were in arrears of the mortgage loan.

Atlanta | Austin | Boston | Brussels | Chicago | Cincinnati | Dallas | Hartford | Houston | London | Los Angeles
Miami | New Orleans | New York | Newark | Providence | San Francisco | Stamford | Washington DC | West Palm Beach

132353233v.5

John B. Ennis, Esq.
March 27, 2023
Page 20

**Objection:** The request for "all documents" is overly broad and not proportional to the needs of this action. This request is vague because it is not clear what denial is referred to.

**Response:** Documents responsive to this request were already produced with PHH's initial disclosures on July 2, 2021.

**Letter:** You have not complied with 29. You have not provided any such documents, nor have you identified any such documents, which comply with this request in the documents you have provided.

**Response to Letter:** The initial notice of transfer of servicing to Ocwen Loan Servicing LLC, dated August 15, 2011, was provided and bates labeled PHHJAC01795 – PHHJAC01799. The life of loan transaction history was provided on April 22, 2022 bates labeled PHHJAC10918 – PHHJAC10950, which indicates the status of Plaintiffs' mortgage loan. In addition to the documents previously provided, PHH provided the entire loan file from Litton Loan Servicing on May 20, 2022, bates labeled PHHJAC11276 – PHHJAC12318. *See* PHHJAC11863 for the last periodic statement sent by Litton Loan Servicing.

**REQUEST NO. 30:**
All documents which were transferred to Ocwen by the prior servicer when there was a servicing transfer of the loan, including all electronic documents contained on Ocwen's system of record.

**Objection:** The request for "all documents" is overly broad and not proportional to the needs of this action. This request is also overly broad and ambiguous, but will be interpreted to refer to Plaintiffs' mortgage.

**Response:** Documents responsive to this request were already produced with PHH's initial disclosures on July 2, 2021.

**Letter:** You have not complied with 30.

**Response to Letter:** PHH provided the entire loan file from Litton Loan Servicing on May 20, 2022, bates labeled PHHJAC11276 – PHHJAC12318.

**REQUEST NO. 31:**
All documents which were transferred to PHH regarding the Plaintiffs' mortgage loan account by Ocwen when PHH merged with Ocwen, including all electronic documents contained on PHH's system of record.

Atlanta | Austin | Boston | Brussels | Chicago | Cincinnati | Dallas | Hartford | Houston | London | Los Angeles
Miami | New Orleans | New York | Newark | Providence | San Francisco | Stamford | Washington DC | West Palm Beach

132353233v.5

John B. Ennis, Esq.
March 27, 2023
Page 21

**Objection:** The request for "all documents" is overly broad and not proportional to the needs of this action.

**Response:** Documents responsive to this request were already produced with PHH's initial disclosures on July 2, 2021.

**Letter:** You have not complied with 31.

**Response to Letter:** The majority of the 12,608 pages of documents produced to date were transferred to PHH by Ocwen Loan Servicing, and all of these documents are currently contained as electronic documents on PHH's system of record.


**REQUEST NO. 32:**
The names, business addresses and job titles of all persons who confirmed verified the accuracy of Ocwen's RealServicing records regarding Plaintiffs mortgage loan account when the Plaintiffs' mortgage loan was converted from RealServicing and boarded on PHH's electronic system of record.

**Objection:** PHH objects to providing contact information of its employees, who may be contacted through counsel. PHH further objects because the words "confirmed verified the accuracy of" are vague and ambiguous.

**Letter:** You have not complied with 32.

**Second Letter:** 32 has not been complied with despite the denial of your initial motion to quash. You continue to object to this portion of the subpoena.

**Response to Letter:** As you are aware from other cases (*see, e.g., Defendants' Objection to Motion to Strike Affidavit, Joseph Malouin v. Ocwen Loan Servicing, LLC*, C.A. P.C. 2016-3851 (R.I. Super., July 26, 2022)), PHH copied the documents from RealServicing to PHH's system electronically. It is not clear what information this request seeks with regard to the words "confirmed verified the accuracy of." The Life of Loan Transaction History demonstrates that the electronic copy of information is accurate. *See* PHHJAC10918 – PHHJAC10950. No documents are being withheld from production due to the objection, but it is maintained because the scope of "all documents" is overly broad. The Motion to Quash did not address Request No. 32.


**REQUEST NO. 33:**
The names, business addresses and job titles of all persons who confirmed verified the accuracy of the prior servicer's records regarding the Plaintiffs' mortgage loan account when the Plaintiffs' mortgage loan was boarded onto Ocwen's electronic system of record.

Atlanta | Austin | Boston | Brussels | Chicago | Cincinnati | Dallas | Hartford | Houston | London | Los Angeles
Miami | New Orleans | New York | Newark | Providence | San Francisco | Stamford | Washington DC | West Palm Beach

132353233v.5

John B. Ennis, Esq.
March 27, 2023
Page 22

**Objection**:  PHH objects to providing contact information of its employees, who may be contacted through counsel. PHH further objects because the words "confirmed verified the accuracy of" are vague and ambiguous.

**Letter**:  You have not complied with 33.

**Second Letter**:  33 has not been complied with despite the denial of your initial motion to quash. You continue to object to this portion of the subpoena.

**Response to Letter**:  *See* the response to Request No. 32.  Ocwen copied the documents from Litton Loan's system to Ocwen's RealServicing system electronically.  It is not clear what information this request seeks with regard to the words "confirmed verified the accuracy of."  The Life of Loan Transaction History demonstrates that the electronic copy of information was accurate.  *See* PHHJAC10918 – PHHJAC10950.  No documents are being withheld from production due to the objection, but it is maintained because the scope of "all documents" is overly broad.  The Motion to Quash did not address Request No. 33.


**REQUEST NO. 34:**
Any lost note affidavits regarding Plaintiffs' promissory note.

**Response:** No responsive documents are known to exist.

**Letter:**  You have not complied with 34.

**Second Letter:** Instead of stating none, you indicate "No responsive are known to exist". This is an attempt to avoid providing these documents by this qualified response without stating that a review of the records has been made.

**Response to Letter:** PHH has fully complied with Request No. 34.  The Plaintiffs' promissory note is not lost.  Therefore there are no lost note affidavits regarding Plaintiffs' promissory note.


**REQUEST NO. 35:**
Any documents indicating that the Plaintiffs' promissory note was lost.

**Response:** No responsive documents are known to exist.

**Letter:**  You have not complied with 35.

**Second Letter:** Instead of stating none, you indicate "No responsive documents are known to exist". This is an attempt to avoid providing these documents by this qualified response without stating that a review of the records has been made.

Atlanta | Austin | Boston | Brussels | Chicago | Cincinnati | Dallas | Hartford | Houston | London | Los Angeles
Miami | New Orleans | New York | Newark | Providence | San Francisco | Stamford | Washington DC | West Palm Beach

132353233v.5

John B. Ennis, Esq.
March 27, 2023
Page 23

**Response to Letter:**  PHH has fully complied with Request No. 35.  The Plaintiffs' promissory note is not lost.  Therefore there are no documents indicating that the Plaintiffs' promissory note was lost.

**REQUEST NO. 36:**
Any custodial agreements regarding the custody of the Plaintiffs' collateral file and promissory note from origination to the present.

**Objection:** The request for "all custodial agreements" is vague and ambiguous, overly broad, and not proportional to the needs of this action. PHH also objects to the extent this request incorporates confidential trade secrets and financial information.

**Supplemental Response:**  PHH does not have any custodial agreements regarding the custody of the promissory note executed by Wagner Jacinto.

**Letter:**  You have not complied with 36.

**Second Letter:**  #36 has not been complied with.  Your client was subpoenaed to provide the custodial agreement regarding the custody of the Plaintiffs' collateral file and promissory note. While PHH may not be the custodian as servicer it has copies of these documents.  This is an attempt to avoid providing these documents by this qualified response without stating that a review of the records has been made.

**Response to Letter:**  The Supplemental Response complied with Request No. 36.  PHH does not have the custodial agreements related to this loan.

**REQUEST NO. 37:**
All documents indicating the custodian of the Plaintiffs' collateral file and promissory note from origination to the present.

**Objection:** The request for "all documents" is overly broad and not proportional to the needs of this action.  PHH objects because this request is vague and ambiguous.

**Response:** No responsive documents are known to exist.

**Letter:**  You have not complied with 37[.]

**Second Letter:** #37 has not been complied with. While PHH may not be the custodian as servicer it has copies of these documents. This is an attempt to avoid providing these documents by this qualified response without stating that a review of the records has been made.

Atlanta | Austin | Boston | Brussels | Chicago | Cincinnati | Dallas | Hartford | Houston | London | Los Angeles
Miami | New Orleans | New York | Newark | Providence | San Francisco | Stamford | Washington DC | West Palm Beach

132353233v.5

John B. Ennis, Esq.
March 27, 2023
Page 24

**Response to Letter:**  We are not aware of a document in PHH's records indicating the "custodian of the Plaintiffs' collateral file and promissory note from origination to the present."  However, in our letter dated March 9, 2022, we informed you that "[t]he original promissory note executed by Wagner Jacinto is being held at offices of the Bank of New York Mellon, 2322 French Settlement Road, Dallas, Texas 75212 as custodian for the owner."  PHH does not have the custodial agreements related to this loan.

**REQUEST NO. 38:**
All documents indicating the status of the Plaintiffs' mortgage loan at the time that Ocwen commenced servicing of the mortgage loan.
**Objection:** The request for "all documents" is overly broad and not proportional to the needs of this action.

**Response:** Documents responsive to this request were produced with PHH's initial disclosures on July 2, 2021.

**Letter:**  You have not complied with 38. You have not provided any such documents, nor have you identified any such documents, which comply with this request in the documents you have provided.

**Response to Letter:**  This request is duplicative of Subpoena Request No. 13.  PHH produced the initial notice of transfer of servicing to Ocwen Loan Servicing LLC, dated August 15, 2011, bates labeled PHHJAC01795 – PHHJAC01799.  The life of loan transaction history was provided on April 22, 2022 as PHHJAC10918 – PHHJAC10950, which indicates the status of Plaintiffs' mortgage loan.  In addition to the documents previously provided, PHH provided the entire loan file from Litton Loan Servicing on May 20, 2022, bates labeled PHHJAC11276 – PHHJAC12318. *See* PHHJAC11863 for the last periodic statement sent by Litton Loan Servicing.

**REQUEST NO. 39:**
All documents indicating any correspondence from Hinshaw Culbertson LLP to Ocwen and Ocwen to Hinshaw Culbertson LLP, regarding any loan modifications signed by Plaintiff and the transmittal of any checks regarding any loan modification payments at any time.

**Objection:** PHH objects to this request because it seeks information protected by the attorney-client privilege.

**Supplemental Response:**  PHH does not have any documents responsive to this request.

**Letter:**  You have not complied with 39.

Atlanta | Austin | Boston | Brussels | Chicago | Cincinnati | Dallas | Hartford | Houston | London | Los Angeles
Miami | New Orleans | New York | Newark | Providence | San Francisco | Stamford | Washington DC | West Palm Beach

132353233v.5

John B. Ennis, Esq.
March 27, 2023
Page 25

**Second Letter:**  # 39 has not been complied with. Your original response was that PHH objects to this request because it seeks information protected by the attorney-client privilege. Now you assert that there is no such correspondence. The original correspondence was with Ocwen Loan Servicing, LLC. PHH Mortgage Corporation is the successor by merger.

**Response to Letter:**  The Supplemental Response complied with Request No. 39.  On review after the Motion to Quash was denied, PHH (successor to Ocwen Loan Servicing, LLC) determined that it does not have any correspondence between Hinshaw Culbertson LLP and Ocwen Loan Servicing, LLC responsive to Request No. 39 in its business records.

**Additional Request in the Letter:**  I had requested that you provide the original promissory note for inspection on several occasions within the scheduling deadlines on March 18, 2021, December 10, 2021, December 14, 2021 and December 16, 2021. You have not responded to my numerous requests for the promissory note. Please advise if you will provide these documents without the necessity of a Court Hearing. This is a good faith attempt to resolve[] this matter without the filing of a Motion to Adjudge your client in contempt. The Court denied the Motion to Quash. Thus these documents should have been provided.

**Response to Additional Request:**  Plaintiffs never propounded a Request for Production of Documents as required by Rule 34.  We previously responded to your emails and requested that you identify any claim raised by the Plaintiffs that relate to the possession of the original promissory note.  As you have been repeatedly reminded by this Court, in Rhode Island the note is not required to proceed with a foreclosure.  *See U.S. Bank, N.A. as Tr. v. Torres,* Case No. 20-cv-227-MSM (D.R.I. Sept. 13, 2021) (*citing Ocwen Loan Servicing, LLC v. Medina*, 247 A.3d 140, 144-45 (R.I. 2021)).  Additionally, neither Defendant has the original promissory note.

Our letter dated March 9, 2022, informed you that "[t]he original promissory note executed by Wagner Jacinto is being held at offices of the Bank of New York Mellon, 2322 French Settlement Road, Dallas, Texas 75212, as custodian for the owner."


Sincerely,

*/s/ Krystle Guillory Tadesse*

Krystle Guillory Tadesse

Atlanta | Austin | Boston | Brussels | Chicago | Cincinnati | Dallas | Hartford | Houston | London | Los Angeles
Miami | New Orleans | New York | Newark | Providence | San Francisco | Stamford | Washington DC | West Palm Beach

132353233v.5

# EXHIBIT C

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

WAGNER JACINTO AND
CESILIA RODRIGUEZ                          :
                                           :
            Plaintiffs,                    :
                                           :
      vs.                                  :        C.A. No. 1:20-cv-00384
                                           :
WILMINGTON TRUST COMPANY AS                :
SUCCESSOR TRUSTEE FOR THE BENEFIT :
OF THE CERTIFICATE HOLDERS OF              :
POPLAR ABS, INC MORTGAGE                   :
PASS-THROUGH CERTIFICATES SERIES           :
2005-C, PHH MORTGAGE CORPORATION :
                                           :
            Defendants.                    :

## DECLARATION OF GINA FEEZER   IN SUPPORT OF
## PHH'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

I, Gina Feezer, being duly sworn, depose and state as follows:

1.      I make this declaration on behalf of Defendant PHH Mortgage Corporation

("PHH").  I hold the position of Senior Loan Analyst at Ocwen Financial Corporation, whose

indirect subsidiary is at PHH Mortgage Corporation ("PHH"), servicer for Wilmington Trust

Company as Successor Trustee for the Benefit of the Certificate Holders of Poplar ABS, Inc.

Mortgage Pass-Through Certificate Series 2005-C.  PHH is the successor by merger to Ocwen

Loan Servicing, LLC ("OLS"), which was also a subsidiary of Ocwen Financial Corporation.  I

have personal knowledge of the matters set forth herein, or alternatively, have ascertained the

information herein provided based upon the business records of OLS, PHH and Plaintiff, and

would be competent to testify thereto.  The information in this declaration is taken from business

records that include physical and electronic records of loan activity, events and transactions (the

1

"Records").    I also have access to any documents and information received from prior loan servicers that are now part of the Records.

2.    In my capacity as Senior Loan Analyst, I am responsible for reviewing certain mortgage loans serviced by PHH, including the mortgage loan at issue in this case.  I have personal knowledge of PHH's procedures creating and maintaining the Records.  It is PHH's custom and practice that such records are: (a) made at or near the time of the occurrence of the matters records; (b) made by persons with personal knowledge of the information in the business record, or from information transmitted by persons with personal knowledge; and (c) kept in the course of PHH's regularly conducted business activities.  I am familiar with and have access to the Records for the subject loan, which I have reviewed to verify the accuracy of this affidavit. The Records include records from prior loan servicers.

3.    I have reviewed the subpoena duces tecum ("Subpoena") that Plaintiffs served on PHH on or about December 30, 2021.

4.    Based on my review of the Subpoena and PHH's responses, I can confirm that all documents in PHH's possession or control that are responsive to the Subpoena have been produced.

5.    It is the custom and practice of PHH that no PHH or Ocwen employee changes the "raw data" when pulled from either REALServicing or Black Knight MSP for production of the servicing notes or transaction history such as those that were produced in response to the Subpoena.

6.    The electronic fields contained in the Stage 5 data on Ocwen's RealServicing platform were copied onto PHH's Black Knight MSP platform in 2019 when Ocwen and PHH merged.  The information in the fields is not altered or changed during this process.

2

7.     The loan file produced pursuant to the Subpoena contains true and accurate copies of the documents produced, without alteration from the original data source, whether stored electronically or otherwise, with the exception of redactions for attorney client privileged communications.

8.     PHH undertook a review of its records and determined that it does not possess any additional communications between itself and Hinshaw & Culbertson, LLP ("Hinshaw") related to loan modifications are requested in Subpoena Request No. 39, outside of redacted attorney client privileged communications from the servicing notes. All supplemental records produced including communications from Hinshaw to Ocwen were received directly from Hinshaw, as contained in their records, and are not contained in Ocwen's records.

9.     PHH's business records do not contain information on the name or business address of the individual who deposited any correspondence related to this matter in the United States mail, therefor that information cannot be provided.

10.     PHH is not the loan custodian and does not possession or control any custodian agreement.

3

Subscribed and sworn to under the pains and penalties of perjury on this 14th day of June 2023, by: Gina Feezer, Senior Loan Analyst

Gina Feezer, Senior Loan Analyst

4