UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| WAGNER JACINTO AND CESILIA RODRIGUEZ : <br> : <br> Plaintiffs, : <br> : <br> vs. : <br> : <br> WILMINGTON TRUST COMPANY AS : <br> SUCCESSOR TRUSTEE FOR THE BENEFIT : <br> OF THE CERTIFICATE HOLDERS OF : <br> POPLAR ABS, INC MORTGAGE : <br> PASS-THROUGH CERTIFICATES SERIES : <br> 2005-C, PHH MORTGAGE CORPORATION : <br> : <br> Defendants. : | C.A. No. 1:20-cv-00384 |

**PHH MORTGAGE CORPORATION'S OBJECTION TO PLAINTIFFS'
MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND FOR SANCTIONS**

Defendant PHH Mortgage Corporation ("PHH" or "Defendant") objects to the *Motion to Compel Production of Documents Subpoenaed and for Sanctions against PHH Mortgage Corporation*. ("Motion") (ECF Nos. 57) filed by plaintiffs Wagner Jacinto and Cesilia Rodriguez ("Plaintiffs") on May 31, 2023. The Motion concerns PHH's response to a subpoena duces tecum ("Subpoena") that Plaintiffs served on December 30, 2021.

PHH responded to the Subpoena initially on January 25, 2022, and served supplemental responses on February 28, 2023, and May 1, 2023. PHH has produced a total of 12,678 pages of responsive documents on July 2, 2021, January 25, 2022, April 22, 2022, May 20, 2022, September 14, 2022, February 28, 2023, and May 1, 2023. In addition, on March 27, 2023, PHH provided a 25-page letter responding to correspondence from Plaintiffs dated February 23, 2023 and March 22, 2023 alleging that PHH had not fully complied with the Subpoena ("March 27 Subpoena

1

Dispute Response"). *See* **Exhibit A** for a copy of the Letters from Plaintiff's Counsel and **Exhibit B** for a copy of the March 27 Subpoena Dispute Response. The March 27 Subpoena Dispute Response detailed PHH's responses to the Subpoena and disputed Plaintiffs' characterization that the production was incomplete. The only documents that were withheld from production as of March 27, 2023 were confidential contracts pending the Court's order on PHH's Motion for Confidentiality Order. Once the Court entered the Confidentiality Order on May 1, 2023, PHH produced the final supplementation the same day, noting in the cover correspondence that the production completed its response to the Subpoena.

Plaintiffs failed to respond to the March 27 Subpoena Dispute Response and delayed bringing the frivolous Motion until over two months later, on the day of a long rescheduled Trial Calendar Call on May 31, 2023, solely and improperly for the purposes of further delay.

## BACKGROUND

PHH's March 27 Subpoena Dispute Response provided an extensive response to Plaintiffs' February 23 and March 22, 2023 letters alleging PHH's failure to comply with the Subpoena. In that response letter, PHH noted that thousands of additional responsive documents had been produced via a secure file transfer site, Box.com, however it did not appear Plaintiffs' counsel had accessed the documents sent after the initial disclosures. Further responses were sent via email on January 29, 2022, September 14, 2022, February 28, 2023 and May 1, 2023. The Motion fails to acknowledge the additional responses provided, and instead files a motion to compel documents provided long ago.

## ARGUMENT

PHH has complied with the Subpoena and will supplement with the requested privilege log for the servicing notes / transaction history of the loan and communications received directly from its counsel, Hinshaw & Culbertson LLP. Contrary to Plaintiffs' allegations, PHH's March 27 Subpoena Dispute Response specifically, request by request, identified the responsive documents to each request, as applicable, by Bates numbers. Plaintiffs complain that too many documents were produced, with over 10,000 pages, but also complain, with no basis, that the full loan servicing file, for a loan that originated nearly 20 years ago, was not produced. PHH has produced all responsive documents in its possession. There are no documents being withheld other than those identified on the privilege log.

    **A.    All Documents in PHH's Possession, Custody or Control Responsive to the Subpoena Have Been Produced.**

PHH has produced all documents responsive to the Subpoena and provides the attached Declaration of Gina Feezer to certify that PHH conducted a search of its files and produced all documents within its possession that are responsive to the original Subpoena. *See* **Exhibit C,** Declaration of Gina Feezer. PHH provides the following responses to each request Plaintiff seeks to further compel.

**REQUEST NO. 1:**
The entire mortgage loan servicing file for Ocwen for the Plaintiff's mortgage loan, including but not limited to all servicing notes, collection notes, recordings of all phone calls, Ocwen or any agent acting on its behalf made to Plaintiffs or to their attorney, and any calls from Plaintiff or their attorney to Ocwen or an agent which Ocwen recorded and all loss mitigation documents or loan modification documents or applications sent to Ocwen by Plaintiffs and all loss mitigation responses sent from Ocwen to Plaintiffs from the time that Ocwen obtained servicing rights until the time when PHH merged with Ocwen and serviced Plaintiffs' mortgage loan.

**RESPONSE:** The entire servicing file was provided on July 2, 2021, as part of PHH's initial disclosures. This initial production included the servicing notes (redacted to protect attorney client

privileged communications), Bates stamped PHHJAC10098 – PHHJAC10317. Additional servicing notes and call logs were provided on April 22, 2022, Bates stamped PHHJAC11240 – PHHJAC11275. The "electronic fields contained on Ocwen's electronic system of record, Real Servicing" were copied into PHH's MSP platform in 2019 and are included in the servicing notes identified in the March 27 Subpoena Dispute Response. The recordings of phone calls were provided on May 20, 2022 and are included on the box.com link provided to Plaintiffs' counsel.

**REQUEST NO. 2:**
The entire mortgage loan servicing file for PHH for the Plaintiff's mortgage loan, including but not limited to all servicing notes, collection notes, recordings of all phone calls, PHH or any agent acting on its behalf made to Plaintiffs or to their attorney, and any calls from Plaintiffs or their attorney to PHH or an agent which PHH recorded and all loss mitigation documents or loan modification documents or applications sent to PHH by Plaintiffs and all loss mitigation responses sent from PHH to Plaintiffs from the time that Ocwen merged with PHH to the present.

**RESPONSE:** As indicated in the response to Request No. 1, the entire servicing file was provided on July 2, 2021. The servicing file included the servicing notes, Bates stamped PHHJAC10098 – PHHJAC10317. Additional servicing notes and call logs were provided on April 22, 2022, Bates stamped PHHJAC11240 – PHHJAC11275. The electronic fields are included in the aforementioned servicing notes. The recordings of phone calls were provided on May 20, 2022 and are included on the box.com link provided to Plaintiffs' counsel. Contrary to the allegations of the Motion, Plaintiff did not request "the electronic fields contained on PHH's electronic system of record, Black Knight Loansphere MSP" in the Subpoena. Notwithstanding the absence of any such request, the electronic fields are included in the servicing notes.

**REQUEST NO. 3:**
An exact reproduction of the life of loan mortgage transactional history for Plaintiffs' loan on the contractual system of record used by any servicer from origination of the loan to December 23, 2021 or the date that you comply with this subpoena, whichever is later. For purposes of identification, the life of loan transactional history means any software program or system by which the servicer records the current mortgage balance, the receipt of all payments, the assessment of any late fees or charges, and the recording of any corporate advances for any fees or charges including but not limited to property inspection fees, broker price opinion fees, legal fees, escrow fees, processing fees, technology fees, or any other collateral charge. Also, to the extent this life of loan transactional history includes in numeric or alpha-numeric codes, please attach a complete list of all such codes and state in plain English a short description for each such code.

**RESPONSE:** Additional account histories were provided on July 2, 2021, Bates stamped PHHJAC00001 – PHHJAC000012, PHHJAC01831 – PHHJAC01843, PHHJAC02803 – PHHJAC02815, PHHJAC04232 – PHHJAC04263, PHHJAC07025 – PHHJAC07037, and PHHJAC10084 – PHHJAC10088. Note that the account histories prepared by Aames Home Loans begin with the origination of the loan, suggesting that Aames was a sub-servicer for Popular Mortgage. On September 14, 2022, PHH provided the account history through September 13,

2022, which complies with the Subpoena. In the March 27 Subpoena Dispute Response, PHH requested that Plaintiffs advise whether they made any payments after September 13, 2022, and if so, PHH would supplement the account history. No response was received.

The Motion claims that PHH failed to provide the loan servicers' electronic system of record, only the reconciliations, and makes the unsubstantiated allegation that the records produced may have been altered from the electronically stored formats. However the raw data format, referenced as the Stage 5 Database, was not requested in the Subpoena.

If the Subpoena requested the "Stage 5 Database" information, PHH would have objected to the request. Responsive documents were previously provided on or about July 2, 2021, Bates stamped PHHJAC10098 – PHHJAC10317. The comments log produced contains the requested "raw data" from Ocwen's Stage 5 database related to this loan. Any additional information from the Stage 5 database that has not already been provided would consist solely of confidential and proprietary information, which PHH would have objected to if it had been requested in the Subpoena. PHH did not edit or remove data, but produced the account histories as they are kept in the ordinary course of business. *See* **Exhibit C**, Declaration of Feezer.

**REQUEST NO. 5:**
All documents on which PHH bases its assertion that the Plaintiffs' mortgage loan was not modified by the modification agreement executed on December 11, 2014 by Ocwen Legal Counsel, Jason A. Fiske, referenced in Plaintiff's Complaint in Exhibit C.

**RESPONSE:** PHH has fully complied with Subpoena Request No. 5 by providing the requested documents. The transaction history for the loan was produced at PHHJAC10918 – PHHJAC10950, with a further updated history for 2022 at PHHJAC12319 – PHHJAC12355.

**REQUEST NO. 9:**
Any documents indicating the principal business of PHH Mortgage Corporation from January 1, 2019 through December 23, 2021.

**RESPONSE:** On January 29, 2022, PHH produced annual reports and quarterly reports filed with the Securities and Exchange Commission labeled PHHJAC10318 – PHHJAC10917, which satisfy Request No. 9 for documents "indicating the principal business" of PHH from January 1, 2019 through December 23, 2021.

Further, on February 28, 2023, PHH produced the annual report for the year ending December 31, 2021, Bates stamped PHHJAC12356 – PHHJAC12608. These documents indicate that Ocwen Financial Corporation is a "non-bank mortgage servicer and originator providing solutions to homeowners, investors and others through its primary operating subsidiary PHH Mortgage Corporation." *See* PHHJAC10330. The documents referred to in the Plaintiffs' March 22, 2023 letter were produced on January 29, 2022 and remain on the box.com link previously provided to Plaintiffs' counsel.

**REQUEST NO. 13:**
All documents indicating the status of Plaintiffs' mortgage loan when Ocwen commenced servicing of the mortgage loan.

**RESPONSE:** The initial notice of transfer of servicing to Ocwen Loan Servicing LLC, dated August 15, 2011, was provided and labeled PHHJAC01795 – PHHJAC01799. The life of loan transaction history was provided on April 22, 2022 as PHHJAC10918 - PHHJAC10950, which indicates the status of Plaintiffs' mortgage loan. In addition to the documents previously provided, PHH provided the entire loan file from Litton Loan Servicing on May 20, 2022, labeled PHHJAC11276 - PHHJAC12318. See PHHJAC11863 for the last periodic statement sent by Litton Loan Servicing.

**REQUEST NO. 14:**
Each Screen and each Report from your electronic system of record which shows all corporate advance transactions for Recoverable Expenses, nonrecoverable expenses and third party recoverable expenses for Plaintiffs' mortgage loan account.

**RESPONSE:** On April 22, 2022, PHH provided the Life of Loan Transaction History (PHHJAC10918 – PHHJAC10950) and invoices for expenses charged to the account (PHHJAC10951 – PHHJAC11130). These invoices were previously produced on July 2, 2021 at PHHJAC01800 – PHHJAC01830, PHHJAC02645 – PHHJAC02728, PHHJAC03905 – PHHJAC03910, PHHJAC06081 – PHHJAC06163, PHHJAC07004 – PHHJAC07011, PHHJAC07681 – PHHJAC07699, PHHJAC08131 – PHHJAC08225, PHHJAC09118 – PHHJAC09148, and PHHJAC09465 – PHHJAC09469.

**REQUEST NO. 15:**
All reports, documents and data which Ocwen used to confirm and verify the accuracy of the principal balance, past due interest and escrow and all corporate advances and fees for Plaintiffs' mortgage loan account when the loan was boarded on Ocwen's electronic system of record, when Ocwen commenced servicing Plaintiffs' mortgage mortgage loan.

**RESPONSE:** On April 22, 2022, PHH provided the Life of Loan Transaction History (PHHJAC10918 – PHHJAC10950) and invoices for expenses charged to the account (PHHJAC10951 – PHHJAC11130). These invoices were previously produced with PHH's initial disclosures on July 2, 2021, at PHHJAC01800 – PHHJAC01830, PHHJAC02645 – PHHJAC02728, PHHJAC03905 – PHHJAC03910, PHHJAC06081 – PHHJAC06163, PHHJAC07004 – PHHJAC07011, PHHJAC07681 – PHHJAC07699, PHHJAC08131 – PHHJAC08225, PHHJAC09118 – PHHJAC09148, and PHHJAC09465 – PHHJAC09469.

Prior account histories were also previously produced with PHH's initial disclosures on July 2, 2021 as PHHJAC00001 – PHHJAC000012, PHHJAC01831 – PHHJAC01843, PHHJAC02803 – PHHJAC02815, PHHJAC04232 – PHHJAC04263, PHHJAC07025 – PHHJAC07037, and PHHJAC10084 – PHHJAC10088.

Each of the above-referenced documents confirm the accuracy of the accounting. PHH has provided all documents in its file responsive to this request.

**REQUEST NO. 16:**
All reports, documents and data which PHH used to confirm and verify the accuracy of the principal balance, past due interest and escrow and all corporate advances and fees for Plaintiff's mortgage loan account when the loan was boarded on PHH's electronic system of record, when PHH merged with Ocwen.

**RESPONSE:** On April 22, 2022, PHH provided the Life of Loan Transaction History (PHHJAC10918 - PHHJAC10950) and invoices for expenses charged to the account (PHHJAC10951 - PHHJAC11130). These invoices were previously provided at PHHJAC01800 – PHHJAC01830, PHHJAC02645 – PHHJAC02728, PHHJAC03905 – PHHJAC03910, PHHJAC06081 – PHHJAC06163, PHHJAC07004 – PHHJAC07011, PHHJAC07681 – PHHJAC07699, PHHJAC08131 – PHHJAC08225, PHHJAC09118 – PHHJAC09148, and PHHJAC09465 – PHHJAC09469. Prior account histories were previously provided with the initial disclosures at account histories were provided on July 2, 2021 as PHHJAC00001 – PHHJAC000012, PHHJAC01831 – PHHJAC01843, PHHJAC02803 – PHHJAC02815, PHHJAC04232 – PHHJAC04263, PHHJAC07025 – PHHJAC07037, and PHHJAC10084 – PHHJAC10088.

Each of the above-referenced documents confirm the accuracy of the accounting. PHH has provided all documents in its file responsive to this request.

**REQUEST NO. 17:**
All data fields which were boarded onto your electronic system of record when the loan servicing was converted from the Realservicing program of Ocwen Loan Servicing onto your electronic system of record.

**RESPONSE:** On April 22, 2022, PHH provided the Life of Loan Transaction History (PHHJAC10918 - PHHJAC10950). Prior account histories were previously provided with the initial disclosures at account histories were provided on July 2, 2021 as PHHJAC00001 – PHHJAC000012, PHHJAC01831 – PHHJAC01843, PHHJAC02803 – PHHJAC02815, PHHJAC04232 – PHHJAC04263, PHHJAC07025 – PHHJAC07037, and PHHJAC10084 – PHHJAC10088. The servicing notes were provided on or about July 2, 2021, Bates stamped PHHJAC10098 – PHHJAC10317.

Request No. 17 does not specifically request "Stage 5 database." If the Subpoena requested the "Stage 5 Database" information, PHH would have objected to the request. Responsive documents were previously provided as set forth above. The comments log produced contains the requested "raw data" from Ocwen's Stage 5 database related to this loan. Any additional information from the Stage 5 database that has not already been provided would consist solely of confidential and proprietary information, which PHH would have objected to if it had been requested in the Subpoena. PHH did not edit or remove data, but produced the account histories

as they are kept in the ordinary course of business. *See* **Exhibit C**, Declaration of Feezer. The account histories show the data fields on the date that the loan was service transferred from Ocwen Loan Servicing to PHH. The data fields contained on Ocwen's electronic system of record, Real Servicing, were copied into PHH's MSP platform in 2019 and are included in the servicing notes identified above.

**REQUEST NO. 18:**
All documents reflecting any loss mitigation for Plaintiffs' mortgage loan account, including Loan Modifications.

**RESPONSE:** Numerous documents relating to loss mitigation have been produced, including PHHJAC00013 – PHHJAC00020, PHHJAC00649 – PHHJAC00656, PHHJAC00693 – PHHJAC01028, PHHJAC01151 – PHHJAC01164, PHHJAC01257 – PHHJAC01427, PHHJAC01458 – PHHJAC01622, PHHJAC03566 – PHHJAC03594, PHHJAC03974 – PHHJAC03986, PHHJAC04636 – PHHJAC04662, PHHJAC06288 – PHHJAC06418, PHHJAC06545 – PHHJAC06850, PHHJAC08226 – PHHJAC08474, PHHJAC08743 – PHHJAC08747, PHHJAC08750 – PHHJAC08762, PHHJAC08826 – PHHJAC08881, PHHJAC-09069 – PHHJAC09083, PHHJAC09149 – PHHJAC09161, PHHJAC09350 – PHHJAC09364, and the servicing notes (specifically pages PHHJAC10187 - PHHJAC10200) which describes the rejection of the 2016 modification because Plaintiffs' checks were returned for insufficient funds.

PHH requested and obtained potentially responsive documents from its counsel, Hinshaw & Culbertson, LLP, which documents were not located in PHH's records. PHH has identified these documents in the accompanying privilege log. In addition, there are attorney client communications in the servicing notes (PHHJAC10098 – PHHJAC10317), which were redacted and are also included on the privilege log.

**REQUEST NO. 19:**
All invoices from any law firms, default service providers, property inspection vendors, property appraisal vendors and all other invoices for any legal fees or corporate advances along with proof of payment.

**RESPONSE:** Numerous invoices have been provided, including invoices from Korde and Associates, Bendett & McHugh, Altisource Solutions, and other providers. *See* PHHJAC01800 – PHHJAC01830, PHHJAC02645 – PHHJAC02728, PHHJAC06081 – PHHJAC06163, PHHJAC07004 – PHHJAC07011, PHHJAC07681 – PHHJAC07699, PHHJAC08131 – PHHJAC08225, PHHJAC09118 – PHHJAC09148, and PHHJAC09465 – PHHJAC09469. PHH has fully complied with Request No. 19.

**REQUEST NO. 20:**
All default letters mailed to Plaintiff by Ocwen or PHH or any entity acting on their behalf, including all records indicating the name, employer, phone number and business address of the person who deposited said Notices in the Unites States mail.

**RESPONSE:** PHH's business records do not appear to show the name, employer, phone number and business address of the person who deposited letters in the United States mail. PHH provided a supplemental response, pursuant to the Confidentiality Order entered on May 1, 2023, providing the Walz Group contracts related to their agreements to providing mailing services to PHH. *See* PHHJAC12609 – PHHJAC12678.

**REQUEST NO. 21:**
All notices which indicate that Plaintiffs' note was accelerated, including all records indicating the name, employer, phone number and business address of the person who deposited said Notices in the United States mail.

**RESPONSE:** PHH's business records do not appear to show the name, employer, phone number and business address of the person who deposited letters in the United States mail. PHH provided a supplemental response, pursuant to the Confidentiality Order entered on May 1, 2023, providing the Walz Group contracts related to their agreements to providing mailing services to PHH. *See* PHHJAC12609 – PHHJAC12678.

**REQUEST NO. 22:**
All R.I.G.L. 34-27-3.1 Notices mailed to Plaintiffs by certified mail and all R.I.G.L. 34-27-3.1 Notices mailed to Plaintiffs by first class regular mail, including all records indicating the name, employer, phone number and business address of the person who deposited said Notices in the United States mail.

**RESPONSE:** PHH's business records do not appear to show the name, employer, phone number and business address of the person who deposited letters in the United States mail. PHH provided a supplemental response, pursuant to the Confidentiality Order entered on May 1, 2023, providing the Walz Group contracts related to their agreements to providing mailing services to PHH. *See* PHHJAC12609 – PHHJAC12678.

**REQUEST NO. 23:**
All R.I.G.L. 34-27-3.2 Notices mailed to Plaintiffs by certified mail and all R.I.G.L. 34-27-3.2 Notices mailed to Plaintiffs by first class regular mail, including all records indicating the name, employer, phone number and business address of the person who deposited said Notices in the United States mail.

**RESPONSE:** PHH's business records do not appear to show the name, employer, phone number and business address of the person who deposited letters in the United States mail. PHH provided a supplemental response, pursuant to the Confidentiality Order entered on May 1, 2023, providing the Walz Group contracts related to their agreements to providing mailing services to PHH. *See* PHHJAC12609 – PHHJAC12678.

**REQUEST NO. 24:**
All R.I.G.L. 34-27-4 Notices mailed to Plaintiffs by certified mail and all R.I.G.L. 34-27-4 Notices mailed to Plaintiffs by first class regular mail, including all records indicating the name,

employer, phone number and business address of the person who deposited said Notices in the United States mail.

**RESPONSE:** PHH's business records do not appear to show the name, employer, phone number and business address of the person who deposited letters in the United States mail. PHH provided a supplemental response, pursuant to the Confidentiality Order entered on May 1, 2023, providing the Walz Group contracts related to their agreements to providing mailing services to PHH. *See* PHHJAC12609 – PHHJAC12678.

**REQUEST NO. 25:**
Any and records of payments made by PHH to RI Housing for any mediation pursuant to R.I.G.L. 34-27-3.2 for Plaintiffs at any time.

**Response:** The Motion alleges that no letters to Rhode Island Housing for Mediation were provided. However no such request was contained in the Subpoena. Request No. 25 only requests "any and [sic] records of payments made by PHH to RI Housing for any mediation." PHH complied with the Request by providing the records of payments in PHH's Servicing Notes at PHHJAC11267 and in PHH's transaction history at PHHJAC10945.

**REQUEST NO. 26:**
Copies of all documents mailed by Rhode Island Housing and Mortgage Finance Corporation ("RI Housing") to PHH regarding any Notice of Mediation pursuant to R.I.G.L. 34-27-3.2 for Plaintiffs at any time.

**RESPONSE:** PHH provided all documents in its possession and no such documents from RI Housing are believed to exist within PHH's records for Plaintiffs' loan.

**REQUEST NO. 27:**
All documents on which you base any affirmative defenses to Plaintiffs' complaint.

**RESPONSE:** This request broadly seeks the production of all documents, not the identity of specific documents. The request has been fully complied with by the production of 12,608 pages of documents. Plaintiff asks for *all documents* that support the defenses, which would consist of all documents being produced in response to the Subpoena.

**REQUEST NO. 28:**
All documents on which you base your denial that the principal business of PHH is the collection of debts.

**OBJECTION:** The request for "all documents" is overly broad and not proportional to the needs of this action. This request is vague because it is not clear what denial is referred to.

**RESPONSE:** The *Motion* alleges PHH failed to provide its financial records. On January 29, 2022, PHH provided annual reports and quarterly reports filed with the Securities and Exchange

Commission labeled PHHJAC10318 – PHHJAC10917. On February 28, 2023, PHH also provided the annual report for the year ending December 31, 2021, bates labeled PHHJAC12356 – PHHJAC12608.

These documents indicate that Ocwen Financial Corporation "is a non-bank mortgage servicer and originator providing solutions to homeowners, investors and others **through its primary operating subsidiary PHH Mortgage Corporation**." *See* PHHJAC10330. Ocwen Financial Corporation records show income from PHH's servicing and origination operations. No documents are being withheld from production due to the objection, but it is maintained because the scope of "all documents" is overly broad. The Motion to Quash did not address Request No. 28, thus there was no order to comply following the Court's denial of the Motion to Quash and PHH is maintaining its objection.

**REQUEST NO. 29**:
All documents on which you base your denial that at the time that Ocwen commenced servicing of Plaintiffs' mortgage loan, that Plaintiffs were in arrears of the mortgage loan.

**RESPONSE**: PHH has completed with the initial request, which did not include a request for RealServicing Records or Stage 5 Database, or the electronic record of any other unrelated entity such as Litton Loan Servicing.

The initial notice of transfer of servicing to Ocwen Loan Servicing LLC, dated August 15, 2011, was provided, Bates stamped PHHJAC01795 – PHHJAC01799. The life of loan transaction history was provided on April 22, 2022, Bates stamped PHHJAC10918 – PHHJAC10950, which indicates the status of Plaintiffs' mortgage loan. In addition to the documents previously provided, PHH provided the entire loan file from Litton Loan Servicing on May 20, 2022, Bates stamped PHHJAC11276 – PHHJAC12318. *See* PHHJAC11863 for the last periodic statement sent by Litton Loan Servicing.

**REQUEST NO. 30**:
All documents which were transferred to Ocwen by the prior servicer when there was a servicing transfer of the loan, including all electronic documents contained on Ocwen's system of record.

**RESPONSE**: PHH provided the entire loan file from Litton Loan Servicing on May 20, 2022, bates stamped PHHJAC11276 – PHHJAC12318.

**REQUEST NO. 31**:
All documents which were transferred to PHH regarding the Plaintiffs' mortgage loan account by Ocwen when PHH merged with Ocwen, including all electronic documents contained on PHH's system of record.

**RESPONSE**: The Motion alleged PHH failed to identify the documents by Bates numbers. This Request, however, broadly demanded all documents transferred from Ocwen to PHH, which include the majority of the 12,608 pages of documents produced to date, which were transferred

11

to PHH by Ocwen Loan Servicing, and all of these documents are currently contained as electronic documents on PHH's system of record. Any document dated prior to June 1, 2019 was transferred from Ocwen to PHH.

**REQUEST NO. 32:**
The names, business addresses and job titles of all persons who confirmed verified the accuracy of Ocwen's RealServicing records regarding Plaintiffs mortgage loan account when the Plaintiffs' mortgage loan was converted from RealServicing and boarded on PHH's electronic system of record.

**OBJECTION:** PHH objects to providing contact information of its employees, who may be contacted through counsel. PHH further objects because the words "confirmed verified the accuracy of" are vague and ambiguous.

**RESPONSE:** PHH copied the documents from RealServicing to PHH's system electronically when PHH and Ocwen merged in 2019. Plaintiff's counsel is well aware of the process, *see, e.g., Defendants' Objection to Motion to Strike Affidavit, Joseph Malouin v. Ocwen Loan Servicing, LLC*, C.A. P.C. 2016-3851 (R.I. Super., July 26, 2022)). It is not clear what information this request seeks with regard to the words "confirmed verified the accuracy of." The Life of Loan Transaction History demonstrates that the electronic copy of information is accurate. *See* PHHJAC10918 – PHHJAC10950. No documents are being withheld from production due to the objection, but it is maintained because the scope of "all documents" is overly broad. The Motion to Quash did not address Request No. 32, thus there was no order to comply following the Court's denial of the motion to quash and PHH is maintaining its objection.

**REQUEST NO. 33:**
The names, business addresses and job titles of all persons who confirmed verified the accuracy of the prior servicer's records regarding the Plaintiffs' mortgage loan account when the Plaintiffs' mortgage loan was boarded onto Ocwen's electronic system of record.

**OBJECTION:** PHH objects to providing contact information of its employees, who may be contacted through counsel. PHH further objects because the words "confirmed verified the accuracy of" are vague and ambiguous.

**RESPONSE:** *See* the response to Request No. 32. Ocwen copied the documents from Litton Loan's system to Ocwen's RealServicing system electronically. It is not clear what information this request seeks with regard to the words "confirmed verified the accuracy of." The Life of Loan Transaction History demonstrates that the electronic copy of information was accurate. *See* PHHJAC10918 – PHHJAC10950. No documents are being withheld from production due to the objection, but it is maintained because the scope of "all documents" is overly broad. The Motion to Quash did not address Request No. 33,thus there was no order to comply following the Court's denial of the motion to quash and PHH is maintaining its objection.

**REQUEST NO. 36:**
Any custodial agreements regarding the custody of the Plaintiffs' collateral file and promissory note from origination to the present.

**RESPONSE:** PHH's Supplemental Response complied with Request No. 36. PHH does not have the custodial agreements related to this loan. The Request demanded a copy of the Custodial Agreement, not the collateral documents themselves. PHH has produced all documents in its possession and identified the custodian if Plaintiff seeks to subpoena that entity. However, PHH has produced copies of the collateral documents including at PHHJAC30-PHHJAC86, PHHJAC1873-1891, PHHJAC95-PHHJAC112, PHHJAC425-PHHJAC461, PHHJAC1137-PHHJAC1150, PHHJAC1894—PHHJAC1975; PHHJAC2614-PHHJAC2644, PHHJAC2731-PHHJAC2802, PHHJAC7933-PHHJAC7966, and PHHJAC9061-PHHJAC9068

**REQUEST NO. 37:**
All documents indicating the custodian of the Plaintiffs' collateral file and promissory note from origination to the present.

**RESPONSE:** PHH provided a letter dated March 9, 2022, informing Plaintiff that "[t]he original promissory note executed by Wagner Jacinto is being held at offices of the Bank of New York Mellon, 2322 French Settlement Road, Dallas, Texas 75212 as custodian for the owner." PHH does not have the custodial agreements related to this loan. However, PHH has produced copies of the collateral documents including at PHHJAC30-PHHJAC86, PHHJAC1873-1891, PHHJAC95-PHHJAC112, PHHJAC425-PHHJAC461, PHHJAC1137-PHHJAC1150, PHHJAC1894—PHHJAC1975, PHHJAC2614-PHHJAC2644, PHHJAC2731-PHHJAC2802, PHHJAC7933-PHHJAC7966, and PHHJAC9061-PHHJAC9068.

**REQUEST NO. 38:**
All documents indicating the status of the Plaintiffs' mortgage loan at the time that Ocwen commenced servicing of the mortgage loan.

**RESPONSE:** This request was duplicative of Subpoena Request No. 13, which PHH fully responded to. PHH produced the initial notice of transfer of servicing to Ocwen Loan Servicing LLC, dated August 15, 2011, bates labeled PHHJAC01795 – PHHJAC01799. The life of loan transaction history was provided on April 22, 2022 as PHHJAC10918 – PHHJAC10950, which indicates the status of Plaintiffs' mortgage loan. In addition to the documents previously provided, PHH provided the entire loan file from Litton Loan Servicing on May 20, 2022, bates stamped PHHJAC11276 – PHHJAC12318. *See* PHHJAC11863 for the last periodic statement sent by Litton Loan Servicing.

**REQUEST NO. 39:**
All documents indicating any correspondence from Hinshaw Culbertson LLP to Ocwen and Ocwen to Hinshaw Culbertson LLP, regarding any loan modifications signed by Plaintiff and the transmittal of any checks regarding any loan modification payments at any time.

**RESPONSE:** PHH's Supplemental Response complied with Request No. 39. On review after the Motion to Quash was denied, PHH (successor to Ocwen Loan Servicing, LLC) determined that it does not have any correspondence between Hinshaw Culbertson LLP and Ocwen Loan Servicing, LLC responsive to Request No. 39 in its business records, outside what has previously been produced. *See* **Exhibit C** Declaration of Feezer. However, PHH has requested Hinshaw review their records and provide any communications to Ocwen. PHH identifies these records in the accompanying privilege log.

      **B.**    **The Attorney-Client Privilege Extends Beyond Work Product in Anticipation of Litigation and Thus Such Communications Were Properly Redacted.**

Plaintiffs claim without basis that the redactions to the comments log, listed by date at Exhibit A of the Motion, were not attorney-client communications and that PHH redacted without a valid reason. As confirmed in the Declaration of Feezer, the redactions were related to communications with legal counsel related to the default and foreclosure process. Those communications are privileged, regardless of whether they were made in preparation for or in anticipation of litigation, as they come under the attorney-client privilege, which is separate from the work-product privilege under Fed. R. Civ. P. 26(b)(3). The work product exception to discovery can be overcome with a sufficient showing the information is necessary for the requesting party, but there is no such exception for attorney-client privileged communications.

"By safeguarding communications between attorney and client, the privilege encourages disclosures that facilitate the client's compliance with law and better enable him to present legitimate arguments when litigation arises." *Lluberes v. Uncommon Productions, LLC*, 663 F. 3d 6, 23 (1st Cir. 2011) (*citing United States v. Mass. Inst. of Tech.*, 129 F.3d 681, 684 (1st Cir. 1997); *Upjohn v. United States*, 449 U.S. 383, 389 (1981)).

Here, PHH engaged Korde and Associates for legal services to assist and provide legal advice regarding the compliance with foreclosure related laws in Rhode Island. Although communications with Korde may not have been in anticipation of any litigation, they were for the

purpose of statutory and contractual compliance in completing a foreclosure. Thus, those communications are subject to the attorney client privilege. PHH also engaged Hinshaw & Culbertson LLP for legal services in connection with complaints lodged by the Plaintiff, and potential resolutions to avoid or settle litigation. All communications related to those engagements are protected by the attorney client privilege and thus all redactions were proper. PHH provides the accompanying privilege log related to the redacted communications.

WHEREFORE, Defendants respectfully request that the Court deny Plaintiffs' Motion and proceed to set this matter for trial.

PHH MORTGAGE CORPORATION AND WILMINGTON TRUST COMPANY AS SUCCESSOR TRUSTEE TO THE BANK OF NEW YORK AS SUCCESSOR TRUSTEE FOR JPMORGAN CHASE BANK, N.A., AS TRUSTEE FOR THE BENEFIT OF THE CERTIFICATEHOLDERS OF POPULAR ABS, INC. MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-C
By Their Attorneys,

*/s/ Krystle G. Tadesse*
Joseph A. Farside, Jr., Esq. (#7559)
Krystle G. Tadesse, Esq. (#7944)
LOCKE LORD LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (fax)
joseph.farside@lockelord.com
krystle.tadesse@lockelord.com

Dated: June 14, 2023

133299022v.3

**CERTIFICATE OF SERVICE**

      I, the undersigned, hereby certify that on the 14th day of June 2023, this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be mailed to those indicated as non-registered participants.

                                                                                      */s/ Krystle G. Tadesse*
                                                                                      Krystle G. Tadesse

133299022v.3